# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>Bostwick Laboratories, Inc.,<br><br>       Debtor. | Chapter 11<br><br>Case No. 17-_____ (___) |
| In re:<br><br>Bostwick Laboratories Holdings, Inc.,<br><br>       Debtor. | Chapter 11<br><br>Case No. 17-_____ (___)<br><br>**Related Docket No.** |

## DEBTORS' MOTION FOR ENTRY OF AN ORDER DIRECTING JOINT ADMINISTRATION OF THE DEBTORS' CHAPTER 11 CASES

The above-captioned debtors and debtors-in-possession (collectively, the "Debtors") file this *Motion for Entry of an Order Directing Joint Administration of the Debtors' Chapter 11 Cases* (the "Motion"). In support hereof, the Debtors respectfully submit the following:

## JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012. This Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue is proper in the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The Debtors confirm their consent pursuant to Rule 9013-1(f) of the *Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware* (the "Local Rules") to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the

parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3.  The bases for the relief requested herein are sections 105(a) and 521 of title 11 of the United States Code (the "Bankruptcy Code"), rule 1007 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), and Local Rules 1001-1(c), 1007-1, and 9013-1(m).

**BACKGROUND**

4.  On March 15, 2017 (the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, thereby commencing the above-captioned bankruptcy cases.

5.  The Debtors operate an independent, full-service anatomic pathology laboratory and are a specialty provider of diagnostic testing services for urologists and gynecologists in the U.S. The Debtors operate a reference laboratory offering a comprehensive suite of anatomic pathology and molecular testing services to independent physicians nationally.

6.  The Debtors continue to operate their business and manage their property as debtors-in-possession pursuant to Bankruptcy Code sections 1107(a) and 1108.

7.  No trustee, examiner, creditors' committee, or other official committee has been appointed in these chapter 11 cases.

8.  Additional information regarding the Debtors and these cases, including the Debtors' business, organizational structure, financial condition, and the reasons for and objectives of these cases, is set forth in the *Declaration of Tammy Hunt in Support of Chapter 11 Petitions and First Day Pleadings* (the "First Day Declaration"), filed contemporaneously herewith and incorporated herein by reference.

## RELIEF REQUESTED

9. By this Motion, the Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"), consolidating the administration of these chapter 11 cases for procedural purposes only.

10. Many, if not virtually all, of the motions, applications, hearings, and orders that will arise in these chapter 11 cases will jointly affect each of the Debtors. For this reason, the Debtors respectfully submit that the interests of the Debtors, their creditors, and other parties in interest would be best served by the joint administration of these chapter 11 cases. In order to optimally and economically administer these chapter 11 cases, such cases should be jointly administered, for procedural purposes only, under the case number assigned to Debtor Bostwick Laboratories Inc.

11. The Debtors also request that the Clerk of the Court maintain one (1) file and one (1) docket for all of these chapter 11 cases, which file and docket shall be the file and docket for Debtor Bostwick Laboratories Inc. In addition, the Debtors propose that the caption of these chapter 11 cases be modified as follows:

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| In re:  Bostwick Laboratories, Inc., *et al.*, [1]  Debtors. | Chapter 11  Case No. 17-_____ (___)  (Jointly Administered) |
|---|---|

[1] The Debtors are the following entities (last four digits of EIN in parentheses): (i) Bostwick Laboratories, Inc., a Delaware corporation (3169); and (ii) Bostwick Laboratories Holdings, Inc., a Delaware corporation (1042). The mailing address for the Debtors is 100 Charles Lindbergh Blvd., Uniondale, NY 11553.

12. The Debtors also seek the Court's direction that a notation, substantially similar to the following proposed docket entry, be entered on the docket of each of the Debtors'

chapter 11 cases, other than the case of Bostwick Laboratories, Inc., to reflect the joint administration of chapter 11 cases:

> An order has been entered in these cases directing the procedural consolidation and joint administration of the chapter 11 cases of Bostwick Laboratories, Inc. and Bostwick Laboratories Holdings, Inc. The docket in Bostwick Laboratories, Inc., Case No. 17-____ should be consulted for all matters affecting the case.

**BASIS FOR RELIEF**

13. Bankruptcy Rule 1015(b) provides for the joint administration of cases involving a debtor and its affiliates that are pending before the same court. FED. R. BANKR. P. 1015(b).

14. In addition, Local Rule 1015-1 provides that the Court may order joint administration of chapter 11 cases to ease the administrative burden on the Court and the parties involved:

> An order of joint administration may be entered, without notice and an opportunity for hearing, upon the filing of a motion for joint administration pursuant to FED. R. BANKR. P. 1015, supported by an affidavit, declaration or verification, which establishes that the joint administration of two or more cases pending in this Court under title 11 is warranted and will ease the administrative burden for the Court and the parties. An order of joint administration entered in accordance with this Local Rule may be reconsidered upon motion of any party in interest at any time. An order of joint administration under this Local Rule is for procedural purposes only and shall not constitute a "substantive" consolidation of the respective debtors' estates.

DEL. BANKR. L.R. 1015-1.

15. An "affiliate" is an "entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor . . . ." 11 U.S.C. 101(2).

16. The Debtors are related. Bostwick Laboratories, Inc.is the wholly owned subsidiary of Bostwick Laboratories Holdings, Inc. Accordingly, the Debtors are "affiliates," as

that term is defined by Bankruptcy Code section 101(2).  Therefore, joint administration of the chapter 11 cases is appropriate under Bankruptcy Rule 1015(b).

