**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>Bostwick Laboratories, Inc., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 17-\_\_\_\_\_ (\_\_\_)<br><br>(Joint Administration Requested) |

**APPLICATION FOR AN ORDER APPOINTING DONLIN,
RECANO & COMPANY, INC.,** *NUNC PRO TUNC AS OF THE
PETITION DATE*, **AS CLAIMS AND NOTICING
AGENT FOR THE DEBTORS PURSUANT TO 28 U.S.C. § 156(c)**

The above captioned debtors and debtors-in-possession (collectively, the "Debtors") file this *Application for an Order Appointing Donlin, Recano & Company, Inc., Nunc Pro Tunc as of the Petition Date, as Claims and Noticing Agent for the Debtors Pursuant to 28 U.S.C. § 156(c)* (this "Application"). In support hereof, the Debtors respectfully submit the following: In support hereof, the Debtors respectfully submit the following:

**JURISDICTION AND VENUE**

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012. This Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue is proper in the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. Venue of these Chapter 11 cases and this Motion in this district is proper under 28

---

[1] The Debtors are the following entities (last four digits of EIN in parentheses): (i) Bostwick Laboratories, Inc., a Delaware corporation (3169); and (ii) Bostwick Laboratories Holdings, Inc., a Delaware corporation (1042). The mailing address for the Debtors is 100 Charles Lindbergh Blvd., Uniondale, NY 11553.

U.S.C. §§ 1408 and 1409.

3. The Debtors confirm their consent pursuant to Rule 9013-1(f) of the *Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware* (the "Local Rules") to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

4. The bases for the relief requested herein are 28 U.S.C. § 156(c), Rule 2002 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 2002-1(f).

## BACKGROUND

5. On March 15, 2017 (the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, thereby commencing the above-captioned bankruptcy cases.

6. The Debtors operate an independent, full-service anatomic pathology laboratory and are a specialty provider of diagnostic testing services for urologists and gynecologists in the U.S. The Debtors operate a reference laboratory offering a comprehensive suite of anatomic pathology and molecular testing services to independent physicians nationally.

7. The Debtors continue to operate their business and manage their property as debtors-in-possession pursuant to Bankruptcy Code sections 1107(a) and 1108.

8. No trustee, examiner, creditors' committee, or other official committee has been appointed in these chapter 11 cases.

9. Additional information regarding the Debtors and these cases, including the Debtors' business, organizational structure, financial condition, and the reasons for and objectives of these cases, is set forth in the *Declaration of Tammy Hunt in Support of Chapter 11*

#43046564 v2

*Petitions and First Day Pleadings* (the "First Day Declaration"), filed contemporaneously herewith and incorporated herein by reference.

## RELIEF REQUESTED

10. By this Application, the Debtors request the entry of an order, substantially in the form attached hereto as **Exhibit C**, authorizing and approving the retention and appointment of Donlin, Recano & Company, Inc. ("DRC") to act as the claims and noticing agent in order to assume full responsibility for the distribution of notices and the maintenance, processing and docketing of proofs of claim filed in the Debtors' Cases. The Debtors' selection of DRC to act as the claims and noticing agent has substantially satisfied the Court's *Protocol for the Employment of Claims and Noticing Agents Under 28 U.S.C. § 156(c)*, instituted by the Clerk on February 1, 2012 (the "Claims Agent Protocol").

11. In accordance with the Claims Agent Protocol, prior to the selection of DRC, the Debtors obtained and reviewed engagement proposals from three court-approved claims and noticing agents to ensure selection through a competitive process. The Debtors submit, based on all engagement proposals obtained and reviewed, that DRC's rates are competitive and reasonable given DRC's quality of services and expertise. The terms of retention are set forth in the Standard Claims Administration and Noticing Agreement (the "Engagement Agreement") annexed hereto as **Exhibit B**; *provided, however,* that, at this time, the Debtors are seeking approval solely of the terms and provisions as set forth in this Application and the proposed order attached hereto.

## DRC'S QUALIFICATIONS

12. Although the Debtors have not yet filed their schedules of assets and liabilities, they anticipate that there will be in excess of 200 entities to be noticed. In view of the number of anticipated claimants and the complexity of the Debtors' business, the Debtors submit that the

appointment of a claims and noticing agent is both necessary and in the best interests of both the Debtors' estates and their creditors.

