# Exhibit C

**PROPOSED ORDER**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Bostwick Laboratories, Inc., *et al.*,[1] | Case No. 17-_____ (___) |
| Debtors. | Related D.I. No. ____ |

## ORDER AUTHORIZING RETENTION AND APPOINTMENT OF DONLIN, RECANO & COMPANY, INC., *NUNC PRO TUNC TO THE PETITION DATE*, AS CLAIMS AND NOTICING AGENT FOR THE DEBTORS PURSUANT TO 28 U.S.C. § 156(c)

Upon consideration of the Application for an Order Appointing Donlin, Recano & Company, Inc., *Nunc Pro Tunc as of the Petition Date*, as Claims and Noticing Agent for the Debtors Pursuant To 28 U.S.C. § 156(c) (the "Application")[2] of the Debtors for an order authorizing the retention and appointment of DRC as claims and noticing agent under 28 U.S.C. §156(c), Bankruptcy Rule 2002, and Local Rule 2002-1(f); and upon the declaration of Roland Tomforde submitted in support of the Application; and upon consideration of the First Day Declaration; and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157, and the Amended Standing Order of Reference from the United States District Court for the District of Delaware dated as of February 29, 2012; and it appearing that venue of these Chapter 11 cases and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that this Court may enter a final order consistent with Article III of the United States Constitution; and good and sufficient notice of the Application having

---

[1] The Debtors are the following entities (last four digits of EIN in parentheses): (i) Bostwick Laboratories, Inc., a Delaware corporation (3169); and (ii) Bostwick Laboratories Holdings, Inc., a Delaware corporation (1042). The mailing address for the Debtors is 100 Charles Lindbergh Blvd., Uniondale, NY 11553.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Application or the First Day Declaration, as applicable.

#43046564 v2

been given; and no other or further notice being required; and it appearing that the employment of DRC is in the best interests of the Debtors, the estates and creditors; and sufficient cause appearing therefor; it is hereby

**ORDERED THAT:**

1. The Application is GRANTED as set forth herein.

2. Notwithstanding the terms of the Engagement Agreement attached to the Application, the Application is approved solely as set forth in this Order.

3. The Debtors are authorized to retain DRC, *nunc pro tunc* as of the Petition Date under the terms of the Engagement Agreement, and DRC is authorized and directed to perform noticing services and to receive, maintain, record and otherwise administer the proofs of claim filed in these chapter 11 cases, and all related tasks, all as described in the Application.

4. DRC shall serve as the custodian of court records and shall be designated as the authorized repository for all proofs of claim filed in these chapter 11 cases and is authorized and directed to maintain official claims registers for each of the Debtors and to provide the Clerk with a certified duplicate thereof upon the request of the Clerk.

5. DRC is authorized and directed to obtain a post office box or address for the receipt of proofs of claim.

6. DRC is authorized to take such other action to comply with all duties set forth in the Application.

7. The Debtors are authorized to compensate DRC in accordance with the terms of the Engagement Agreement upon the receipt of reasonably detailed invoices setting forth the services provided by DRC and the rates charged for each, and to reimburse DRC for all reasonable and necessary expenses it may incur, upon the presentation of appropriate

documentation, without the need for DRC to file fee applications or otherwise seek Court approval for the compensation of its services and reimbursement of its expenses.

8. DRC shall maintain records of all services showing dates, categories of services, fees charged and expenses incurred, and shall serve monthly invoices on the Debtors, the office of the U.S. Trustee, counsel for the Debtors, counsel for any official committee, if any, monitoring the expenses of the Debtors and any party-in-interest who specifically requests service of the monthly invoices.

9. The parties shall meet and confer in an attempt to resolve any dispute which may arise relating to the Engagement Agreement or monthly invoices, and the parties may seek resolution of the matter from the Court if resolution is not achieved.

10. Pursuant to section 503(b)(1)(A) of the Bankruptcy Code, the fees and expenses of DRC under this Order shall be an administrative expense of the Debtors' estates.

11. DRC may apply its retainer to all prepetition invoices, which retainer shall be replenished to the original retainer amount of $15,000, and thereafter, DRC may hold its retainer under the Engagement Agreement during these chapter 11 cases as security for the payment of fees and expenses under the Engagement Agreement.

12. The Debtors shall indemnify DRC under the terms of the Engagement Agreement, provided that DRC shall not be entitled to indemnification, contribution or reimbursement pursuant to the Engagement Agreement for services other than the services provided under the Engagement Agreement, unless such services and the indemnification, contribution or reimbursement therefore are approved by the Court. Notwithstanding any provision in the Engagement Agreement to the contrary, DRC's liability shall not be limited to the total amount of fees billed or received by DRC.

13. Notwithstanding anything to the contrary in the Engagement Agreement, the Debtors shall have no obligation to indemnify DRC, or provide contribution or reimbursement to DRC, for any claim or expense that is either: (i) judicially determined (the determination having become final) to have arisen from DRC's gross negligence, willful misconduct, or fraud; (ii) for a contractual dispute in which the Debtors allege the breach of DRC's contractual obligations if the Court determines that indemnification, contribution or reimbursement would not be permissible pursuant to *In re United Artists Theatre Co., et al.*, 315 F.3d 217 (3d Cir. 2003), or (iii) settled prior to a judicial determination under (i) or (ii), but determined by this Court, after notice and a hearing, to be a claim or expense for which DRC should not receive indemnity, contribution or reimbursement under the terms of the Engagement Agreement as modified by this Order.

14. If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these chapter 11 cases (that order having become a final order no longer subject to appeal), or (ii) the entry of an order closing these chapter 11 cases, DRC believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution and/or reimbursement obligations under the Engagement Agreement (as modified by this Order), including without limitation the advancement of defense costs, DRC must file an application therefore in this Court, and the Debtors may not pay any such amounts to DRC before the entry of an order by this Court approving the payment. This paragraph is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by DRC for indemnification, contribution or reimbursement, and not a provision limiting the duration of the Debtors' obligation to indemnify

#43046564 v2

4

DRC.  All parties in interest shall retain the right to object to any demand by DRC for indemnification, contribution or reimbursement.

15. DRC shall comply with all relevant statutory provisions and rules of procedure, including Local Rules, general orders, and applicable guidelines.

16. In the event DRC is unable to provide the services set out in this order, DRC will immediately notify the Clerk and Debtors' attorneys and cause to have all original proofs of claim and computer information turned over to another claims and noticing agent with the advice and consent of the Clerk and Debtors' attorneys.

17. Debtors' counsel shall notify both the Clerk and DRC within seven (7) days of an order of dismissal or conversion of these chapter 11 cases.

18. At the conclusion of these chapter 11 cases or upon termination of DRC's services, the Debtors must obtain a termination order to terminate the services of DRC.  DRC is responsible for archiving the claims with the Federal Archives Record Administration, if applicable, and the Debtors shall be responsible for payment in connection therewith.

19. The Debtors may submit a separate retention application, pursuant to section 327 of the Bankruptcy Code and/or any applicable law, for work that is to be performed by DRC that is not specifically authorized by this Order.

20. The Debtors and DRC are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

21. Notwithstanding any term in the Engagement Agreement to the contrary, the Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

22. DRC shall not cease providing claims processing services during these Chapter 11 cases for any reason, including nonpayment, without an order of the Court.

23. In the event of any inconsistency between the Engagement Agreement, the Application and this Order, this Order shall govern.

Dated: _____, 2017
      Wilmington, Delaware

                                              _____
                                              UNITED STATES BANKRUPTCY JUDGE