# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Bostwick Laboratories, Inc., *et al.*,[1] | Case No. 17-_____ (___) |
| Debtors. | (Joint Administration Requested) |

**DEBTORS' MOTION FOR ENTRY OF INTERIM
AND FINAL ORDERS AUTHORIZING CONTINUED
USE OF THE DEBTORS' CASH MANAGEMENT SYSTEM**

The above captioned debtors and debtors-in-possession (collectively, the "Debtors") file this *Motion for Entry of Interim and Final Orders Authorizing Continued Use of the Debtors' Cash Management System* (the "Motion"). In support hereof, the Debtors respectfully submit the following:

**JURISDICTION AND VENUE**

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012. This Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue is proper in the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The Debtors confirm their consent pursuant to Rule 9013-1(f) of the *Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware* (the "Local Rules") to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties,

---

[1] The Debtors are the following entities (last four digits of EIN in parentheses): (i) Bostwick Laboratories, Inc., a Delaware corporation (3169); and (ii) Bostwick Laboratories Holdings, Inc., a Delaware corporation (1042). The mailing address for the Debtors is 100 Charles Lindbergh Blvd., Uniondale, NY 11553.

cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3. The bases for the relief requested herein are sections 105, 345, and 363 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 6003 and 6004 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), and Local Rules 2015-2 and 9013-1(m).

## BACKGROUND

4. On March 15, 2017 (the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, thereby commencing the above-captioned bankruptcy cases.

5. The Debtors operate an independent, full-service anatomic pathology laboratory and are a specialty provider of diagnostic testing services for urologists and gynecologists in the U.S. The Debtors operate a reference laboratory offering a comprehensive suite of anatomic pathology and molecular testing services to independent physicians nationally.

6. The Debtors continue to operate their business and manage their property as debtors-in-possession pursuant to Bankruptcy Code sections 1107(a) and 1108.

7. No trustee, examiner, creditors' committee, or other official committee has been appointed in these chapter 11 cases.

8. Additional information regarding the Debtors and these cases, including the Debtors' business, organizational structure, financial condition, and the reasons for and objectives of these cases, is set forth in the *Declaration of Tammy Hunt in Support of Chapter 11 Petitions and First Day Pleadings* (the "First Day Declaration"), filed contemporaneously herewith and incorporated herein by reference.

**RELIEF REQUESTED**

9. By this Motion, the Debtors seek entry of interim and final orders, substantially in the forms attached hereto as **Exhibit A** and **Exhibit B** (respectively, the "Interim Order" and the "Final Order"), authorizing the Debtors to: (a) continue to operate their cash management system; and (b) honor certain prepetition obligations related thereto. In addition, the Debtors request that the Court schedule a final hearing (the "Final Hearing") to consider approval of this Motion on a final basis.

**THE DEBTORS' CASH MANAGEMENT SYSTEM**

10. Prior to commencing these chapter 11 cases, the Debtors managed their cash, receivables, and payables through a cash management system (the "Cash Management System"). The Cash Management System is designed to efficiently collect, transfer, and disburse funds for the Debtors. The Debtors maintain accounting controls with respect to their bank account and are able to accurately trace the funds through their Cash Management System to ensure that all transactions are adequately documented and readily ascertainable. The Debtors will maintain their books and records relating to the Cash Management System to the same extent such books and records were maintained prior to the Petition Date. Therefore, all transfers and transactions will be properly documented, and accurate records of account balances will be maintained. As a result, the Debtors will be able to accurately document and record the transactions occurring within the Cash Management System for the benefit of all parties in interest. The principal components of the Cash Management System are described below.

