# EXHIBIT A

**Proposed Interim Order**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Bostwick Laboratories, Inc., *et al.*,[1] | Case No. 17-_____ (___) |
| Debtors. | (Joint Administration Requested) |
| | **Related Docket No.:** |

## INTERIM ORDER AUTHORIZING THE DEBTORS TO PAY PREPETITION WAGES, COMPENSATION, EMPLOYEE BENEFITS AND OTHER OBLIGATIONS

Upon the *Motion of the Debtors for Entry of Interim and Final Orders Authorizing the Debtors to Pay Prepetition Wages, Compensation, Employee Benefits and Other Associated Obligations* (the "**Motion**")[2] and upon the First Day Declaration; and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware dated as of February 29, 2012; and it appearing that this Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and it appearing that venue of this proceeding and this Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that sufficient notice of the Motion has been given; and it appearing that the relief requested by the Motion is in the best interests of the Debtor's estates; and sufficient cause appearing therefor; it is HEREBY ORDERED THAT:

---

[1] The Debtors are the following entities (last four digits of EIN in parentheses): (i) Bostwick Laboratories, Inc., a Delaware corporation (3169); and (ii) Bostwick Laboratories Holdings, Inc., a Delaware corporation (1042). The mailing address for the Debtors is 100 Charles Lindbergh Blvd., Uniondale, NY 11553.

[2] Capitalized terms not otherwise defined herein shall have the same meanings ascribed to them in the Motion.

1. The Motion is **GRANTED** on an interim basis as set forth herein.

2. Any objections to the Motion that have not been withdrawn or otherwise resolved are hereby **OVERRULED** as to the interim relief granted herein.

3. A final hearing on the Motion shall be held on _____ \_\_\_, 2017 at \_\_\_:\_\_\_ a.m./p.m. prevailing Eastern Time. Any objections or responses to entry of the proposed Final Order shall be filed with the United States Bankruptcy Court for the District of Delaware, 824 Market Street, Third Floor, Wilmington, DE 19801 on or before 4:00 p.m., prevailing Eastern Time, seven days before the Final Hearing and served on the following parties: (a) the Debtors, 100 Charles Lindbergh Blvd., Uniondale, NY 11553, Attn: James P. Carroll; (b) proposed counsel for the Debtors, Pepper Hamilton LLP, Hercules Plaza, Suite 5100, 1313 N. Market Street, Wilmington, DE 19801, Attn: David B. Stratton; (c) the office of the United States Trustee for the District of Delaware, Caleb Boggs Federal Building, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801; and (d) counsel to any statutory committee appointed in these chapter 11 cases. In the event no objections to entry of the Final Order are timely received, the Court may enter the Final Order without need for the Final Hearing.

4. The Debtors are authorized, except to the extent provided in the paragraphs below, to continue to honor, in their discretion, the Employee Obligations.

5. No Employee shall be paid more than the priority amounts set forth in Section 507(a)(4) and (a)(5) of the Bankruptcy Code.

6. The Debtors are authorized, in their discretion, to pay and remit in the ordinary course of business and in accordance with the Debtors' prepetition policies and

programs, prepetition amounts outstanding on account of the Employee Obligations set forth in the Motion, in the amounts set forth below.

7. The Debtors also are authorized, but not directed, to continue to honor all PTO in the ordinary course of business.

8. The Debtors are authorized, but not directed, to continue the following in the ordinary course of business on a postpetition basis, in accordance with the Debtors' prepetition policies and practices and in the Debtor's discretion, and to pay and honor claims related thereto: (a) Employee Wage Obligations; (b) Reimbursable Expenses; (c) Employee Benefit Plans; (d) the Employee Insurance; (e) Workers' Compensation Program; and (e) Employer Taxes and Deductions.

9. During the interim period, the Debtors are authorized, in their discretion, to pay and remit in the ordinary course of business and in accordance with the Debtors' prepetition policies and practices, prepetition amounts outstanding on account of the following Employee Obligations: (a) Prepetition Employee Wage Obligations in an amount not to exceed $520,000 in the aggregate; (b) unpaid Reimbursable Expenses in an amount not to exceed $40,000 in the aggregate; (c) unpaid amounts owed on account of Employee Benefit Plans in an amounts not to exceed $150,000 (d) unpaid amounts with respect to Employee Insurance in an amount not to exceed $22,500; and (e) unpaid amounts with respect to Workers' Compensation Obligations in an amount not to exceed $10,000.

10. The Debtors are authorized, but not directed, to pay all postpetition costs and expenses incidental to payment of the obligations described above, including all administrative and processing costs identified in the Motion in the ordinary course of business.

#42984392 v2

11. In accordance with this Interim Order (or other order of this Court) all applicable banks and other financial institutions are hereby authorized to receive, process, honor, and pay any and all checks and funds transfers evidencing amounts paid by the Debtors pursuant to the Motion, whether presented or issued prior to or after the Petition Date. Such banks and financial institutions are authorized to rely on the representations of the Debtors as to which checks are issued or authorized to be paid pursuant to this Interim Order.

12. Nothing in this Interim Order is authorizing or approving any payment subject to Section 503(c) of the Bankruptcy Code.

13. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Interim Order in accordance with the Motion.

14. The requirements set forth in Bankruptcy Rule 6003(b) are satisfied by the contents of the Motion or are otherwise deemed waived.

15. Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014 or otherwise, this Interim Order shall be immediately effective and enforceable upon its entry.

16. Nothing in this Interim Order shall be deemed: (a) an admission as to the validity of any prepetition claim against a Debtor entity; (b) a waiver of the Debtors' right to dispute any prepetition claim on any grounds; (c) a promise or requirement to pay any prepetition claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Interim Order or the Motion; (e) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law; or (g) a concession by the Debtors that any liens (contractual, common law, statutory, or

otherwise) asserted in connection with the Motion are valid, and the Debtors expressly reserve their rights to contest the extent, validity, or perfection or seek avoidance of all such liens.

17. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: March __, 2017
      Wilmington, Delaware

                                                                                             _____
                                                                                The Honorable _____
                                                                                United States Bankruptcy Judge