# EXHIBIT A

# Proposed Order

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Bostwick Laboratories, Inc., *et al.*,[1] | Case No. 17-_____ (___) |
| Debtors. | (Joint Administration Requested) |
| | **Related Docket No.** |

## ORDER AUTHORIZING THE DEBTORS TO HONOR CERTAIN OBLIGATIONS TO CUSTOMERS AND CONTINUE PREPETITION CUSTOMER PRACTICES IN THE ORDINARY COURSE OF BUSINESS

Upon the Motion[2] filed by the above-referenced debtors and debtors-in-possession (collectively, the "Debtors") for entry of an order (this "Order") authorizing, but not directing, the Debtors, in their business judgment and sole discretion, to honor certain prepetition obligations to customers and payors and to otherwise continue their prepetition customer programs and practices in the ordinary course of business, all as more fully set forth in the Motion; and upon the First Day Declaration; and the Court having jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and that the Court may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that proper and adequate notice of the Motion and hearing thereon has been given and that no other

---

[1] The Debtors are the following entities (last four digits of EIN in parentheses): (i) Bostwick Laboratories, Inc., a Delaware corporation (3169); and (ii) Bostwick Laboratories Holdings, Inc., a Delaware corporation (1042). The mailing address for the Debtors is 100 Charles Lindbergh Blvd., Uniondale, NY 11553.

[2] Capitalized terms used but not otherwise defined herein shall have the meaning set forth in the Motion.

or further notice is necessary; and the Court having found that good and sufficient cause exists for the granting of the relief requested in the Motion after having given due deliberation upon the Motion and all of the proceedings had before the Court in connection with the Motion, it is HEREBY ORDERED THAT:

1. The Motion is **GRANTED** as set forth herein.

2. The Debtors are authorized, but not directed, in their business judgment and sole discretion, to: (a) honor and issue Individual Refunds related to the prepetition period in an aggregate amount not to exceed $245,000; and (b) honor and issue Individual Refunds related to the postpetition period in the ordinary course of business, without further application to the Court.

3. The Debtors are authorized, but not directed, in their business judgment and sole discretion, to: (a) honor and permit Third Party Refunds related to the prepetition period; and (b) honor and permit Third Party Refunds related to the postpetition period in the ordinary course of business, without further application to the Court.

4. The banks and financial institutions on which electronic payment requests made in payment of the prepetition obligations approved herein are authorized to receive, process, honor, and pay all such electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any electronic payment request as approved by this Order.

5. The Debtors are authorized to effect postpetition fund transfer requests, in replacement of any fund transfer requests that are dishonored as a consequence of these chapter 11 cases with respect to prepetition amounts owed in connection with any Individual Refunds or Third Party Refunds.

6. Nothing in this Order shall be deemed: (a) an admission as to the validity of any prepetition claim against a Debtor entity; (b) a waiver of the Debtors' right to dispute any prepetition claim on any grounds; (c) a promise or requirement to pay any prepetition claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Order or the Motion; (e) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law; (g) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) asserted in connection with the Motion are valid, and the Debtors expressly reserve their rights to contest the extent, validity, or perfection or seek avoidance of all such liens or (h) a waiver of the holder of an Individual Refund or Third Party Refund claim to file a proof of claim in these chapter 11 cases to the extent not paid in full through the relief granted pursuant to this Order.

7. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

8. The requirements set forth in Bankruptcy Rule 6003(b) are satisfied by the contents of the Motion or are otherwise deemed waived.

9. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

10. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

11. The Court retains jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: _____, 2017
      Wilmington, Delaware

_____
The Honorable _____
United States Bankruptcy Judge