## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | Chapter 11 |
| Bostwick Laboratories, Inc., *et al.*,[1] | Case No. 17-_____ (___) |
| Debtors. | (Joint Administration Requested) |

## DEBTORS' MOTION FOR ENTRY OF INTERIM AND FINAL
## ORDERS AUTHORIZING THE DEBTORS TO PAY CERTAIN TAXES

The above captioned debtors and debtors-in-possession (collectively, the "Debtors") file this *Motion for Entry of Interim and Final Orders Authorizing the Debtors to Pay Certain Taxes* (the "Motion"). In support hereof, the Debtors respectfully submit the following:

## JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012. This Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The Debtors confirms their consent pursuant to Rule 9013-1(f) of the *Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware* (the "Local Rules") to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

---

[1] The Debtors are the following entities (last four digits of EIN in parentheses): (i) Bostwick Laboratories, Inc., a Delaware corporation (3169); and (ii) Bostwick Laboratories Holdings, Inc., a Delaware corporation (1042). The mailing address for the Debtors is 100 Charles Lindbergh Blvd., Uniondale, NY 11553.

3.	The statutory bases for the relief requested herein are sections 105(a), 363(b), 507(a)(8), and 541 of title 11 of the United States Code (the "Bankruptcy Code"), rule 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 9013-1(m).

## BACKGROUND

4.	On March 15, 2017 (the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, thereby commencing the above captioned bankruptcy cases.

5.	The Debtors operate an independent, full-service anatomic pathology laboratory and are a specialty provider of diagnostic testing services for urologists and gynecologists in the U.S.  The Debtors operate a reference laboratory offering a comprehensive suite of anatomic pathology and molecular testing services to independent physicians nationally.

6.	The Debtors continue to operate their business and manage their property as debtors-in-possession pursuant to Bankruptcy Code sections 1107(a) and 1108.

7.	No trustee, examiner, creditors' committee, or other official committee has been appointed in these chapter 11 cases.

8.	Additional information regarding the Debtors and these cases, including the Debtors' business, organizational structure, financial condition, and the reasons for and objectives of these cases, is set forth in the *Declaration of Tammy Hunt in Support of Chapter 11 Petitions and First Day Pleadings* (the "First Day Declaration"), filed contemporaneously herewith and incorporated herein by reference.

## RELIEF REQUESTED

9.	By this Motion, the Debtors seek entry of interim and final orders, substantially in the forms attached hereto as **Exhibit A** and **Exhibit B** (respectively, the "Interim

Order" and "Final Order"), (i) authorizing, but not directing, the Debtors to pay property, sales and use taxes and commercial activities taxes (collectively, as discussed herein, the "Taxes") to the respective taxing authorities (collectively, the "Authorities")[2] and (ii) authorizing and directing financial institutions to receive, process, honor and pay all related electronic payment requests for payment of the related Taxes, whether issued or presented prior to or after the Petition Date. In addition, the Debtors requests that the Court schedule a final hearing (the "Final Hearing") to consider approval of this Motion on a final basis.

10.     As explained more fully herein, the relief requested should be granted because, *inter alia*, the failure to pay certain Taxes could result in a lien being placed on the Debtors' property and/or unpaid Taxes may result in penalties, the accrual of interest, or both. Accordingly, the failure to pay the Taxes could disrupt the Debtors' operations and negatively impact the Debtors' business. As such, payment of the Taxes is in the best interests of the Debtors' estates.

## THE DEBTORS' TAXES

11.     In the ordinary course of business, and as part of their operations, the Debtors incur obligations to pay Taxes, which are remitted to the applicable Authorities through electronic funds transfers that are processed through their banks and financial institutions. The Debtors pay or remit the Taxes on a monthly, semiannual or annual basis to the respective Authorities.

### A.     Personal Property Taxes

---

[2]     A schedule identifying the Authorities is attached hereto as **Exhibit C**. By this Motion, the Debtors request relief with respect to Taxes payable to all Authorities, regardless of whether such Authority is specifically identified on **Exhibit C**, with the exception of any tax owed to the state of New York based upon the metropolitan commuter transportation mobility tax ("MCTMT"). The Debtors do not seek authority to pay MCTMT by this Motion.

