# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Bostwick Laboratories, Inc., *et al.*,[1] | Case No. 17-_____ (___) |
| Debtors. | (Joint Administration Requested) |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER AUTHORIZING THE DEBTORS TO CONTINUE INSURANCE POLICIES AND PAY RELATED OBLIGATIONS**

The above-captioned debtors and debtors-in-possession (collectively, the "Debtors") file this *Motion for Entry of an Order Authorizing the Debtors to Continue Insurance Policies and Pay Related Obligations* (the "Motion"). In support hereof, the Debtors respectfully submit the following:

## JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012. This Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue is proper in the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The Debtors confirm their consent pursuant to Rule 9013-1(f) of the *Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware* (the "Local Rules") to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the

---

[1] The Debtors are the following entities (last four digits of EIN in parentheses): (i) Bostwick Laboratories, Inc., a Delaware corporation (3169); and (ii) Bostwick Laboratories Holdings, Inc., a Delaware corporation (1042). The mailing address for the Debtors is 100 Charles Lindbergh Blvd., Uniondale, NY 11553.

#42983029 v1

parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3. The bases for the relief requested herein are sections 105(a) and 363(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 6004 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), and Local Rule 9013-1(m).

## BACKGROUND

4. On March 15, 2017 (the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, thereby commencing the above-captioned bankruptcy cases.

5. The Debtors operate an independent, full-service anatomic pathology laboratory and are a specialty provider of diagnostic testing services for urologists and gynecologists in the U.S. The Debtors operate a reference laboratory offering a comprehensive suite of anatomic pathology and molecular testing services to independent physicians nationally.

6. The Debtors continue to operate their business and manage their property as debtors-in-possession pursuant to Bankruptcy Code sections 1107(a) and 1108.

7. No trustee, examiner, creditors' committee, or other official committee has been appointed in these chapter 11 cases.

8. Additional information regarding the Debtors and these cases, including the Debtors' business, organizational structure, financial condition, and the reasons for and objectives of these cases, is set forth in the *Declaration of Tammy Hunt in Support of Chapter 11 Petitions and First Day Pleadings* (the "First Day Declaration"), filed contemporaneously herewith and incorporated herein by reference.

2

**RELIEF REQUESTED**

9. By this Motion, the Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"), authorizing the Debtors to: (a) continue existing insurance coverage entered into prepetition and satisfy payment obligations related thereto; and (b) renew, amend, supplement, extend, or purchase insurance coverage in the ordinary course of business.

**THE DEBTORS' INSURANCE POLICIES**

10. In the ordinary course of business, the Debtors maintain certain insurance policies (collectively, the "Insurance Policies") that are administered by various third-party insurance carriers (collectively, the "Insurance Carriers"). These policies provide coverage for, among other things, the Debtors' general liability, professional liability, automobile, workers' compensation,[2] umbrella, excess, crime, property, cyber and director and officer liability. The aggregate annual premium for the Insurance Policies is approximately $715,000. The Debtors finance certain of the premium obligations through AFCO Insurance Premium Finance ("AFCO") and through Premium Assignment Corporation ("PAC"). The premium finance loans enable the Debtors to spread payments over the course of the year instead of paying the entire premium up front. The Debtors pay approximately $58,000 per month for the Insurance Policies. A schedule of the Insurance Policies, including the name of the Insurance Carrier, the policy number, the term, and the type of policy for each current Insurance Policy, is attached hereto as **Exhibit B**.

11. The Debtors typically obtain the Insurance Policies through their insurance broker USI Insurance Services (the "Insurance Broker"). The Insurance Broker assists

---

[2] Concurrently with the filing of this Motion, the Debtors have also filed a motion seeking authority to satisfy certain obligations relating to prepetition employee wages and benefits, including authority to continue and pay obligations under the workers' compensation coverage.

the Debtors with the procurement and negotiation of the Insurance Policies, enabling the Debtors to obtain Insurance Policies on advantageous terms at competitive rates and in a cost-effective manner. In connection with the Insurance Policies, the Insurance Broker is compensated through commissions from insurers (the "<u>Brokerage Fees</u>") as a flat annual fee or part of the premiums on the Insurance Policies. The Brokerage Fees are typically paid at the time of placement or renewal of an Insurance Policy.

