**Exhibit A**

Proposed Interim Order

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Bostwick Laboratories, Inc., *et al.*,[1] | Case No. 17-_____ (___) |
| Debtors. | (Joint Administration Requested) |
| | **Related Docket No.: ___** |

## INTERIM ORDER AUTHORIZING PAYMENT OF
## PREPETITION CLAIMS OF CERTAIN CRITICAL VENDORS

Upon the Motion[2] filed by the above-referenced debtors and debtors-in-possession (collectively, the "Debtors") for entry of an order (this "Interim Order") authorizing the Debtors to pay the claims of certain critical vendors (the "Critical Vendor Claims") all as more fully set forth in the Motion; and upon the First Day Declaration; and the Court having jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and that the Court may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that proper and adequate notice of the Motion and hearing thereon has been given and that no other or further notice is necessary; and the Court having found that in the best interests of the estates for the Debtors to have the ability to pay some or all of the Critical Vendor Claims; and the Court having found that good and sufficient cause exists for the granting

---

[1] The Debtors are the following entities (last four digits of EIN in parentheses): (i) Bostwick Laboratories, Inc., a Delaware corporation (3169); and (ii) Bostwick Laboratories Holdings, Inc., a Delaware corporation (1042). The mailing address for the Debtors is 100 Charles Lindbergh Blvd., Uniondale, NY 11553.

[2] Capitalized terms used but not otherwise defined herein shall have the meaning set forth in the Motion.

of the relief requested in the Motion after having given due deliberation upon the Motion and all of the proceedings had before the Court in connection with the Motion, it is HEREBY ORDERED THAT:

1. The Motion is **GRANTED** on an interim basis as set forth herein.

2. Any objections to the Motion that have not been withdrawn or otherwise resolved are hereby **OVERRULED** as to the interim relief granted herein.

3. A final hearing on the Motion shall be held on _____ ___, 2017 at ___:___ a.m./p.m. prevailing Eastern Time. Any objections or responses to entry of the proposed Final Order shall be filed with the United States Bankruptcy Court for the District of Delaware, 824 Market Street, Third Floor, Wilmington, DE 19801 on or before 4:00 p.m., prevailing Eastern Time, seven days before the Final Hearing and served on the following parties: (a) the Debtors, 100 Charles Lindbergh Blvd., Uniondale, NY 11553, Attn: James P. Carroll; (b) proposed counsel for the Debtors, Pepper Hamilton LLP, Hercules Plaza, Suite 5100, 1313 N. Market Street, Wilmington, DE 19801, Attn: David B. Stratton; (c) the office of the United States Trustee for the District of Delaware, Caleb Boggs Federal Building, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801; and (d) counsel to any statutory committee appointed in these chapter 11 cases. In the event no objections to entry of the Final Order are timely received, the Court may enter the Final Order without need for the Final Hearing.

4. The Debtors are authorized, but not directed, in their discretion, to pay some or all of the Critical Vendor Claims, upon such terms and in the manner provided in this Interim Order and the Motion in an aggregate amount not to exceed $200,000.

5. The Debtors shall maintain a matrix summarizing (i) the name of each Critical Vendor paid; (ii) the amount paid to each Critical Vendor on account of its Critical Vendor Claim; and (iii) the type of goods or services provided by that Critical Vendor. This matrix will be provided on a confidential basis upon request to office of the United States Trustee (the "U.S. Trustee"), counsel to the debtor-in-possession lender (the "DIP Lender"), and, if applicable, the attorneys retained by the official committee of unsecured creditors appointed in these chapter 11 cases (the "Committee"). For the avoidance of doubt, the Committee's attorneys will be required to keep the matrix confidential and shall not disclose any of the information in the matrix to anyone, including, but not limited to, any member of the Committee, without prior written consent of the Debtors.

6. If a Critical Vendor has received payment of its Critical Vendor Claim and later refuses to continue supplying goods or services on the terms as were individually agreed to between the Debtors and such Critical Vendor, the Debtors may, in their discretion, declare that (i) the payment of the Critical Vendor's Critical Vendor Claim is a voidable postpetition transfer pursuant to section 549(a) of the Bankruptcy Code that the Debtors may recover in cash or in goods from such Critical Vendor (including by setoff against postpetition obligations); or (ii) the Critical Vendor shall immediately return the payment of its Critical Vendor Claim without giving effect to alleged setoff rights, recoupment rights, adjustments, or offsets of any type whatsoever, and the Critical Vendor Claim shall be reinstated in such an amount so as to restore the Debtors and the Critical Vendor to their original positions as if no payment of the Critical Vendor Claim had been made. For the avoidance of doubt, the Debtors may not exercise the remedies provided for herein without further approval by the Court.

7. Nothing in this Interim Order shall be deemed: (a) an admission as to the validity of any prepetition claim against a Debtor entity; (b) a waiver of the Debtors' right to dispute any prepetition claim on any grounds; (c) a promise or requirement to pay any prepetition claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Interim Order or the Motion; (e) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law; or (g) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) asserted in connection with the Motion are valid, and the Debtors expressly reserve their rights to contest the extent, validity, or perfection or seek avoidance of all such liens.

8. The banks and financial institutions on which electronic payment requests made in payment of the prepetition obligations approved herein are authorized to receive, process, honor, and pay all such electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any electronic payment request as approved by this Interim Order.

9. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

10. The requirements set forth in Bankruptcy Rule 6003(b) are satisfied by the contents of the Motion or are otherwise deemed waived.

11. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order are immediately effective and enforceable upon its entry.

#43077789 v2

12. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Interim Order in accordance with the Motion.

13. The Court retains jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Interim Order.

Dated: March ___, 2017
Wilmington, Delaware

_____
THE HONORABLE [_____]
UNITED STATES BANKRUPTCY JUDGE