**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>Bostwick Laboratories, Inc., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 17-_____ (___)<br><br>(Joint Administration Requested) |

**DEBTORS' MOTION FOR INTERIM AND FINAL ORDERS ESTABLISHING ADEQUATE ASSURANCE PROCEDURES WITH RESPECT TO THE DEBTORS' UTILITY PROVIDERS**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") file this *Motion for Interim and Final Orders Establishing Adequate Assurance Procedures with Respect to the Debtor's Utility Providers* (the "Motion"). In support hereof, the Debtors respectfully submit the following:

**JURISDICTION AND VENUE**

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012. This Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue is proper in the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The Debtors confirm their consent pursuant to Rule 9013-1(f) of the *Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware* (the "Local Rules") to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the

---

[1] The Debtors are the following entities (last four digits of EIN in parentheses): (i) Bostwick Laboratories, Inc., a Delaware corporation (3169); and (ii) Bostwick Laboratories Holdings, Inc., a Delaware corporation (1042). The mailing address for the Debtors is 100 Charles Lindbergh Blvd., Uniondale, NY 11553.

parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3. The bases for the relief requested herein are sections 105(a) and 366 of title 11 the United States Code (the "Bankruptcy Code"), and Local Rule 9013-1(m).

## BACKGROUND

4. On March 15, 2017 (the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, thereby commencing the above-captioned bankruptcy cases.

5. The Debtors operate an independent, full-service anatomic pathology laboratory and are a specialty provider of diagnostic testing services for urologists and gynecologists in the U.S. The Debtors operate a reference laboratory offering a comprehensive suite of anatomic pathology and molecular testing services to independent physicians nationally.

6. The Debtors continue to operate their business and manage their property as debtors-in-possession pursuant to Bankruptcy Code sections 1107(a) and 1108.

7. No trustee, examiner, creditors' committee, or other official committee has been appointed in these chapter 11 cases.

8. Additional information regarding the Debtors and these cases, including the Debtors' business, organizational structure, financial condition, and the reasons for and objectives of these cases, is set forth in the *Declaration of Tammy Hunt in Support of Chapter 11 Petitions and First Day Pleadings* (the "First Day Declaration"), filed contemporaneously herewith and incorporated herein by reference.

**A.    The Utility Companies**

9. The Debtors rely on utility services, including, but not limited to, telephone, internet, gas, electric, waste removal, and water (collectively, the "Utility Services")

provided by their utility companies (the "Utility Companies"), including those identified on **Exhibit A** attached hereto (the "Utility Service List") to operate their business.[2] The Debtors estimate that its average monthly obligations to the Utility Companies on account of services rendered total approximately $86,000.

10. Uninterrupted service from the Utility Companies is essential to maintaining the Debtors' ongoing operations and to preserving value for all interested stakeholders. For the Debtors to preserve the value of their estates, their operations must continue to operate without interruption. Any temporary or permanent discontinuation of utility services could irreparably disrupt the Debtors' business operations and, as a result, diminish recoveries to the Debtors' stakeholders.

B. **The Proposed Adequate Assurance**

11. Section 366(c)(2) of the Bankruptcy Code requires the Debtors to provide the Utility Companies with adequate "assurance of payment" within thirty days of the commencement of these cases to prevent the Utility Companies from altering, refusing or discontinuing service. The Debtors propose to provide "adequate assurance" in two ways.

12. First, the Debtors intend to pay any post-petition obligations to the Utility Companies in a timely fashion in the ordinary course of their business. To that end, the Debtors have budgeted for the payments and will make them in the ordinary course.

13. Second, the Debtors propose to deposit, as adequate assurance of payment, approximately $45,000 into a newly created, segregated, interest-bearing account (the "Adequate

---

[2] For each Utility Company, **Exhibit A** identifies, to the extent known: (i) the name and type of service of the Utility Company and (ii) the address for the Utility Company. The inclusion of any entity on, or any omission of any entity from, Exhibit A is not an admission by the Debtors that such entity is or is not a utility within the meaning of section 366 of the Bankruptcy Code, and the Debtors reserve their rights with respect thereto. In addition, the Debtors are requesting that this Motion apply to all their utility companies, whether or not any given utility company is included on the Utility Service List.

