# EXHIBIT C

## Proposed Final Order

| | |
|---|---|
| In re: | Chapter 11 |
| Bostwick Laboratories, Inc., *et al.*,[1] | Case No. 17-_____ (___) |
| Debtors. | (Joint Administration Requested) |
| | **Related Docket No.** |

**FINAL ORDER ESTABLISHING ADEQUATE ASSURANCE PROCEDURES
WITH RESPECT TO THE DEBTORS' UTILITY PROVIDERS**

Upon the Motion[2] filed by the above-referenced debtors and debtors-in-possession (collectively, the "Debtors") for entry of an final order (the "Final Order") authorizing the Debtors to make the Adequate Assurance Deposit to satisfy their obligations to provide adequate assurance to Utility Companies under section 366 of the Bankruptcy Code, all as more fully set forth in the Motion; and the First Day Declaration; and the Court having jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and that the Court may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that proper and adequate notice of the Motion and hearing thereon has been given and that no other or further notice is necessary; and the Court having found that good and sufficient cause exists for the granting of the relief requested in the Motion after having

---

[1]     The Debtors are the following entities (last four digits of EIN in parentheses): (i) Bostwick Laboratories, Inc., a Delaware corporation (3169); and (ii) Bostwick Laboratories Holdings, Inc., a Delaware corporation (1042). The mailing address for the Debtors is 100 Charles Lindbergh Blvd., Uniondale, NY 11553.

[2]     Capitalized terms used but not otherwise defined herein shall have the meaning set forth in the Motion.

given due deliberation upon the Motion and all of the proceedings had before the Court in connection with the Motion, it is HEREBY ORDERED THAT:

1. The Motion is **GRANTED** on a final basis as set forth herein.

2. Any objections to the Motion that have not been withdrawn or otherwise resolved are hereby **OVERRULED**.

3. Subject to the procedures described below, no Utility Company, including any Subsequently Added Utility, may (a) alter, refuse, terminate, or discontinue utility services to, and/or discriminate against, the Debtors on the basis of the commencement of these chapter 11 cases or on account of outstanding prepetition invoices or (b) require additional assurance of payment, other than the Proposed Adequate Assurance, as a condition to the Debtors receiving such utility services.

4. To the extent not already deposited pursuant to the Interim Order, the Debtors shall timely deposit $45,000 into a newly created, segregated, interest bearing account (the "Adequate Assurance Deposit") at a bank that is party to a uniform Depository Agreement with the Office of the United States Trustee for the District of Delaware.

5. Subject to the Adequate Assurance Procedures set forth below, the Adequate Assurance Deposit (collectively, the "Proposed Adequate Assurance"), constitutes sufficient adequate assurance of future payment to the Utility Companies to satisfy the requirements of section 366 of the Bankruptcy Code.

6. The following Adequate Assurance Procedures are approved in all respects:

(a) Any Utility Company desiring assurance of future payment for utility service beyond the Proposed Adequate Assurance must serve a request (an "Additional Assurance Request") at the following addresses: (i) the Debtors, 100 Charles Lindbergh Blvd., Uniondale, NY 11553, Attn: James P. Carroll; and (ii) proposed counsel for the

2

Debtors, Pepper Hamilton LLP, Hercules Plaza, Suite 5100, 1313 N. Market Street, Wilmington, DE 19801, Attn: John H. Schanne (collectively, the "Notice Parties").

(b)     Any Additional Assurance Request must: (i) be made in writing; (ii) specify the amount and nature of assurance of payment that would be satisfactory to the Utility Company; (iii) set forth the locations for which utility services are provided and the relevant account number(s); (iv) describe any deposits, prepayments or other security currently held by the requesting Utility Company; (v) describe any payment delinquency or irregularity by the Debtors for the postpetition period, if any; and (vi) explain why the requesting Utility Company believes the Proposed Adequate Assurance is not sufficient adequate assurance of future payment.

