**Exhibit C**

**Proposed Sale Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>Bostwick Laboratories, Inc., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 17-_____ (___)<br><br>(Joint Administration Requested) |

**ORDER (I) AUTHORIZING AND APPROVING THE SALE
OF SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS FREE
AND CLEAR OF ALL CLAIMS, LIENS, RIGHTS, INTERESTS AND
ENCUMBRANCES, (II) APPROVING THE ASSET PURCHASE AGREEMENT
AND (III) AUTHORIZING THE DEBTORS TO ASSUME AND ASSIGN
CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

Upon the motion (the "Motion")[2] of the above-captioned debtors (the "Debtors") for entry of an order approving the sale of substantially all of the Debtors' assets; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334; and consideration of the Motion being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue being proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that no other or further notice is needed or necessary; and the Court having reviewed the Motion and the First Day Declaration and having heard statements in support of the Motion at a hearing held before the Court on [April 28], 2017 (the "Sale Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Sale Hearing establish just cause for the relief granted herein; and the relief requested in the Motion being in the best interests of the Debtors' estates, their creditors, and other parties in interest; and any objections to the relief requested in the Motion having been

---

[1] The Debtors are the following entities (last four digits of EIN in parentheses): (i) Bostwick Laboratories, Inc., a Delaware corporation (3169); and (ii) Bostwick Laboratories Holdings, Inc., a Delaware corporation (1042). The mailing address for the Debtors is 100 Charles Lindbergh Blvd., Uniondale, NY 11553.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor,

**THE COURT HEREBY FINDS AS FOLLOWS:**

A.  <u>Notice</u>. Notice of the Motion, the Auction, and the Sale Hearing was good, sufficient, and appropriate under the circumstances, and no other or further notice of the Motion, the Auction, the Sale Hearing, the Stalking Horse Asset Purchase Agreement attached hereto as <u>Exhibit A</u> (the "<u>APA</u>") or the transactions contemplated thereby (the "<u>Transactions</u>") is required. The disclosures made by the Debtors concerning the APA, the Auction, the Transactions and the Sale Hearing were good, complete, and adequate.

B.  <u>Cure Notice</u>. The Debtors have filed and served cure notices (the "<u>Cure Notices</u>") upon all non-Debtor counterparties to all Assumed Leasehold Interests and Assumed Contracts notifying such parties: (i) that the Debtors seek to assume and assign such Assumed Leasehold Interests and Assumed Contracts as provided in the APA and (ii) of the Debtors' good faith estimates of the cure amounts required in connection with such Assumed Leasehold Interest or Assumed Contract. The service of the Cure Notice was good, sufficient and appropriate under the circumstances, and no further notice is required.

C.  <u>Opportunity to Bid</u>. As demonstrated by the evidence proffered or adduced at the Sale Hearing and the representations of counsel made on the record at the Sale Hearing, the Debtors conducted a marketing process in accordance with, and have otherwise complied in all material respects with, the Bid Procedures. The Bid Procedures were non-collusive and substantively and procedurally fair to all parties. All interested persons and entities have been afforded a full, fair and reasonable opportunity to (i) conduct due diligence investigations, (ii) submit higher or otherwise better bids to purchase the assets of the Debtors and (iii) object and

-2-

be heard in connection with the Sale Motion and the relief granted by this Order. [The Auction contemplated by the Bid Procedures was held on [April 26], 2017. At the conclusion of the Auction, [ ] ("Purchaser") was selected by the Debtors as the Successful Bidder.] [The Debtors did not receive any Qualified Bids for the Purchased Assets prior to the Qualified Bid Determination Deadline. Therefore, no Auction was necessary under the terms of the Bid Procedures and Purchaser was named by the Debtors as the Successful Bidder.]

