# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Bostwick Laboratories, Inc., *et al.*,[1] | Case No. 17-_____ (___) |
| Debtors. | (Joint Administration Requested) |

**DEBTORS' MOTION FOR ORDER EXPEDITING CONSIDERATION OF, AND SHORTENING THE NOTICE PERIOD APPLICABLE TO, THE BID PROCEDURES AND BID PROTECTIONS COMPONENT OF THE DEBTORS' SALE MOTION**

The above-captioned debtors and debtors-in-possession (collectively, the "Debtors") file this *Motion for Order Expediting Consideration of, and Shortening the Notice Period Applicable to, the Bid Procedures and Bid Protections Component of the Debtors' Sale Motion* (the "Motion"). In support hereof, the Debtors respectfully submit the following:

## JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012. This Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue is proper in the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The Debtors confirm their consent pursuant to Rule 9013-1(f) of the *Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware* (the "Local Rules") to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the

---

[1] The Debtors are the following entities (last four digits of EIN in parentheses): (i) Bostwick Laboratories, Inc., a Delaware corporation (3169); and (ii) Bostwick Laboratories Holdings, Inc., a Delaware corporation (1042). The mailing address for the Debtors is 100 Charles Lindbergh Blvd., Uniondale, NY 11553.

parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3. The statutory bases for the relief requested herein are section 105(a) of title 11 of the United States Code (11 U.S.C. §§ 101 *et seq.*, the "Bankruptcy Code"), Rule 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rules 6004-1, 9006-1 and 9013.

## BACKGROUND

4. On March 15, 2017 (the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, thereby commencing the above captioned bankruptcy cases.

5. The Debtors operate an independent, full-service anatomic pathology laboratory and are a specialty provider of diagnostic testing services for urologists and gynecologists in the U.S. The Debtors operate a reference laboratory offering a comprehensive suite of anatomic pathology and molecular testing services to independent physicians nationally.

6. The Debtors continue to operate their business and manage their property as debtors-in-possession pursuant to Bankruptcy Code sections 1107(a) and 1108.

7. No trustee, examiner, creditors' committee, or other official committee has been appointed in these chapter 11 cases.

8. Additional information regarding the Debtors and these cases, including the Debtors' business, organizational structure, financial condition, and the reasons for and objectives of these cases, is set forth in the Declaration of Tammy Hunt in Support of Chapter 11 Petitions and First Day Pleadings (the "First Day Declaration"), filed contemporaneously herewith and incorporated herein by reference.

#43052901 v4

9. Contemporaneously herewith, the Debtors filed and served the Debtors' Combined Motion for Entry of (I) an Order (A) Authorizing and Approving Bidding Procedures, Breakup Fee and Expense Reimbursement, (B) Authorizing and Approving the Debtors' Performance of Pre-Closing Obligations Under the Stalking Horse Asset Purchase Agreement, (C) Approving Notice Procedures, (D) Scheduling a Sale Hearing and (E) Approving Procedures for Assumption and Assignment of Certain Executory Contracts and Unexpired Leases and Determining Cure Amounts; and (II) an Order (A) Authorizing and Approving the Sale of Substantially All of the Debtors' Assets Free and Clear of All Claims, Liens, Rights, Interests and Encumbrances, (B) Approving the Asset Purchase Agreement and (C) Authorizing the Debtors to Assume and Assign Certain Executory Contracts and Unexpired Leases (the "Sale Motion").

**Facts Specific Background To Relief Requested**

10. As a result of continuing negative cash flow from its business, in August of 2016, the Debtors retained Leerink Partners LLC ("Leerink"), an investment banking firm with extensive experience in the health care industry, to assist and advise on the process of identifying a buyer for the Debtors' business. Beginning in late August, 2016 and early September, 2016 Leerink began a marketing process aimed at identifying potential strategic buyers. At the outset, Leerink contacted approximately thirty potential buyers, eighteen of which signed confidentiality agreements. In the early stages of the sale process, the field was narrowed to a handful of prospects because of the length of time requested by many prospects to conduct due diligence.

11. In their continued efforts to seek to maximize value through the sale of the business, the Debtors began to explore interest in a potential sale of their assets under section

363 of the Bankruptcy Code. The Debtors determined that, given their liquidity needs, existing secured debt facilities, and continued operational losses, a successful section 363 sale process would require debtor-in-possession financing, and the only likely providers of such financing would be a potential buyer of the Debtors' business. Only two potential bidders expressed an interest in providing such financing.

12. The Debtors, through a special transactions committee of the Debtors' board of directors, ultimately determined that Poplar Healthcare, PLLC (the "<u>Stalking Horse Bidder</u>") was best situated to enter into an asset purchase agreement and to provide debtor-in-possession financing. The Debtors concluded that the Stalking Horse Bidder's bid was superior because of the Stalking Horse Bidder's willingness to provide the Debtors with the necessary debtor-in-possession financing to fund the debtors' chapter 11 cases, the Stalking Horse Bidder's proposed price for the Debtors' assets, and the Stalking Horse Bidder's ability to move quickly to document a binding asset purchase agreement and debtor-in-possession financing. Beginning on approximately March 1, 2017, the Debtors and their professionals negotiated an asset purchase agreement (the "<u>Stalking Horse APA</u>") and a debtor-in-possession credit facility (the "<u>DIP Credit Agreement</u>") with the Stalking Horse Bidder. The Stalking Horse APA was signed on March 13, 2017, and the DIP Credit Agreement was finalized shortly thereafter.