17. The Debtors anticipate that notices, applications, motions, other pleadings, hearings, and orders in the chapter 11 cases may affect both of the Debtors.  If each case were administered independently, there would be a number of duplicative pleadings and overlapping service.  This unnecessary duplication of identical documents would be wasteful of the resources of the Debtors' estates, as well as the resources of this Court and of other parties in interest.

18. Joint administration will permit the Clerk of the Court to use a single general docket for all of the cases and to combine notices to creditors and other parties in interest by ensuring that all parties in interest will be able to review one docket to stay apprised of the various matters before the Court regarding both of the cases.

19. Moreover, supervision of the administrative aspects of the Cases by the Office of the United States Trustee for the District of Delaware (the "UST") will be simplified.  Therefore, joint administration will promote the economical and efficient administration of the Debtors' estates to the benefit of the Debtors, their creditors, the UST, and the Court.

20. Joint administration will not give rise to any conflict of interest among the Debtors' estates.  The rights of the Debtors' respective creditors will not be adversely affected by the proposed joint administration because the Debtors will continue as separate and distinct legal entities and will continue to maintain separate books and records.  Each creditor will be required to file a proof of claim against the applicable estate in which it allegedly has a claim or right and will retain whatever claims or rights it has against the particular estate.  The recoveries of all creditors will be enhanced by the reduction in costs resulting from joint administration of the cases.  The Court will also be relieved of the burden of scheduling duplicative hearings, entering duplicative orders, and maintaining redundant files.

21. No administrative or scheduling orders previously entered in these chapter 11 cases will require modification if this Motion is granted. Mailing lists in each of the chapter 11 cases will be consolidated for future noticing requirements.

22. Courts in this jurisdiction have approved relief similar to the relief requested herein. *See, e.g.*, *In re Parallel Energy LP*, No. 15-12263 (KG) (Bankr. D. Del. Nov. 10, 2015) (directing joint administration of chapter 11 cases); *In re Molycorp, Inc.*, No. 15-11357 (CSS) (Bankr. D. Del. June 26, 2015) (same); *In re Quicksilver Res. Inc.*, No. 15-10585 (LSS) (Bankr. D. Del. Mar. 19, 2015) (same); *In re Cal Dive Int'l, Inc.*, No. 15-10458 (CSS) (Bankr. D. Del. Mar. 6, 2015) (same); *In re Entegra Power Grp. LLC*, No. 14-11859 (PJW) (Bankr. D. Del. Aug. 6, 2014) (same); *In re Optim Energy, LLC*, No. 14-10262 (BLS) (Bankr. D. Del. Feb. 12, 2014) (same); *In re Physiotherapy Holdings, Inc.*, No. 13-12965 (KG) (Bankr. D. Del. Nov. 14, 2013) (same).[1]

## WAIVER OF BANKRUPTCY RULE 6004(a) and 6004(h)

23. To implement the foregoing successfully, the Debtors request that the Court enter an order providing that notice of the relief requested herein satisfies Bankruptcy Rule 6004(a) and that the Debtors have established cause to exclude such relief from the 14-day stay period under Bankruptcy Rule 6004(h).

## RESERVATION OF RIGHTS

24. Nothing contained herein is or should be construed as: (a) an admission as to the validity of any claim against the Debtors; (b) a waiver of the Debtors' right to dispute any claim on any ground; (c) a promise or requirement to pay any claim; (d) an admission that any particular claim is of a type specified or defined hereunder; (e) a request to assume any executory

---

[1] Because of the voluminous nature of the orders cited herein, individual orders have not been attached to this Motion. Copies of these Orders are available upon request to the Debtors' proposed counsel.

#43001212 v1

6

contract or unexpired lease; or (f) a waiver of the Debtors' rights under the Bankruptcy Code or any other applicable law.

## NOTICE

25. Notice of this Motion shall be given to: (i) the office of the United States Trustee for the District of Delaware; (ii) those creditors holding the 20 largest unsecured claims on a consolidated basis against the Debtors' estates; (iii) Bank of America, N.A.; and (iv) the debtor-in-possession lender (the "DIP Lender"). As this Motion is seeking "first day" relief, within two business days of the hearing on this Motion, the Debtors will serve copies of this Motion and any order entered in respect to this Motion as required by Local Rule 9013-1(m). The Debtors submit that no other or further notice need be provided.

## NO PRIOR REQUEST

26. No prior motion for the relief requested herein has been made to the Court or any other court.

## CONCLUSION

WHEREFORE, the Debtors respectfully request that the Court enter the Order attached hereto as Exhibit A, granting the relief requested herein and such other and further relief to which the Debtors may be justly entitled.

| | |
|---|---|
| Dated: March 15, 2017<br>Wilmington, Delaware | Respectfully submitted,<br><br>PEPPER HAMILTON LLP<br><br><br>/s/ David B. Stratton<br>David B. Stratton (DE No. 960)<br>Evelyn J. Meltzer (DE No. 4581)<br>John H. Schanne, II (DE No. 5260)<br>Hercules Plaza, Suite 5100<br>1313 N. Market Street |

P.O. Box 1709
Wilmington, DE  19899-1709
Telephone:  (302) 777-6500
Facsimile:  (302) 421-8390

*Proposed Counsel for the Debtors*