13. DRC has acted as the claims and noticing agent in numerous cases in the United States Bankruptcy Court for this District. *See e.g.*, *In re the Wet Seal, Inc.,et al.,* Case No. 15-10081 (CSS) (Bankr. D. Del. 2015); *In re Longview Power, LLC, et al.,* Case No. 13-12211 (BLS) (Bankr. D. Del. 2013); *In re Rural/Metro Corporation et al.*, Case No. 13-11952 (KJC) (Bankr. D. Del. 2013); *In re Handy Hardware Wholesale, Inc.*, Case No. 13-10060 (MFW) (Bankr. D. Del. 2013); *In re Prommis Holdings, LLC., et al.*, Case No. 13-10551 (BLS) (Bankr. D. Del. 2013); *In re Saab Cars North America, Inc.*, Case No. 12-10344 (CSS) (Bankr. D. Del. 2012); *In re Hussey Copper Corp., et al.*, Case No. 11-13010 (BLS) (Bankr. D. Del. 2011); *In re Townsends, Inc., et al.*, Case No. 10-14092 (CSS) (Bankr. D. Del. 2010); *In re Emivest Aerospace Corporation*, Case No. 10-13391 (MFW) (Bankr. D. Del. 2010); *In re Wolverine Tube, Inc., et al.*, Case No. 10-13522 (PJW) (Bankr. D. Del. 2010); *In re The Penn Traffic Company, et al.*, Case No. 09-14078 (PJW) (Bankr. D. Del. 2009); *In re Butler Services International, Inc., .et al.*, Case No. 09-11914 (KJC) (Bankr. D. Del. 2009); *In re Everything But Water, LLC, et al.*, Case No. 09-10649 (MFW) (Bankr. D. Del. 2009); *In re Lillian Vernon Corporation, et al.*, Case No. 08-10323 (BLS) (Bankr. D. Del. 2008); *In re Hancock Fabrics, Inc., et al.*, Case No. 07-10353 (BLS) (Bankr. D. Del. 2007); *In re Freedom Rings, LLC*, Case No. 05-14268 (CSS) (Bankr. D. Del. 2005).

14. By appointing DRC as the claims and noticing agent in these chapter 11 cases, the distribution of notices and the processing of claims will be expedited, and the Clerk's office will be relieved of the administrative burden of processing what may be a large number of claims.

**SERVICES TO BE RENDERED**

15. This Application pertains only to the work to be performed by DRC under the

Clerk's delegation of duties permitted by 28 U.S.C. § 156(c) and Local Rule 2002-1(f), and any work to be performed by DRC outside of this scope is not covered by this Application or by any Order granting approval hereof. By separate application, the Debtors may seek to retain DRC as their administrative advisor under section 327(a) of the Bankruptcy Code. As it relates to this Application, DRC will perform the following tasks, among others, in its role as claims and noticing agent, as well as all quality control relating thereto:

<ul>
<li>i) Prepare and serve required notices and documents in these Chapter 11 cases in accordance with the Bankruptcy Code and the Bankruptcy Rules in the form and manner directed by the Debtors and/or the Court including: (i) notice of the commencement of these Chapter 11 cases and the initial meeting of creditors under section 341(a) of the Bankruptcy Code; (ii) notice of any claims bar date; (iii) notices of transfers of claims; (iv) notices of objections to claims and objections to transfers of claims; (v) notices of any hearings on a disclosure statement and confirmation of the Debtors' plan or plans of reorganization, including under Bankruptcy Rule 3017(d); (vi) notice of the effective date of any plan; (vii) notice of hearing on motions filed by the Office of the United States Trustee for the District of Delaware (the "<u>U.S. Trustee</u>"); (viii) any motion to convert, dismiss, appoint a trustee, or appoint an examiner filed by the U.S. Trustee's office; and (ix) all other notices, orders, pleadings, publications, and other documents as the Debtors or Court may deem necessary or appropriate for an orderly administration of these Chapter 11 cases.</li>

<li>ii) Maintain copies of all proofs of claim and proofs of interest filed in these Chapter 11 cases;</li>

<li>iii) Maintain an official copy of the Debtors' schedules of assets and liabilities and statement of financial affairs (collectively, the "<u>Schedules</u>"), listing the Debtors' known creditors and the amounts owed thereto;</li>

<li>iv) Maintain (i) a list of all potential creditors, equity holders, and other parties-in-interest; and (ii) a "core" mailing list consisting of all parties described in Bankruptcy Rule 2002 and those parties that have filed a notice of appearance pursuant to Bankruptcy Rule 9010; update said lists and make said lists available upon request by a party-in-interest or the Clerk;</li>