    A. **Cash Management System**

11. The Cash Management System comprises bank accounts (collectively, the "Bank Accounts") maintained at Bank of America, N.A. (the "Cash Management Bank"). Each Bank Account is described below:

#43012500 v1

a. <u>Master</u>: Account No. xxxxxxxx4535 is an account (the "<u>Master Account</u>") that receives incoming wire payments from the Debtors' revolver with Healthcare Financial Solutions, LLC, a Delaware limited liability company, as successor to General Electric Capital Corporation, as agent (together with its successors and assigns in such capacity, "<u>Agent</u>") and transfers funds out to the Debtors' disbursement accounts.

b. <u>Operating</u>: Account No. xxxxxxxx6800 is an account (the "<u>Operating Account</u>") that receives deposits via automated clearing house ("<u>ACH</u>"), credit cards, and physical deposits from commercial health insurance plan payors and customers. Agent sweeps the total value of the deposits from the Operating Account on a daily basis.

c. <u>Government Receipts</u>: Account No. xxxxxxxx9305 is an account (the "<u>Government Receipts Account</u>") that receives lockbox payments from government payors. Agent sweeps the total value of the deposits from the Government Receipts Account on a daily basis.

d. <u>Disbursement</u>: Account No. xxxxxxxx9318 is an account (the "<u>Disbursement Account</u>") from which the Debtors make all disbursements (including funding of the Payroll Account described below). The Disbursement Account is a zero balance account, which maintains a zero balance and is only funded when a disbursement is to be made. The Disbursement Account also receives miscellaneous receivables, such as vendor refunds and payments for medical records, through physical deposit.

e. <u>Payroll</u>: Account No. xxxxxxxx9321 is an account (the "<u>Payroll Account</u>") that receives transfers from the Disbursement Account to fund payroll obligations. The funds are used to satisfy the Debtors' obligations to its employees via direct debit from

ADP, LLC and Transamerica Corporation. The Payroll Account is a zero balance account, which maintains a zero balance until funded for payroll obligations.

    f. <u>Refund</u>: Account No. xxxxxxxx4346 is an account (the "<u>Refund Account</u>") used to issue any refunds owed by the Debtors to patients.

    g. <u>Medical Receipts</u>: Account No. xxxxxxxx7414 is an account (the "<u>Medical Receipts Account</u>") that is a deposit account that is no longer in use and maintains a zero balance.

    h. <u>Money Market</u>: Account No. xxxxxxxx5279 is an account (the "<u>Money Market</u>") that is a deposit account that is no longer in use and maintains a zero balance.

    i. <u>QC Sciences</u>: Account No. xxxxxxxx7589 is an account (the "<u>QC Sciences</u>") that is a deposit account used solely for the QC Sciences business.

### B. The Bank Fees.

12. In the ordinary course of business, the Debtors' banks debit the Debtors' bank accounts for a number of fees and expenses related to the cost of administering such bank accounts, including, *inter alia*, wire transfers and other fees, costs, and expenses standard for a typical corporate bank account (collectively, the "<u>Bank Fees</u>"). The Bank Fees are debited directly from the Debtors' bank accounts or are paid in connection with wire transfers.

### C. Existing Business Forms and Checks.

13. In the ordinary course of business, the Debtors use pre-numbered checks. In addition, the Debtors maintain pre-printed correspondence and business forms, including, but not limited to, letterhead, envelopes, promotional materials, internal administrative forms and other business forms (collectively, along with the Debtors' checks, the "<u>Business Forms</u>"). To minimize administrative expense and delay, the Debtors request authority to continue to use their

-5-
#43012500 v1

Business Forms substantially in the forms existing immediately prior to the Petition Date, without reference to the Debtors' "Debtors-In-Possession" status.

## BASIS FOR RELIEF

### A. Continued Use of Pre-Existing Bank Accounts and Cash Management System Is Warranted.

14. Pursuant to sections 105 and 363 of the Bankruptcy Code, the Debtors request authority to continue the use of their existing Cash Management System. Requiring the Debtors to adopt new cash management systems and open new bank accounts at the same or different depository institutions at this early and critical stage of these chapter 11 cases would be expensive, impose needless administrative burdens on the Debtors, and would cause undue disruption to the Debtors' operations. Any such disruption would affect the Debtors' ability to maximize estate values for the benefit of creditors and other parties in interest. Moreover, such a disruption would be wholly unnecessary insofar as the continued use of the Bank Accounts and Cash Management System provides a safe, efficient, and established means for the Debtors to maintain and manage their cash.