12.     The Debtors own personal property in the states of Virginia and Florida upon which tax obligations accrue (the "Property Taxes").  Property Taxes are assessed and calculated based on a percentage of property value and are paid semiannually in Virginia and annually in Florida.  The Debtors have historically remitted approximately $10,350 in Property Taxes annually.  Failure to pay the Property Taxes in a timely manner may result in the imposition of penalties, as well as liens on the Debtors' personal property.  Accordingly, the Debtors request authority to pay such Property Taxes as they come due in the ordinary course, including any amounts relating to the prepetition period.

**B.      Sales and Use Taxes**

13.     The Debtors remit sales and use taxes (the "Use Taxes") in Virginia, Florida, New York, and Washington.  The Debtors remit their Use Taxes to the states on either a monthly (Virginia, Florida, New York, and Washington) or quarterly (New York) basis.  The Debtors have historically remitted approximately $37,000 in Use Taxes annually.  Failure to pay the Property Taxes in a timely manner may result in the imposition of penalties.  As such, the Debtors request authority to pay such Use Taxes as they come due in the ordinary course, including any amounts relating to the prepetition period.

**C.      Commercial Activity Taxes**

14.     The Debtors incur a commercial activity tax (the "Commercial Activity Taxes") for doing business in Ohio.  The Debtors have historically remitted approximately $4,800 in Commercial Activity Taxes annually.  The Commercial Activity Tax is a quarterly privilege tax imposed by Ohio.  As such, the Debtors request authority to pay such Commercial Activity Taxes as they come due in the ordinary course, including any amounts relating to the prepetition period.

## BASIS FOR RELIEF

### A. Payment of the Taxes is a Sound Exercise of the Debtors' Business Judgment.

15.    Payment of the Taxes is authorized under Bankruptcy Code § 363(b)(1), which permits "[t]he trustee, after notice and a hearing, [to] use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). Under Bankruptcy Code § 363(b), such payment may be authorized where the debtor can articulate a valid business justification. *See, e.g.*, *In re Ionosphere Clubs, Inc.*, 98 B.R. 174, 175 (Bankr. S.D.N.Y. 1989); *In re Montgomery Ward Holding Corp.*, 242 B.R. 147, 153 (D. Del. 1999) (citations omitted); *see also In re Phx. Steel Corp.*, 82 B.R. 334, 335–36 (Bankr. D. Del. 1987). Here, the Debtors' failure to pay the Taxes could have an adverse effect on the Debtors' operations and sale process, as the Authorities could attempt to exercise lien rights or other enforcement actions that would distract from and potentially delay the Debtors' sale process.

16.    Courts in this jurisdiction have authorized payment of prepetition taxes under section 363(b) of the Bankruptcy Code. *See, e.g.*, *In re Molycorp, Inc.*, No. 15-11357 (CSS) (Bankr. D. Del. June 26, 2015) (authorizing the debtors to pay prepetition taxes in the ordinary course of business); *In re Quicksilver Res. Inc.*, No. 15-10585 (LSS) (Bankr. D. Del. Apr. 14, 2015) (same); *In re Cal Dive Int'l, Inc.*, No. 15-10458 (CSS) (Bankr. D. Del. Mar. 27, 2015) (same); *In re Entegra Power Grp. LLC*, No. 14-11859 (PJW) (Bankr. D. Del. Aug. 28, 2014) (same); *In re Energy Future Holdings Corp.*, No. 14-10979 (CSS) (Bankr. D. Del. June 4, 2014) (same); *In re Optim Energy, LLC*, No. 14-10262 (BLS) (Bankr. D. Del. Mar. 6, 2014) (same). The Debtors submit that the present circumstances warrant similar relief in these cases.

17.    Further, payment of the Taxes would be authorized pursuant to Bankruptcy Code § 105(a), which codifies the bankruptcy court's inherent powers and provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to

carry out the provisions of this title." 11 U.S.C. § 105(a); *Mgmt. Tech. Corp. v. Pardo*, 56 B.R. 337, 339 (Bankr. D.N.J. 1985); *In re Unoil*, 948 F. 2d 678, 682 (10th Cir. 1991). A bankruptcy court may use its equitable powers to authorize the payment of prepetition debt when such payment is necessary to facilitate the rehabilitation of the debtor. *See In re Just For Feet, Inc.*, 242 B.R. 821, 824 (D. Del. 1999) (acknowledging that Bankruptcy Code § 105(a) provides the statutory basis for the payment of pre-petition claims as needed to facilitate a successful reorganization).