12. Continuation of the Insurance Policies and entry into new insurance is essential to the preservation of the value of the Debtors' business and operations. Moreover, in many instances, insurance coverage is required by the regulations, laws, and contracts that govern the Debtors' commercial activities, including the Office of the United States Trustee's requirement that a debtor maintain adequate coverage given the circumstances of its chapter 11 case. Accordingly, the Debtors request authority to maintain their existing Insurance Policies, pay any obligations related thereto, and enter into new insurance policies in the ordinary course of business.

13. As of the Petition Date, the Debtors do not believe there are any accrued but unpaid obligations, including premium obligations, on account of the Insurance Policies. Nevertheless, out of an abundance of caution, the Debtors seek authority to honor any amounts owed on account of the Insurance Policies in the ordinary course of business to ensure uninterrupted coverage under the Insurance Policies.

<b><u>BASIS FOR RELIEF</u></b>

**A.** **<u>Continuation of the Insurance Policies Is Required.</u>**

14. Section 1112(b)(4)(C) of the Bankruptcy Code provides that "failure to maintain appropriate insurance that poses a risk to the estate or to the public" is "cause" for mandatory conversion or dismissal of a chapter 11 case. 11 U.S.C. § 1112(b)(4)(C). In addition,

in many instances, the coverage provided under the Insurance Policies is required by the regulations, laws, and contracts that govern the Debtors' commercial activities, including the operating guidelines issued by the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee Operating Guidelines").  Given this backdrop, the Debtors believe it is essential to their estates, and consistent with the Bankruptcy Code and the U.S. Trustee Operating Guidelines, that they maintain and continue to make all payments required under their Insurance Policies, and have the authority to supplement, amend, extend, renew, or replace their Insurance Policies as needed, in their judgment, without further order of the Court.

**B.    Payment of the Insurance Obligations in the Ordinary Course of Business Is Warranted.**

15.    Section 363 of the Bankruptcy Code provides, in relevant part, that "[t]he [debtor], after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1).  Under section 363(b), courts in this jurisdiction require only that the debtor "show that a sound business purpose" justifies the proposed use of property. *In re Montgomery Ward Holding Corp.*, 242 B.R. 147, 153 (D. Del. 1999); *see also In re Phx. Steel Corp.*, 82 B.R. 334, 335-36 (Bankr. D. Del. 1987) (requiring "good business reason" for use of property under section 363(b) of the Bankruptcy Code).  Moreover, "[w]here the debtor articulates a reasonable basis for its business decisions (as distinct from a decision made arbitrarily or capriciously), courts will generally not entertain objections to the debtor's conduct."  *In re Johns-Manville Corp.*, 60 B.R. 612, 616 (Bankr. S.D.N.Y. 1986); *see also In re Tower Air, Inc.*, 416 F.3d 229, 238 (3d Cir. 2005) ("Overcoming the presumptions of the business judgment rule on the merits is a near-Herculean task.").

16.    Section 105(a) of the Bankruptcy Code further provides that a court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions

5

of" the Bankruptcy Code, pursuant to the "doctrine of necessity." 11 U.S.C. § 105(a). The "doctrine of necessity" functions in a chapter 11 case as a mechanism by which the bankruptcy court can exercise its equitable power to allow payment of prepetition claims not explicitly authorized by the Bankruptcy Code and further supports the relief requested herein. *See In re Lehigh &New Eng. Ry.*, 657 F.2d 570, 581 (3d Cir. 1981) (holding that a court may authorize payment of prepetition claims if such payment is essential to debtor's continued operation); *see also In re Just for Feet, Inc.*, 242 B.R. 821, 824-25 (D. Del. 1999) (holding that section 105(a) of the Bankruptcy Code "provides a statutory basis for payment of pre-petition claims" under the doctrine of necessity); *In re Columbia Gas Sys., Inc.*, 171 B.R. 189, 191-92 (Bankr. D. Del. 1994) (explaining that the doctrine of necessity is the standard in the Third Circuit for enabling a court to authorize the payment of prepetition claims prior to confirmation of a reorganization plan). Accordingly, pursuant to sections 105(a) and 363(b) of the Bankruptcy Code, this Court may grant the relief requested herein.