3

Assurance Deposit") within 20 days of the Petition Date. The Adequate Assurance Deposit equals approximately two weeks of the Debtors' estimated utility expenses. The Adequate Assurance Deposit, together with the Debtors' ability to pay for future utility services in the ordinary course of business (collectively, the "Proposed Adequate Assurance"), constitutes sufficient adequate assurance of future payment to the Utility Companies.

## RELIEF REQUESTED

14. By this Motion, the Debtors seek entry of interim and final orders, substantially in the forms attached hereto as **Exhibit A** and **Exhibit B** (respectively, the "Interim Order" and the "Final Order"), authorizing the Debtors to make the Adequate Assurance Deposit to satisfy their obligations to provide adequate assurance to Utility Companies under section 366 of the Bankruptcy Code. The Debtors further request that the Court require any Utility Companies seeking additional assurance to follow the procedures set forth below.

**A.    The Adequate Assurance Procedures**

15. The Debtors propose to adopt and follow the following procedures (the "Adequate Assurance Procedures") to address the right of any Utility Company under section 366(c)(2) of the Bankruptcy Code to seek additional adequate assurance satisfactory to it:

(a) Any Utility Company desiring assurance of future payment for utility service beyond the Proposed Adequate Assurance must serve a request (an "Additional Assurance Request") at the following addresses: (i) the Debtors, 100 Charles Lindbergh Blvd., Uniondale, NY 11553, Attn: James P. Carroll; and (ii) proposed counsel for the Debtors, Pepper Hamilton LLP, Hercules Plaza, Suite 5100, 1313 N. Market Street, Wilmington, DE 19801, Attn: John H. Schanne (collectively, the "Notice Parties").

(b) Any Additional Assurance Request must: (i) be made in writing; (ii) specify the amount and nature of assurance of payment that would be satisfactory to the Utility Company; (iii) set forth the locations for which utility services are provided and the relevant account number(s); (iv) describe any deposits, prepayments or other security currently held by the requesting Utility Company; (v) describe any payment delinquency or irregularity by the Debtors for the

4

postpetition period, if any; and (vi) explain why the requesting Utility Company believes the Proposed Adequate Assurance is not sufficient adequate assurance of future payment.

(c) If an Additional Assurance Request is delivered upon the Notice Parties, the Debtors shall have the greater of (i) twenty-one days from receipt of such Additional Assurance Request or (ii) thirty days from the Petition Date (such greater period, the "Resolution Period") to negotiate with the requesting Utility Company to resolve its Additional Assurance Request. The Resolution Period may be extended by agreement of the Debtors and the applicable Utility Company without application to or approval of the Court.

(d) The Debtors are authorized to resolve, in their discretion, any Additional Assurance Request by mutual agreement with the requesting Utility Company without further order of the Court and, in connection with any such agreement and in their discretion, may provide the requesting Utility Company with alternative adequate assurance of payment including cash deposits, prepayments, or other forms of security, if the Debtors believe such alternative assurance is reasonable.

(e) If the Debtors determine that an Additional Assurance Request is not reasonable and the parties are not able to resolve such request during the Resolution Period, the Debtors will request a hearing before the Court to determine the adequacy of assurances of payment made to the requesting Utility Company (the "Determination Hearing"), pursuant to section 366(c)(3)(A) of the Bankruptcy Code.

(f) Pending the resolution of the Additional Assurance Request at a Determination Hearing, the Utility Company making such a request may not discontinue, alter or refuse service to the Debtors on account of unpaid charges for prepetition services or an alleged lack of adequate assurance of payment.