(c)     If an Additional Assurance Request is delivered upon the Notice Parties, the Debtors shall have the greater of (i) twenty-one days from receipt of such Additional Assurance Request or (ii) thirty days from the Petition Date (such greater period, the "Resolution Period") to negotiate with the requesting Utility Company to resolve its Additional Assurance Request. The Resolution Period maybe extended by agreement of the Debtor and the applicable Utility Company without application to or approval of the Court.

(d)     The Debtors are authorized to resolve, in their discretion, any Additional Assurance Request by mutual agreement with the requesting Utility Company without further order of the Court and, in connection with any such agreement and in their discretion, may provide the requesting Utility Company with alternative adequate assurance of payment including cash deposits, prepayments, or other forms of security, if the Debtors believe such alternative assurance is reasonable..

(e)     If the Debtors determine that an Additional Assurance Request is not reasonable and the parties are not able to resolve such request during the Resolution Period, the Debtors will request a hearing before the Court to determine the adequacy of assurances of payment made to the requesting Utility Company (the "Determination Hearing"), pursuant to section 366(c)(3)(A) of the Bankruptcy Code.

(f)     Pending the resolution of the Additional Assurance Request at a Determination Hearing, the Utility Company making such a request may not discontinue, alter or refuse service to the Debtor on account of unpaid charges for prepetition services or an alleged lack of adequate assurance of payment.

7.     All Utility Companies shall be deemed to have adequate assurance of

payment under section 366 of the Bankruptcy Code unless and until: (a) the Debtors, in their

discretion, agree to (i) an Additional Assurance Request or (ii) an alternative assurance of

payment with the Utility Company during the Resolution Period; or (b) this Court enters an order

#42987484 v2

at any Determination Hearing requiring that additional adequate assurance of payment be provided.

8.  Nothing herein constitutes a finding that any entity is or is not a Utility Company hereunder or under section 366 of the Bankruptcy Code, whether or not such entity is listed on the Utility Service List.

9.  The Debtors are authorized, in their discretion, to amend the Utility Service List to add or delete any Utility Company, and this order and the Adequate Assurance Procedures shall apply to any Subsequently Added Utility. The Debtors shall add to or subtract from, as applicable, the Adequate Assurance Deposit an amount equal to two weeks of the Debtors' average cost of utility service for each removed or Subsequently Added Utility.

10.  The Debtors shall serve a copy of this order on each Utility Company listed on the Utility Service List within two business days after the date of this order is entered, and shall promptly serve this order on any Subsequently Added Utility.

11.  Upon receipt of an Additional Assurance Request, the Debtors shall have the Resolution Period to resolve any Subsequently Added Utility's Additional Assurance Request by mutual agreement without further order of this Court or to schedule a Determination Hearing with this Court.

12.  Nothing contained in the Motion or this Final Order is intended or should be construed to create an administrative priority claim on account of any claim.

13.  Nothing in this Final Order shall be deemed: (a) an admission as to the validity of any prepetition claim against a Debtor entity; (b) a waiver of the Debtors' right to dispute any prepetition claim on any grounds; (c) a promise or requirement to pay any prepetition claim; (d) an implication or admission that any particular claim is of a type specified

4

or defined in this Final Order or the Motion; (e) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law; or (g) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) asserted in connection with the Motion are valid, and the Debtors expressly reserve their rights to contest the extent, validity, or perfection or seek avoidance of all such liens..

14.     [The requirements set forth in Bankruptcy Rule 6003(b) are satisfied by the contents of the Motion or are otherwise deemed waived.]

15.     Notice of the Motion satisfies the requirements set forth in Bankruptcy Rule 6004(a).

16.     Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be effective and enforceable immediately upon its entry.

17.     The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Final Order in accordance with the Motion.

#42987484 v2

18.     The Court retains jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Final Order.


Dated: March ___, 2017
          Wilmington, Delaware                    _____
                                                  The Honorable
                                                  United States Bankruptcy Judge