D. Highest and Best Bid. The Purchaser submitted the highest and best bid for the Purchased Assets pursuant to the APA.

E. Good Faith Purchaser; No Fraudulent Transfer. The Purchaser is a "good faith" purchaser entitled to the full benefits and protections of section 363(m) of the Bankruptcy Code with respect to entry into the APA and consummation of the Transactions and no reversal or modification of this Order on appeal will affect the validity of the APA or the Transactions. The APA and the Transactions have been negotiated and entered into by the Debtors and Purchaser in good faith, at arms' length and without collusion or fraud. The Aggregate Purchase Price constitutes reasonably equivalent and fair value in consideration for the Purchased Assets (as those terms are defined in the Uniform Fraudulent Transfer Act, Uniform Fraudulent Conveyance Act and section 548 of the Bankruptcy Code), the terms and conditions of the APA and the Transactions are fair and reasonable, and approval of the APA and consummation of the Transactions are in the best interest of the Debtors, their creditors, and their estates. The Transactions are not for the purpose of hindering, delaying or defrauding the Debtors' creditors under the Bankruptcy Code and under the laws of the United States, any state, territory, possession or the District of Columbia. Neither the Debtors nor the Purchaser is or will be entering into the APA or Transactions fraudulently.

F.  **No Collusion**. The APA was not controlled by or the result of an agreement between potential or actual bidders within the meaning of Bankruptcy Code section 363(n). The Debtors and the Purchaser have not engaged in any conduct that would cause or permit the APA or the consummation of the Transactions to be avoided, or costs or damages to be imposed, under section 363 of the Bankruptcy Code or otherwise. The Purchaser is entitled to all the protections and immunities of a good faith purchaser for value, including without limitation under section 363(m) of the Bankruptcy Code.

G.  **Satisfaction of Section 363(f)**. The Debtors may sell the Purchased Assets free and clear of Encumbrances (except Permitted Encumbrances) as provided in this Order because one or more of the provisions set forth in section 363(f) of the Bankruptcy Code have been satisfied with respect to each of the Encumbrances. Those holders of Encumbrances who did not object or who withdrew their objections to the Motion are deemed to have consented to the Motion and the sale of the Purchased Assets pursuant to section 363(f)(2) of the Bankruptcy Code. Those holders of Encumbrances who did object, if any, fall within one or more of the other subsections of section 363(f) of the Bankruptcy Code and are adequately protected by having their Encumbrances, if any, attach to the proceeds of the sales ultimately attributable to the Purchased Assets in which such holders allege Encumbrances, in the same order of priority, with the same validity, force and effect that such holder had before such sale, and subject to any claims and defenses the Debtors and their estates may possess with respect thereto.

H.  **Compliance with Bankruptcy Code**. The consummation of the sale of the Purchased Assets is legal, valid, and properly authorized under all applicable provisions of the Bankruptcy Code, including without limitation, sections 363(b), 363(f), 363(m), and 365 and all

of the applicable requirements of such sections have been or will be complied with in respect of the Sales.

**IT IS HEREBY ORDERED, THAT:**

1. <u>Relief Granted</u>. The Motion is GRANTED as set forth herein.

2. <u>Approval and Authorization</u>. The Debtors and [ ] are authorized to enter into the APA, to take all actions necessary to consummate the transactions contemplated thereby, and to execute such other documents and take such other actions as are necessary to effectuate the terms of the APA and the Transactions contemplated thereby, without further order of the Court.

3. <u>Sale Free and Clear of Encumbrances</u>. Pursuant to sections 105(a) and 363 of the Bankruptcy Code, the sale and transfer of the Purchased Assets (as defined in the APA) to [ ] as the party that submitted the highest and best bid at the Auction pursuant to the APA is a legal, valid and effective disposition of the Purchased Assets, and vests the Purchaser with all right, title and interest of the Debtors in and to the Purchased Assets free and clear of all liens and claims, including but not limited to the Excluded Liabilities (as defined in the APA), other than the Permitted Encumbrances (as defined in the APA), with all such liens and claims attaching to the sale proceeds, pursuant to sections 105(a), 363(b), 363(f) and 365 of the Bankruptcy Code. All Encumbrances (except Permitted Encumbrances) on the Purchased Assets shall attach to the proceeds of the Sale of the Purchased Assets pursuant to this order to the same extent and with the same priority as such Encumbrances existed in respect of the Purchased Assets immediately before the Closing.