### Relief Requested

13. The Sale Motion seeks two general categories of relief: first, an order approving procedures to govern the bidding, auction process, and related procedural aspects of a proposed sale of the Debtors' assets (the "<u>Bid Procedures</u>"); and second, approval of the proposed sale itself (the "<u>Sale</u>").

14. By this Motion, the Debtors seek entry of an order expediting consideration of, and shortening the notice period applicable to, the Bid Procedures component

of the Sale Motion. Specifically, the Debtors respectfully request that this Court schedule a hearing (the "<u>Bid Procedures Hearing</u>") to consider the proposed Bid Procedures on or before March 30, 2017.

15. The Debtors also request that the Court direct that objections or other responses to the proposed Bid Procedures be filed and served no later than 12:00 p.m. (ET) on March 28, 2017 on: (i) Bostwick Laboratories Inc., 100 Charles Lindbergh Blvd., Uniondale, NY 11553, Attn: James P. Carroll; (ii) Debtors' counsel, Pepper Hamilton LLP, Hercules Plaza, Suite 5100, 1313 N. Market Street, Wilmington, DE 19801, Attn: David B. Stratton; (iii) the Office of the United States Trustee, 844 King Street, Suite 2207, J. Caleb Boggs Federal Building, Lockbox 35, Wilmington, Delaware 19801 (Attn: Jane Leamy, Esq.); (iv) counsel for the Stalking Horse Bidder, Baker, Donelson, Bearman, Caldwell & Berkowitz, PC, 165 Madison Avenue, Suite 2000, Memphis, Tennessee 38103, Attn: E. Franklin Childress, Jr., Esq. and Morris, Nichols, Arsht & Tunnell LLP, 1201 North Market Street, 16th Floor, Wilmington, Delaware 19801 (Attn: Derek C. Abbott, Esq.); and (v) counsel to any committee appointed in the Debtors' chapter 11 cases.

## **Basis for Relief**

16. Bankruptcy Rule 9006(c)(1) provides that "when an act is required or allowed to be done at or within a specified time by these rules or by a notice given thereunder or by order of court, the court for cause shown may in its discretion with or without motion or notice order the period reduced." Furthermore, Local Rule 9013-1(m)(ii) states that relief "of a genuinely emergent nature required to preserve the assets of the estate" may be heard on an expedited basis.

17. Good cause and compelling circumstances are present warranting expedited consideration of the Bid Procedures component of the Sale Motion. An expedited sale of the Debtors' assets is the best way to preserve and maintain the value of the estates during the limited time that the Debtors will have financing under the DIP Credit Agreement. Absent the proposed sale process, due to the Debtors' continuing operational losses and the absence of other sources for debtor-in-possession financing, the Debtors would be forced to shut down their operations in the near term. This would cause the Debtors to lose their going concern value, incur significant operational costs to wind down testing operations in a manner that would ensure patient safety, and potentially incur substantial additional liabilities under various applicable regulatory laws for healthcare laboratory businesses. A prompt auction and sale will preserve the Debtors' current value as best as possible for the benefit of the Debtors' estates and avoid these substantial wind-down costs.

18. The nature of the Debtors' business is such that their continued operation relies to a significant degree on their relationships with various urologists, gynecologists and other healthcare providers. The Debtors anticipate that their competitors may attempt to interfere with the Debtors' relationships with these healthcare providers. If successful, this would have a significant adverse impact on the Debtors' ability to continue as a going concern. Additionally, the Debtors' employees are critical to the Debtors' ability to continue as a going concern. In fact, one of the conditions to the Buyer's obligation to consummate the Sale is that a certain minimum number of individuals who are offered employment by the Buyer must accept such employment. The Debtors have no doubt that, immediately upon becoming aware of these chapter 11 cases, their competitors will attempt to poach employees. For these reasons, the Stalking Horse Bidder has insisted on a fast track for the sale process.

19. The Debtors do not believe that any creditor or party in interest will be prejudiced if the Motion is granted given the nature of the issues presented. While the Debtors are moving at a swift pace with the sale process, as dictated by the circumstances noted herein, the proposed hearing on the Bid Procedures will be fifteen (15) days from the Petition Date and seven (7) days from the proposed committee formation meeting (March 23, 2017), thereby allowing creditors and other parties sufficient time to review, assess and comment upon the Bid Procedures.

20. Pursuant to Local Rule 9006-1(e), the Court may rule on this Motion without the need for a hearing, but the Debtors request that this Motion be considered at the first day hearing in these chapter 11 Cases.

WHEREFORE, the Debtors respectfully request that the Court enter the Order granting the relief requested herein and such other and further relief to which the Debtors may be justly entitled.

Dated: March 15, 2017  
Wilmington, Delaware

Respectfully submitted,

PEPPER HAMILTON LLP

/s/ David B. Stratton  
David B. Stratton (DE No. 960)  
Evelyn J. Meltzer (DE No. 4581)  
John H. Schanne, II (DE No. 5260)  
Hercules Plaza, Suite 5100  
1313 N. Market Street  
P.O. Box 1709  
Wilmington, DE 19899-1709  
Telephone: (302) 777-6500  
Facsimile: (302) 421-8390

*Proposed Counsel for the Debtors*

#43052901 v4