<li>v) Furnish a notice to all potential creditors of the last date for the filing of proofs of claim and a form for the filing of a proof of claim, after such notice and form are approved by the Court, and notify said potential</li>
</ul>

creditors of the existence, amount and classification of their respective claims as set forth in the Schedules, which may be effected by inclusion of such information (or the lack thereof, in cases where the Schedules indicate no debt due to the subject party) on a customized proof of claim form provided to potential creditors;

vi) Maintain a post office box or address for the purpose of receiving claims and returned mail, and process all mail received;

vii) For all notices, motions, orders, or other pleadings or documents served, prepare and file or cause to be filed with the Clerk an affidavit or certificate of service within seven (7) business days of service which includes: (i) either a copy of the notice served or the docket number(s) and title(s) of the pleading(s) served; (ii) a list of persons to whom it was mailed (in alphabetical order) with their addresses; (iii) the manner of service; and (iv) the date served;

viii) Process all proofs of claim received, including those received by the Clerk, and check said processing for accuracy, and maintain the original proofs of claim in a secure area;

ix) Maintain the official claims register for each Debtor (collectively, the "Claims Registers") on behalf of the Clerk; upon the Clerk's request, provide the Clerk with certified, duplicate unofficial Claims Registers; and specify in the Claims Registers the following information for each claim docketed: (i) the claim number assigned; (ii) the date received; (iii) the name and address of the claimant and agent, if applicable, who filed the claim; (iv) the amount asserted; (v) the asserted classification(s) of the claim (e.g., secured, unsecured, priority, etc.); (vi) the applicable Debtor; and (vii) any disposition of the claim;

x) Implement necessary security measures to ensure the completeness and integrity of the Claims Registers and the safekeeping of the original claims;

xi) Record all transfers of claims and provide any notices of such transfers as required by Bankruptcy Rule 3001(e);

xii) Relocate, by messenger or overnight delivery, all of the court-filed proofs of claim to the offices of DRC, not less than weekly;

xiii) Upon completion of the docketing process for all claims received to date for each case, turn over to the Clerk copies of the claims register for the Clerk's review (upon the Clerk's request);

xiv) Monitor the Court's docket for all notices of appearance, address changes,

6

and claims-related pleadings and orders filed and make necessary notations on and/or changes to the claims register;

xv) Assist in the dissemination of information to the public and respond to requests for administrative information regarding the case as directed by the Debtors or the Court, including through the use of a case website and/or call center;

xvi) If these chapter 11 cases are converted to cases under chapter 7, contact the Clerk within three (3) days of the notice to DRC of entry of the order converting these Chapter 11 cases;

xvii) Thirty (30) days prior to the close of these chapter 11 cases, to the extent practicable, request that the Debtors submit to the Court a proposed order dismissing DRC and terminating the services of such agent upon completion of its duties and responsibilities and upon the closing of these Chapter 11 cases;

xviii) Within seven (7) days of notice to DRC of entry of an order closing these chapter 11 cases, provide to the Court the final version of the Claims Register as of the date immediately before the close of these chapter 11 cases; and

xix) At the close of these chapter 11 cases, box and transport all original documents, in proper format, as provided by the Clerk's Office, to (i) the Federal Archives Record Administration, located at Central Plains Region, 200 Space Center Drive, Lee's Summit, MO 64064 or (ii) any other location requested by the Clerk.

xx) The Claims Registers shall be opened to the public for examination without charge during regular business hours and on a case-specific website maintained by DRC.

16. DRC shall not employ any past or present employee of the Debtors for work that involves the Chapter 11 cases.

17. The Debtors respectfully request that the undisputed fees and expenses incurred by DRC in the performance of the above services be treated as administrative expenses of the Debtors' chapter 11 estates pursuant to 28 U.S.C. § 156(c) and 11 U.S.C. § 503(b)(1)(A) and be paid in the ordinary course of business without further application to or order of the Court. DRC agrees to maintain records of all services showing dates, categories of services, fees charged, and

expenses incurred, and to serve monthly invoices on the Debtors, the U.S. Trustee, counsel for the Debtors, counsel for any official committee, if any, monitoring the expenses of the Debtors, and any party-in-interest who specifically requests service of the monthly invoices. If any dispute arises relating to the Engagement Agreement or monthly invoices, the parties shall meet and confer in an attempt to resolve the dispute; if resolution is not achieved, the parties may seek resolution of the matter from the Court.

## **COMPENSATION**

18. Prior to the Petition Date, the Debtors provided DRC a retainer in the amount of $15,000, in connection with prepetition services. DRC seeks to first apply the retainer to all prepetition invoices, thereafter, to have the retainer replenished to the original retainer amount, and thereafter, to hold the retainer under the Engagement Agreement during these chapter 11 cases as security for the payment of fees and expenses under the Engagement Agreement.