15. Continuation of the Cash Management System is permitted pursuant to Bankruptcy Code section 363(c)(1), which authorizes the debtor-in-possession to "use property of the estate in the ordinary course of business without notice or a hearing." Additionally, courts in this and other districts have observed that use of an integrated cash management system "allows efficient utilization of cash resources and recognizes the impracticalities of maintaining separate cash accounts for the many different purposes that require cash." *In re Columbia Gas Sys.*, Inc., 136 B.R. 930, 934 (Bankr. D. Del. 1992), *aff'd in part and rev'd in part*, 997 F.2d 1039 (3d Cir. 1993).

16. Bankruptcy courts in this jurisdiction and others have routinely granted authority for a debtor's continued use of its existing cash management procedures and policies. *See e.g.*, *In re Swift Energy Co., et al.*, No. 15-12670 (MFW) (Bankr. D. Del. Jan. 5, 2016) (authorizing continued use of debtors' cash management system); *In re Quicksilver Resources Inc., et al.*, No. 15-10585 (LSS) (Bankr. D. Del July 7, 2015) (same); *In re Optim Energy, LLC, et al.*, No. 14-10262 (BLS) (Bankr. D. Del. Mar. 6, 2014).

17. Accordingly, the Debtors request authority to: (a) maintain and continue to use any or all of their existing Bank Accounts in the names and with the account numbers existing immediately prior to the commencement of the chapter 11 cases; (b) deposit funds in and withdraw funds from any such accounts by all usual means, including wire transfers, automatic clearinghouse transfers, electronic funds transfers, or other debits; and (c) treat their existing account (and any accounts opened post-petition) for all purposes as debtor-in-possession accounts.

18. As set forth above, to ensure that all transfers and transactions will be documented in their books and records, the Debtors will continue to maintain records of all credits and debits within the Cash Management System.

        **B.**     **Continued Use Of Pre-Existing Bank Accounts And Cash Management System Is Warranted.**

19. For similar reasons, the Debtors should be authorized to continue to fund their business and operations by payments made from the Bank Account and should be exempt from certain of the Guidelines established by the United States Trustee for the District of Delaware (the "U.S. Trustee Guidelines"). One provision of the U.S. Trustee Guidelines requires a chapter 11 debtor-in-possession to open new bank accounts and close all existing accounts. This requirement, designed to provide a clear line of demarcation between prepetition and postpetition

claims and payments, helps to protect against the inadvertent payment of prepetition claims by preventing banks from honoring checks drawn before the Petition Date. The U.S. Trustee Guidelines also require that the new bank accounts only be opened in certain financial institutions designated as authorized depositories by the United States Trustee.

20. The Debtors hereby request authority to maintain the Bank Accounts and utilize such accounts pursuant to the existing Cash Management System described above. If the relief requested herein is granted, the Debtors will not pay any debts incurred on their behalf before the Petition Date unless specifically authorized by this Court.

### C. The Debtors Should Be Permitted To Continue Using Existing Business Forms.

21. Local Rule 2015-2(a) does not require the debtors to obtain court approval to continue to use their existing Business Forms without imprinting "DIP" or "Debtors-In-Possession" thereon. Accordingly, and in an abundance of caution, the Debtors request that this Court authorize it to use all correspondence and Business Forms existing immediately before the Petition Date without reference to the Debtors' status as "debtors-in-possession." As of the Petition Date, the Debtors possess stock of Business Forms that they use in the ordinary course of business. Reprinting their Business Forms to indicate that each of the Debtors are a "Debtor-In-Possession" would impose an unnecessary burden and expense on the Debtors. There is little doubt that the parties with whom the Debtors do business will shortly become aware that they are chapter 11 debtors-in-possession. In any event, in accordance with the U.S. Trustee Guidelines and Local Rule 2015-2(a), the Debtors will add such "Debtors-In-Possession" designation and the corresponding bankruptcy number to any checks that they order or create postpetition.