18.     That the payment of the Taxes is necessary to avoid potential administrative difficulties is unquestionable. If the Taxes are not paid, the Authorities may take precipitous action, including additional state audits, lien filings, and lift stay motions. Only the prompt and regular payment of the Taxes will avoid these and other unnecessary governmental actions.

**B.      Cause Exists to Authorize the Debtors' Financial Institutions to Honor Electronic Funds Transfers.**

19.     The Debtors will pay the amounts described herein in the ordinary course of business by virtue of cash reserves and anticipated access to debtor-in-possession financing. Under the Debtors' existing cash management system, electronic fund or wire transfer requests can be readily identified as relating to an authorized payment with respect to the Taxes. Accordingly, the Debtors believe there is minimal risk that such requests, other than those relating to authorized payments, will be honored inadvertently. Accordingly, all applicable financial institutions should be authorized, when requested by the Debtors, to receive, process, honor, and pay any and all electronic fund or wire transfer requests with respect to the Taxes.

## REQUEST FOR IMMEDIATE RELIEF

20.     Bankruptcy Rule 6003 prohibits the payment of prepetition claims, or the other use of property outside the ordinary course of business, within the first twenty-one days of the chapter 11 cases, except as necessary to prevent immediate and irreparable harm.  FED. R. BANKR. P. 6003.  For the reasons stated previously herein, the Debtors submit that the relief requested is necessary to prevent immediate and irreparable harm to their bankruptcy estates.

21.     As described above, the Debtors believe that, without relief authorizing the Debtors to honor certain prepetition tax obligations, the Debtors may be subjected to audits, liens, and other administrative distractions, which would disrupt the Debtors' operations at this critical juncture.  For the reasons discussed herein, the relief requested is necessary in order for the Debtors to operate their businesses in the ordinary course and preserve the ongoing value of the Debtors' operations and maximize the value of their estates for the benefit of all stakeholders.  Accordingly, the Debtors submit that they have satisfied the "immediate and irreparable harm" standard of Bankruptcy Rule 6003 to support granting the relief requested herein.

## WAIVER OF BANKRUPTCY RULE 6004(a) AND 6004(h)

22.     To successfully implement the foregoing, the Debtors request a waiver of the notice requirements of Bankruptcy Rule 6004(a) and the 14-day stay under Bankruptcy Rule 6004(h).  The exigent nature of the relief sought herein justifies immediate relief, which is necessary for the Debtors to be able to continue to operate their businesses and preserve value in their estates.

## RESERVATION OF RIGHTS

23.     Nothing contained herein is or should be construed as:  (a) an admission as to the validity of any claim against the Debtors; (b) a waiver of the Debtors' right to dispute any claim on any ground; (c) a promise or requirement to pay any claim; (d) an admission that any

particular claim is of a type specified or defined hereunder; (e) a request to assume any executory contract or unexpired lease; or (f) a waiver of the Debtors' rights under the Bankruptcy Code or any other applicable law.

## NOTICE

24.     Notice of this Motion shall be given to:  (i) the office of the United States Trustee for the District of Delaware; (ii) those creditors holding the 20 largest unsecured claims on a consolidated basis against the Debtors' estates; (iii) Bank of America, N.A.; (iv) the debtor-in-possession lender (the "DIP Lender"), and (v) the Authorities.  As this Motion is seeking "first day" relief, within two business days of the hearing on this Motion, the Debtors will serve copies of this Motion and any order entered in respect to this Motion as required by Local Rule 9013-1(m).  The Debtors submit that no other or further notice need be provided.

## NO PRIOR REQUEST

25.     No prior motion for the relief requested herein has been made to this Court or any other court.

#42983151 v1

## <u>CONCLUSION</u>

WHEREFORE, the Debtors respectfully request that the Court enter the Interim Order and Final Order granting the relief requested herein and such other and further relief to which the Debtors may be justly entitled.

Dated: March 15, 2017
Wilmington, Delaware

Respectfully submitted,

PEPPER HAMILTON LLP

/s/ David B. Stratton
David B. Stratton (DE No. 960)
Evelyn J. Meltzer (DE No. 4581)
John H. Schanne, II (DE No. 5260)
Hercules Plaza, Suite 5100
1313 N. Market Street
P.O. Box 1709
Wilmington, DE  19899-1709
Telephone:  (302) 777-6500
Facsimile:  (302) 421-8390

*Proposed Counsel for the Debtors*

#42983151 v1