17. Paying Insurance Policy-related obligations is warranted under Bankruptcy Code section 363(b) and the doctrine of necessity. Continuation of the Insurance Policies is essential to continuing uninterrupted operations and preserving the value of the Debtors' estates. Failing to maintain the Insurance Policies would impair if not halt the Debtors' ability to operate, resulting in a material adverse effect on the Debtors' businesses and the value of their estates.

18. Courts in this district routinely grant similar relief. *See, e.g., In re Samson Res. Corp.*, Case No. 15-11934 (CSS) (Bankr. D. Del. Oct. 14, 2015); *In re Hercules Offshore, Inc.*, Case No. 15-11685 (KJC) (Bankr. D. Del. Aug. 14, 2015); *In re Milagro Holdings, LLC*, Case No. 15-11520 (KG) (Bankr. D. Del. July 17, 2015); *In re Molycorp, Inc.*, Case No. 15-

11357 (CSS) (Bankr. D. Del. June 26, 2015); *In re Cal Dive Int'l, Inc.*, Case No. 15-10458 (Bankr. D. Del. Mar. 27, 2015).

## RESERVATION OF RIGHTS

19. Nothing contained herein is or should be construed as: (a) an admission as to the validity of any claim against the Debtors; (b) a waiver of the Debtors' right to dispute any claim on any ground; (c) a promise or requirement to pay any claim; (d) an admission that any particular claim is of a type specified or defined hereunder; (e) a request to assume any executory contract or unexpired lease; or (f) a waiver of the Debtors' rights under the Bankruptcy Code or any other applicable law.

## WAIVER OF BANKRUPTCY RULES 6004(A) AND 6004(H)

20. To implement the foregoing successfully, the Debtors request that the Court enter an order providing that notice of the relief requested herein satisfies Bankruptcy Rule 6004(a) and that the Debtors have established cause to exclude such relief from the 14-day stay period under Bankruptcy Rule 6004(h).

## NOTICE

21. Notice of this Motion shall be given to: (i) the office of the United States Trustee for the District of Delaware; (ii) those creditors holding the 20 largest unsecured claims on a consolidated basis against the Debtors' estates; (iii) Bank of America, N.A.; (iv) the debtor-in-possession lender (the "DIP Lender"), and (v) Insurance Carriers, (vi) AFCO, (vii) PAC, and (viii) and Insurance Broker. As this Motion is seeking "first day" relief, within two business days of the hearing on this Motion, the Debtors will serve copies of this Motion and any order entered in respect to this Motion as required by Local Rule 9013-1(m). The Debtors submit that no other or further notice need be provided.

## NO PRIOR REQUEST

7

22. No prior motion for the relief requested herein has been made to this Court or any other court.

## CONCLUSION

WHEREFORE, the Debtors respectfully request that the Court enter the Order, granting the relief requested herein and such other and further relief to which the Debtors may be justly entitled.

Dated: March 15, 2017  
Wilmington, Delaware

Respectfully submitted,

PEPPER HAMILTON LLP

/s/ David B. Stratton
David B. Stratton (DE No. 960)  
Evelyn J. Meltzer (DE No. 4581)  
John H. Schanne, II (DE No. 5260)  
Hercules Plaza, Suite 5100  
1313 N. Market Street  
P.O. Box 1709  
Wilmington, DE  19899-1709  
Telephone:  (302) 777-6500  
Facsimile:  (302) 421-8390

*Proposed Counsel for the Debtors*