B. **Modifications to the Utility Service List**

16. If the Debtors identify additional Utility Companies—or determine that a company was improperly designated as a utility—the Debtors seek authority, in their discretion, to add or remove parties from the Utility Service List. The Debtors promptly will serve on any Utility Company that is subsequently added to the Utility Service List (a "Subsequently Added Utility") a copy of the Court's order regarding Utility Services, including the Adequate Assurance Procedures, and will increase the Adequate Assurance Deposit by an amount equal to

two weeks of the Debtors' average cost of services from the Subsequently Added Utility. For any Utility Company that is subsequently removed from the Utility Service List, the Debtors will decrease the Adequate Assurance Deposit by an amount equal to two weeks of the Debtors' average cost of services from the removed Utility Company.

17. Upon receipt of an Additional Assurance Request, the Debtors shall then have the Resolution Period to resolve any Subsequently Added Utility's Additional Assurance Request by mutual agreement without further order of this Court, or to schedule a Determination Hearing with this Court. The Debtors request that the terms of any order approving this Motion, and the Adequate Assurance Procedures set forth therein, apply to any Subsequently Added Utility. The Debtors further request that all Utility Companies, including Subsequently Identified Utilities, be prohibited from altering, refusing or discontinuing utility services to the Debtors absent further order of this Court.

**BASIS FOR RELIEF**

18. Pursuant to section 366(c)(2) of the Bankruptcy Code, a utility may not alter, refuse or discontinue a chapter 11 debtor's utility service if the utility receives from the debtor adequate "assurance of payment" within thirty days of the commencement of the debtor's chapter 11 cases.[3] The policy underlying section 366 of the Bankruptcy Code is to protect a

---

[3] There is an apparent discrepancy between subsections (b) and (c) of section 366 of the Bankruptcy Code because these two subsections set forth different time periods during which a utility is prohibited from altering, refusing or discontinuing utility service. Specifically, section 366(b) of the Bankruptcy Code allows a utility to alter, refuse or discontinue service "if neither the trustee nor the debtor, *within 20 days* after the date of the order for relief, furnishes adequate assurance of payment," while section 366(c)(2) of the Bankruptcy Code allows a utility in "a case filed under chapter 11" to alter, refuse or discontinue service to a chapter 11 debtor "if *during the 30-day period* beginning on the date of the filing of the petition, the utility does not receive from the debtor or the trustee adequate assurance of payment for utility service ...." (emphases added). Under the statutory construction *canon lex specialis derogat legi generali* ("specific language controls over general"), the language of section 366(c)(2) controls here because the Debtors are chapter 11 debtors. See 3 Collier on Bankruptcy § 366.03 [2] (Alan N. Resnick &Henry J. Sommer eds., 16th ed.) ("It is unclear how the 30-day period [in section 366(c)(2) of the Bankruptcy Code] meshes with the normal 20-day period in section 366(b). The better view is that, because section 366(c) is more specifically applicable to chapter 11 cases, the 30-day period, rather than the 20-day period in section 366(b), should apply.").

debtor from utility service cutoffs upon the filing of a bankruptcy case, while at the same time providing utility companies with adequate "assurance of payment" for postpetition utility service. See H.R. Rep. No. 95-595, at 350 (1978), reprinted in 1978 U.S.C.C.A.N. 5963.

19. Section 366(c)(1) of the Bankruptcy Code defines "assurance of payment" to mean several enumerated forms of security *(e.g.,* cash deposits, letters of credit, prepayment for utility service) while excluding from the definition certain other faults of security *(e.g.,* administrative expense priority for a utility's claim). In addition, section 366(c)(3)(B) of the Bankruptcy Code provides that a court may not consider certain facts, such as a debtor's prepetition history of making timely payments to a utility, in making a determination of adequate assurance of payment.

20. Section 366(c) of the Bankruptcy Code clarifies what does and does not constitute "assurance of payment" and what can be considered in determining whether such assurance is adequate; however, Congress, in enacting that section, did not divest the Court of its power to determine what amount, if any, is necessary to provide adequate assurance of payment to a Utility Company. Indeed, section 366(c) of the Bankruptcy Code not only fails to establish a minimum amount of adequate "assurance of payment," but explicitly empowers the Court to determine the appropriate level of adequate assurance required in each case and permits a party in interest to request modification of the amount of adequate assurance after notice and a hearing. *See 11 U.S.C. §* 366(c)(3)(A) ("On request of a party in interest and after notice and a hearing, the court may order modification of the amount of an assurance of payment....").