4. <u>Order Authorizes Recording Offices</u>. All filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal, state, and local officials, and all

other persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any of the Assets are hereby authorized to do so in accordance with this Order. Each and every federal, state, and local governmental agency or department or office is hereby authorized to accept this Order and any and all documents and instruments necessary and appropriate to consummate the sale contemplated by the APA and to cancel, terminate and release the Encumbrances (other than Permitted Encumbrances).

5. <u>Authorization to Release Encumbrances</u>. If any person or entity that has filed a financing statement, deed of mortgage, or other deeds, documents or agreements evidencing an Encumbrance on a Purchased Asset shall not have delivered, in proper form for filing, termination statements, deeds of cancelation of mortgage, instruments of satisfaction, cancelation, termination, releases, and other deeds and documents to the Debtors before the Closing, then the Debtors and the Purchaser shall be and hereby are authorized to execute such termination statements, deeds of cancelation of mortgage, instruments of satisfaction, cancelation, termination, releases, and other deeds and documents on behalf of such person or entity and to file the same with any appropriate registry or public filing office. Notwithstanding the foregoing, the provisions of this Order authorizing the sale and assignment of the Purchased Assets free and clear of Encumbrances (subject to Permitted Encumbrances) shall be self-executing.

6. <u>Release of Escrow</u>. The Debtors are hereby authorized and directed to (i) hold the Purchaser Deposit in accordance with the APA and (ii) release and deliver the Buyer Deposit pursuant to the terms of the APA.

7. <u>No Successor Liability</u>. By consummating the Transactions, Purchaser is not and shall not become a successor to the Debtors or their estates by reason of any theory of law or equity, whether with respect to any liens or claims against the Debtors, the Purchased Assets or otherwise, and the Purchaser shall not be subject to successor liabilities for products sold or services rendered prior to the closing.

8. <u>Good Faith</u>. The Purchaser will be acting in good faith in closing under the APA and consummating the Transactions at any time on or after entry of this Order and is entitled to the protections of section 363(m) of the Bankruptcy Code. The Purchaser is not an "insider" as that term is defined in section 101(31) of the Bankruptcy Code.

9. <u>Assignment of Contracts; Cure of Defaults</u>. The Debtors are authorized to assume and assign each of the Assumed Leasehold Interests and Assumed Contracts to Purchaser in accordance with the APA and this Order free and clear of all interests pursuant to sections 105(a), 363 and 365 of the Bankruptcy Code and to execute and deliver to Purchaser such documents or other instruments as may be necessary to assign and transfer the Assumed Leasehold Interests and Assumed Contracts to Purchaser. The payment of the applicable Cure Amounts by Purchaser shall (i) effect a cure of all defaults existing thereunder as of the Closing, (ii) compensate for any actual pecuniary loss to such non-Debtors counterparty resulting from such default and (iii) together with the assumption of the Assumed Leasehold Interests and Assumed Contracts by the Debtors and the assignment of such Assumed Leasehold Interests and Assumed Contracts to Purchaser, constitute adequate assurance of future performance thereof. For purposes of this Order, "<u>Cure Amounts</u>" shall mean the applicable Cure Amounts set forth on <u>Exhibit 2</u> attached hereto, or such other Cure Amounts as agreed, in writing, by the Debtors,

Purchaser and the counterparty to the applicable Assumed Leasehold Interest or Assumed Contract.