## **DISINTERESTEDNESS**

19. In connection with its retention as claims and noticing agent, DRC represents in the Tomforde Declaration, among other things, that:

   i) DRC will not consider itself employed by the United States government and shall not seek any compensation from the United States government in its capacity as the claims and noticing agent in these chapter 11 cases;

   ii) By accepting employment in these chapter 11 cases, DRC waives any right to receive compensation from the United States government in its capacity as the claims and noticing agent in these chapter 11 cases;

   iii) In its capacity as the claims and noticing agent in these chapter 11 cases, DRC will not be an agent of the United States and will not act on behalf of the United States;

   iv) DRC will not employ any past or present employees of the Debtors in connection with its work as the notice and claims agent in these chapter 11 cases; and

#43046564 v2

v) DRC is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code with respect to the matters upon which it is to be engaged.

20. To the extent that there is any inconsistency between this Application, the Retention Order, and the Engagement Agreement, the Retention Order shall govern.

21. This Application complies with the Claims Agent Protocol and conforms to the standard section 156(c) applications used in this district.

## BASIS FOR RELIEF

22. This Application is made pursuant to 28 U.S.C. § 156(c), section 105(a) of the Bankruptcy Code, Local Rule 2002-1(f), and the Claims Agent Protocol for an order appointing DRC as the claims and noticing agent for the Debtors in these chapter 11 cases so that DRC may assume full responsibility for the distribution of notices and the maintenance, processing, and docketing of proofs of claim filed in these Chapter 11 cases.

23. Section 156(c) of title 28 of the United States Code, in relevant part, provides:

> Any court may utilize facilities or services, either on or off the court's premises, which pertain to the provision of notices, dockets, calendars, and other administrative information to parties in cases filed under the provisions of title 11, United States Code, where the costs of such facilities or services are paid for out of the assets of the estate and are not charged to the United States. The utilization of such facilities or services shall be subject to such conditions and limitations as the pertinent circuit council may prescribe.

24. Section 105(a) of the Bankruptcy Code, in relevant part, provides:

> The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, *sua sponte*, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

25. Local Rule 2002-1(f) provides:

> Upon motion of the debtor or trustee, at any time without notice or hearing, the Court may authorize the retention of a notice and/or claims clerk under 28 U.S.C. § 156(c). In all cases with more than 200 creditors or parties in interest listed in the creditor matrix, unless the Court orders otherwise, the debtor shall file such motion on the first day of the case or within seven (7) days thereafter. The notice and/or claims clerk shall comply with the Protocol for the Employment of Claims and Noticing Agents under 28 U.S.C. § 156(c) (which can be found on the Court's website) and shall perform the [claims and noticing services].

26. In accordance with the Claims Agent Protocol, prior to the selection of DRC, the Debtors solicited, reviewed, and compared engagement proposals from three court-approved claims and noticing agents, including DRC, to ensure selection through a competitive process. The Debtors submit, based on the engagement proposals obtained and reviewed, that DRC's rates are competitive and reasonable given DRC's high quality of services and substantial expertise. The terms of DRC's retention are set forth in the Services Agreement; provided, however, that, by this Application, DRC is seeking approval solely of the terms and provisions of the Services Agreement as set forth in this Application and the proposed order.

27. The Debtors anticipate that more than 200 entities will be noticed during the course of these Chapter 11 cases. In view of the number of anticipated claimants and the complexity of the Debtors' business, the Debtors submit that DRC's appointment as the claims and noticing agent is both necessary and in the best interests of the Debtors' estates and their creditors because the Debtors and the Clerk will be relieved of the burdens associated with claims and noticing services. Accordingly, the Debtors will be able to devote their full attention and resources to the administration of these Chapter 11 cases

## **NOTICE**

28. Notice of this Motion shall be given to: (i) the office of the United States Trustee for the District of Delaware; (ii) those creditors holding the 20 largest unsecured claims on a consolidated basis against the Debtors' estates; (iii) Bank of America, N.A.; and (iv) the debtor-

in-possession lender (the "DIP Lender").  As this Motion is seeking "first day" relief, within two business days of the hearing on this Motion, the Debtors will serve copies of this Motion and any order entered in respect to this Motion as required by Local Rule 9013-1(m).  The Debtors submit that no other or further notice need be provided.

## CONCLUSION

WHEREFORE, the Debtors request entry of an order, in the form annexed hereto as **Exhibit C**, authorizing DRC to act as claims and noticing agent for the maintenance and processing of claims and the distribution of notices.

| | |
|---|---|
| Dated: March 15, 2017<br>Wilmington, Delaware | Respectfully submitted,<br><br>PEPPER HAMILTON LLP<br><br>/s/ David B. Stratton<br>David B. Stratton (DE No. 960)<br>Evelyn J. Meltzer (DE No. 4581)<br>John H. Schanne, II (DE No. 5260)<br>Hercules Plaza, Suite 5100<br>1313 N. Market Street<br>P.O. Box 1709<br>Wilmington, DE  19899-1709<br>Telephone:  (302) 777-6500<br>Facsimile:  (302) 421-8390<br><br>*Proposed Counsel for the Debtors* |