### D. Bank Accounts Comply With The Requirements Of Section 345(b).

22. The Bank Accounts comply with the requirements of Bankruptcy Code section 345(b). The Bank Accounts are maintained at a bank that has executed a Uniform Depository Agreement with, and is designated as an authorized depository by, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee"), pursuant to the U.S. Trustee Guidelines. Likewise, all of the Bank Accounts are FDIC insured. Thus, the Debtors believe that any funds that are deposited in the Bank Accounts are secure. The Debtors submit that because the Cash Management Bank has been authorized by the U.S. Trustee, the Debtors are in compliance with section 345(b) of the Bankruptcy Code and the U.S. Trustee Operating Guidelines. Therefore, the Debtors respectfully submit that cause exists to continue to allow the Debtors to utilize its existing Bank Accounts.

### BANKRUPTCY RULE 6003 IS SATISFIED

23. Bankruptcy Rule 6003 empowers a court to grant relief within the first 21 days after the Petition Date "to the extent that relief is necessary to avoid immediate and irreparable harm." For the reasons discussed above, authorizing the Debtors to (a) continue to operate their Cash Management System and (b) honor certain prepetition obligations related thereto, as well as granting the other relief requested herein, is integral to the Debtors' ability to transition their operations into these chapter 11 cases. Failure to receive such authorization and other relief during the first 21 days of these chapter 11 cases would severely disrupt the Debtors' operations at this critical juncture. For the reasons discussed herein, the relief requested is necessary in order for the Debtors to operate their businesses in the ordinary course and preserve the ongoing value of the Debtors' operations and maximize the value of their estates for the benefit of all stakeholders. Accordingly, the Debtors submit that they have satisfied the "immediate and

irreparable harm" standard of Bankruptcy Rule 6003 to support granting the relief requested herein.

## WAIVER OF BANKRUPTCY RULE 6004(A) AND 6004(H)

24. To implement the foregoing successfully, the Debtors request that the Court enter an order providing that notice of the relief requested herein satisfies Bankruptcy Rule 6004(a) and that the Debtors have established cause to exclude such relief from the 14-day stay period under Bankruptcy Rule 6004(h).

## RESERVATION OF RIGHTS

25. Nothing contained herein is or should be construed as: (a) an admission as to the validity of any claim against the Debtors; (b) a waiver of the Debtors' right to dispute any claim on any ground; (c) a promise or requirement to pay any claim; (d) an admission that any particular claim is of a type specified or defined hereunder; (e) a request to assume any executory contract or unexpired lease; or (f) a waiver of the Debtors' rights under the Bankruptcy Code or any other applicable law.

## NOTICE

26. Notice of this Motion shall be given to: (i) the office of the United States Trustee for the District of Delaware; (ii) those creditors holding the 20 largest unsecured claims on a consolidated basis against the Debtors' estates; (iii) Bank of America, N.A.; and (iv) the debtor-in-possession lender (the "DIP Lender"). As this Motion is seeking "first day" relief, within two business days of the hearing on this Motion, the Debtors will serve copies of this Motion and any order entered in respect to this Motion as required by Local Rule 9013-1(m). The Debtors submit that no other or further notice need be provided.

## NO PRIOR REQUEST

27. No prior motion for the relief requested herein has been made to this Court or any other court.

## CONCLUSION

WHEREFORE, the Debtors respectfully request that the Court enter the Interim Order and Final Order, granting the relief requested herein and such other and further relief to which the Debtors may be justly entitled.

| | |
|---|---|
| Dated: March 15, 2017<br>Wilmington, Delaware | Respectfully submitted,<br><br>PEPPER HAMILTON LLP<br><br>/s/ David B. Stratton<br>David B. Stratton (DE No. 960)<br>Evelyn J. Meltzer (DE No. 4581)<br>John H. Schanne, II (DE No. 5260)<br>Hercules Plaza, Suite 5100<br>1313 N. Market Street<br>P.O. Box 1709<br>Wilmington, DE 19899-1709<br>Telephone: (302) 777-6500<br>Facsimile: (302) 421-8390<br><br>*Proposed Counsel for the Debtors* |

#43012500 v1