21. There is nothing within section 366 of the Bankruptcy Code that prevents a court from ruling that, on the facts before it, the amount required to adequately assure future payment to a utility company is nominal, or even zero. Prior to the enactment of section 366(c)

of the Bankruptcy Code, courts enjoyed precisely the same discretion to make such rulings pursuant to section 366(b) of the Bankruptcy Code, and frequently did. *See Virginia Elec. & Power Co. v. Caldor, Inc.— NY,* 117 F.3d 646, 650 (2d Cir. 1997) ("Even assuming that 'other security' should be interpreted narrowly, we agree with the appellees that a bankruptcy court's authority to 'modify' the level of the 'deposit or other security,' provided for under § 366(b), includes the power to require no 'deposit or other security' where none is necessary to provide a utility supplier with 'adequate assurance of payment.'").

22. Moreover, the Bankruptcy Code only requires that the assurance of payment be "adequate." Courts construing section 366(b) of the Bankruptcy Code have long recognized that "adequate" assurance of payment does not constitute an absolute guarantee of the debtor's ability to pay. *See, e.g., In re Caldor, Inc.— NY,* 199 B.R. 1, 3 (S.D.N.Y. 1996) ("Section 366(b) requires [a] [b]ankruptcy [c]ourt to determine whether the circumstances are sufficient to provide a utility with 'adequate assurance' of payment. The statute does not require an 'absolute guarantee of payment.') (citation omitted), *aff'd sub nom. Virginia Elec. & Power Co. v. Caldor, Inc. — NY,* 117 F.3d 646 (2d Cir. 1997); *In re Adelphia Bus. Solutions, Inc.,* 280 B.R, 63, 80 (Bankr, S.D.N.Y. 2002) (same); *Steinebach v. Tucson Elec. Power Co. (In re Steinebach),* 303 B.R. 634, 641 (Bankr. D. Ariz. 2004) ("Adequate assurance of payment is not, however, absolute assurance . . . all § 366(b) requires is that a utility be protected from an unreasonable risk of non-payment,"); *In re Penn Jersey Corp.,* 72 B.R. 981, 982 (Bankr. E.D. Pa. 1987) (stating that section 366(b) of Bankruptcy Code "contemplates that a utility receive only such assurance of payment as is sufficient to protect its interests given the facts of the debtor's financial circumstances").[4] Therefore, despite its language allowing a utility to take

---

[4] Courts have recognized that "[i]n deciding what constitutes 'adequate assurance' in a given case, a bankruptcy

adverse action against the debtor should the debtor fail to provide adequate assurance of future payment "satisfactory to the utility," section 366 of the Bankruptcy Code does not require that the assurance provided be "satisfactory" once a debtor seeks to have a court determine the appropriate amount of adequate assurance.

23. The Debtors submit that the entry of interim and final orders approving this Motion is consistent with, and fully satisfies, the requirements of section 366 of the Bankruptcy Code. The Debtors propose to (i) place a cash deposit into an account for the Utility Companies' benefit, and (ii) establish procedures pursuant to which the Utility Companies can seek greater or different security. Such assurance of payment should significantly alleviate, if not eliminate, any concern of non-payment on the part of the Utility Companies, and is thus "adequate."

24. Similar relief has been granted in other cases in this District. *See, e.g., In re Variant Holding Company,* LLC, No. 14-12021 (BLS) (Bankr. D. Del. Jan. 19, 2016); *In re Deb Stores Holding LLC,* No. 14-12676 (KG) (Bankr. D. Del. Dec. 5, 2014); In *re Old FENM, Inc.,* Case No. 13-12569 (KJC) (Bankr. D. Del. Oct. 23, 2013) (ordering that the debtors shall deposit approximately two weeks of their average utility liabilities into a segregated account); *In re MSD Performance, Inc.,* Case No. 13-12286 (PJW) (Bankr. D. Del. Oct. 1, 2013) (same).