10. <u>Provisions Prohibiting Assignment Unenforceable</u>. Any provisions in any Assumed Leasehold Interest or Assumed Contract that prohibit or condition the assignment of such Assumed Leasehold Interest or Assumed Contract or allow the counterparty to such Assumed Leasehold Interest or Assumed Contract to terminate, recapture, impose any penalty, condition on renewal or extension or modify any term or condition upon the assignment of such Assumed Leasehold Interest or Assumed Contract, constitute unenforceable anti-assignment provisions that are void and of no force and effect with respect to the Debtors' assumption and assignment of such Assumed Leasehold Interests and Assumed Contracts in accordance with the APA but will be effective and binding upon Purchaser with respect to any purported assignment for the remaining term of such Assumed Leasehold Interest or Assumed Contract. All other requirements and conditions under sections 363 and 365 of the Bankruptcy Code for the assumption by the Debtors and assignment to Purchaser of the Assumed Leasehold Interests and Assumed Contracts have been satisfied. Upon the Closing, in accordance with sections 363 and 365 of the Bankruptcy Code, Purchaser shall be fully and irrevocably vested with all right, title and interest of the Debtors under the Assumed Leasehold Interests and Assumed Contracts, and such Assumed Leasehold Interests and Assumed Contracts shall remain in full force and effect for the benefit of Purchaser.

11. <u>Injunction Against Certain Actions by Assumed Contract Counter-Parties</u>. Each non-Debtor counterparty to the Assumed Leasehold Interests and Assumed Contracts shall be forever barred, estopped, and permanently enjoined from (i) asserting against the Debtors or Purchaser or their respective property any assignment fee, acceleration, default, breach or claim

or pecuniary loss, or condition to assignment existing, arising or accruing as of the Closing or arising by reason of the Closing or the transfer of the Purchased Assets, including any breach related to or arising out of change-in-control provisions in such Assumed Leasehold Interests and Assumed Contracts, or any purported written or oral modification to the Assumed Leasehold Interests and Assumed Contracts and (ii) asserting against Purchaser (or its property, including the Purchased Assets) any claim, counterclaim, breach, or condition asserted or assertable against the Debtors existing as of the Closing or arising by reason of the transfer of the Purchased Assets, except for the Assumed Liabilities.

12. <u>Effect of Assumption; Payment of Cure Amounts</u>. Upon the Closing, Purchaser shall be deemed to be substituted for the Debtors as a party to the applicable Assumed Leasehold Interests and Assumed Contracts and shall pay all outstanding undisputed Cure Amounts with respect thereto, and the Debtors shall be released, pursuant to section 365(k) of the Bankruptcy Code, from any liability under the Assumed Leasehold Interests and Assumed Contracts from and after such assignment. There shall be no assignment fees, increases or any other fees charged to Purchaser or the Debtors as a result of the assumption and assignment of the Assumed Leasehold Interests and Assumed Contracts.

13. <u>Adequate Assurance</u>. Purchaser has provided adequate assurance of future performance under the Assumed Leasehold Interests and Assumed Contracts within the meaning of sections 365(b)(1)(c), 365(b)(3) (to the extent applicable) and 365(f)(2)(B) of the Bankruptcy Code.

14. <u>Binding Effect of Order</u>. This Order and the APA shall inure to the benefit of and be binding on the Purchaser and the Debtors, their estates, their creditors, and any trustees, if

60992914_5

any, subsequently appointed in the Debtors' chapter 11 case or upon a conversion to Chapter 7 under the Bankruptcy Code, and their respective successors and assigns.

15. <u>Interpretation</u>. To the extent of any inconsistency between this Order and the APA, this Order shall control.

16. <u>No Stay; Order Effective Immediately</u>. The Debtors have shown cause as to why this Order should not be subject to the stay provided by Bankruptcy Rules 6004(h) and 6006(d). Accordingly, notwithstanding any Bankruptcy Rules to the contrary, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

17. <u>Retention of Jurisdiction</u>. The Court retains jurisdiction with respect to all matters arising from, or related to, the implementation, enforcement and interpretation of this Order.

Dated: _____, 2017
      Wilmington, Delaware

                                      UNITED STATES BANKRUPTCY JUDGE