### REQUEST FOR IMMEDIATE RELIEF

25. Bankruptcy Rule 6003 empowers a court to grant relief within the first 21 days after the Petition Date "to the extent that relief is necessary to avoid immediate and irreparable harm." For the reasons discussed above, authorizing the Debtors to make the Adequate Assurance Deposit to satisfy their obligations to provide adequate assurance to Utility

---

court must 'focus upon the need of the utility for assurance, and [to] require that the debtor supply no more than that, since the debtor almost perforce has a conflicting need to conserve scarce financial resources.'" *Caldor,* 117 F.3d at 650 (emphasis in original) (quoting *Penn Jersey,* 72 B.R. at 985).

Companies under section 366 of the Bankruptcy Code, as well as granting the other relief requested herein, is integral to the Debtors' ability to transition their operations into these chapter 11 cases. Failure to receive such authorization and other relief during the first 21 days of these chapter 11 cases would severely disrupt the Debtors' operations at this critical juncture. For the reasons discussed herein, the relief requested is necessary in order for the Debtors to operate their businesses in the ordinary course and preserve the ongoing value of the Debtors' operations and maximize the value of their estates for the benefit of all stakeholders. Accordingly, the Debtors submit that they have satisfied the "immediate and irreparable harm" standard of Bankruptcy Rule 6003 to support granting the relief requested herein.

## WAIVER OF BANKRUPTCY RULE 6004(A) AND 6004(H)

26. To implement the foregoing successfully, the Debtors request that the Court enter an order providing that notice of the relief requested herein satisfies Bankruptcy Rule 6004(a) and that the Debtors have established cause to exclude such relief from the 14-day stay period under Bankruptcy Rule 6004(h).

## RESERVATION OF RIGHTS

27. Nothing contained herein is or should be construed as: (a) an admission as to the validity of any claim against the Debtors; (b) a waiver of the Debtors' right to dispute any claim on any ground; (c) a promise or requirement to pay any claim; (d) an admission that any particular claim is of a type specified or defined hereunder; (e) a request to assume any executory contract or unexpired lease; or (f) a waiver of the Debtors' rights under the Bankruptcy Code or any other applicable law.

## NOTICE

28. Notice of this Motion shall be given to: (i) the office of the United States Trustee for the District of Delaware; (ii) those creditors holding the 20 largest unsecured claims

on a consolidated basis against the Debtors' estates; (iii) Bank of America, N.A.; (iv) the debtor-in-possession lender (the "DIP Lender"), and (v) the Utility Companies. As this Motion is seeking "first day" relief, within two business days of the hearing on this Motion, the Debtors will serve copies of this Motion and any order entered in respect to this Motion as required by Local Rule 9013-1(m). The Debtors submit that no other or further notice need be provided.

## NO PRIOR REQUEST

29. No prior request for the relief sough herein has been made to this Court or to any other court.

## CONCLUSION

WHEREFORE, the Debtors respectfully request that the Court enter the Interim Order and Final Order granting the relief requested herein and such other and further relief to which the Debtors may be justly entitled.

| | |
|---|---|
| Dated: March 15, 2017<br>Wilmington, Delaware | Respectfully submitted,<br><br>PEPPER HAMILTON LLP<br><br>/s/ David B. Stratton<br>David B. Stratton (DE No. 960)<br>Evelyn J. Meltzer (DE No. 4581)<br>John H. Schanne, II (DE No. 5260)<br>Hercules Plaza, Suite 5100<br>1313 N. Market Street<br>P.O. Box 1709<br>Wilmington, DE 19899-1709<br>Telephone: (302) 777-6500<br>Facsimile: (302) 421-8390<br><br>*Proposed Counsel for the Debtors* |