# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>Bostwick Laboratories, Inc., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 17-10570 (BLS)<br><br>(Joint Administration Requested)<br><br>**Related Docket No. 6** |

## INTERIM ORDER AUTHORIZING CONTINUED USE OF THE DEBTORS' CASH MANAGEMENT SYSTEM

Upon the Motion[2] filed by the above-referenced debtors and debtors-in-possession (collectively, the "Debtors") for entry of an interim order (the "Interim Order") authorizing the Debtors to: (a) continue to operate their cash management system; and (b) honor certain prepetition obligations related thereto, all as more fully set forth in the Motion; and the First Day Declaration; and the Court having jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and that the Court may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that proper and adequate notice of the Motion and hearing thereon has been given and that no other or further notice is necessary; and the Court having found that good and sufficient cause exists for the granting of the relief

---

[1] The Debtors are the following entities (last four digits of EIN in parentheses): (i) Bostwick Laboratories, Inc., a Delaware corporation (3169); and (ii) Bostwick Laboratories Holdings, Inc., a Delaware corporation (1042). The mailing address for the Debtors is 100 Charles Lindbergh Blvd., Uniondale, NY 11553.

[2] Capitalized terms used but not otherwise defined herein shall have the meaning set forth in the Motion.

requested in the Motion after having given due deliberation upon the Motion and all of the proceedings had before the Court in connection with the Motion, it is HEREBY ORDERED THAT:

1. The Motion is **GRANTED** on an interim basis as set forth herein.

2. Any objections to the Motion that have not been withdrawn or otherwise resolved are hereby **OVERRULED** as to the interim relief granted herein.

3. The Final Hearing on the Motion shall be held on April 13, 2017 at 9:00 a.m./~~p.m.~~ prevailing Eastern Time. Any objections or responses to entry of the proposed Final Order shall be filed with the United States Bankruptcy Court for the District of Delaware, 824 Market Street, Third Floor, Wilmington, DE 19801 on or before 4:00 p.m., prevailing Eastern Time, seven days before the Final Hearing and served on the following parties: (a) the Debtors, 100 Charles Lindbergh Blvd., Uniondale, NY 11553, Attn: James P. Carroll; (b) proposed counsel for the Debtors, Pepper Hamilton LLP, Hercules Plaza, Suite 5100, 1313 N. Market Street, Wilmington, DE 19801, Attn: David B. Stratton; (c) the office of the United States Trustee for the District of Delaware, Caleb Boggs Federal Building, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801; and (d) counsel to any statutory committee appointed in these chapter 11 cases. In the event no objections to entry of the Final Order are timely received, the Court may enter the Final Order without need for the Final Hearing.

4. The Debtors are authorized, but not directed, to: (a) continue operating the Cash Management System as described in the Motion and (b) honor their prepetition obligations related thereto, as described in the Motion.

5. The Debtors are further authorized, but not directed, to: (a) continue to use, with the same account numbers, the Bank Accounts in existence as of the Petition Date; (b) treat the Bank Accounts for all purposes as accounts of the Debtors as debtors-in-possession; (c) deposit funds in and withdraw funds from the Bank Accounts by all usual means, including wire transfers and other debits; and (d) pay the Bank Fees (including any prepetition amounts), and to otherwise perform their obligations under the documents governing the Bank Accounts.

6. Bank of America, N.A. (the "Cash Management Bank") is authorized to continue to maintain, service, and administer the Bank Accounts as accounts of the Debtors as debtors-in-possession, without interruption and in the ordinary course, and to receive, process, honor, and pay, to the extent of available funds, any and all drafts, wires, credit card payments, ACH transfers, electronic fund transfers, or other items presented, issued, or drawn on the Bank Accounts on account of a claim, whether arising before, on, or after the Petition Date; provided that (a) those certain existing deposit agreements between the Debtors and the Cash Management Bank, as modified by any orders entered in these chapter 11 cases, shall continue to govern the post-petition cash management relationship between the Debtors and the Cash Management Bank, and all of the provisions of such agreements, including the termination and fee provisions, shall remain in full force and effect (except as modified hereby), and (b) the Debtors and the Cash Management Bank may, without further order of this Court, agree to and implement non-substantive changes to the Cash Management System and procedures related thereto in the ordinary course of business.

7. All banks, including the Cash Management Bank shall not honor or pay any bank payments drawn on the listed Bank Accounts or otherwise issued before the Petition Date to the extent that the Debtors specifically issue stop payment orders in accordance with the documents

#42983170 v3

governing such Bank Accounts. The Debtors are authorized to enter into additional deposit agreements with the Cash Management Bank or any other bank, as necessary in connection with any debtor in possession financing. The Cash Management Bank is authorized to rely on the Debtors' direction as to whether any bank payments should be honored or dishonored, regardless of whether the Cash Management Bank believes the payment is authorized by an order of the Court. To the extent that the Debtors direct that any bank payment be dishonored or the Cash Management Bank inadvertently dishonors any bank payment, the Debtors may issue replacement bank payments consistent with the orders of this Court.

8. In the course of providing cash management services to the Debtors, the Cash Management Bank is authorized, without further order of this Court, to deduct the applicable Bank Fees from the appropriate Bank Account.

9. The Cash Management Bank is further authorized to (a) honor the Debtors' directions with respect to the opening and closing of any Bank Account and (b) accept and hold the Debtors' funds in accordance with the Debtors' instructions; provided that the Cash Management Bank shall not have any liability to any party for relying on such instructions to the extent such reliance otherwise complies with applicable law.

10. The Debtors are authorized to continue to use their pre-printed checks, correspondence, and business forms and checks, including, but not limited to, purchase orders, letterhead, envelopes, promotional materials, and other business forms, substantially in the forms existing immediately prior to the Petition Date, without reference to the Debtors' debtor-in-possession status, provided that the Debtors will add the "Debtor in Possession" designation to any checks that they create or order postpetition.

11. Subject to Bankruptcy Code section 553, all banks that maintain the Bank Accounts are prohibited from offsetting, affecting, freezing, or otherwise impeding the Debtors' use of any funds in the Bank Accounts on account of, or by reason of, any claim (as defined in Bankruptcy Code section 101(5)) of any such bank against the Debtors that arose before the Petition Date, absent further order of this Court.

12. The Debtors are authorized to open any new Bank Accounts or close any existing Bank Accounts as it may deem necessary and appropriate in their sole discretion; provided, however, that the Debtors give notice within fifteen (15) days to the Office of the U.S. Trustee and any statutory committee appointed in these chapter 11 cases; provided, further, that the Debtors shall open any such new Bank Accounts at banks that executed a Uniform Depository Agreement with the Office of the U.S. Trustee for the District of Delaware, or at such banks that are willing to timely execute such an agreement.

13. For banks at which the Debtors hold accounts that are party to a Uniform Depository agreement with the Office of the United States Trustee for the District of Delaware, within fifteen (15) days from the date of entry of this Order the Debtors shall (a) contact each bank, (b) provide the bank with each of the Debtors' employer identification numbers, and (c) identify each of their accounts held at such banks as being held by a debtor in possession.

14. For banks that are not party to a Uniform Depository Agreement with the Office of the United States Trustee for the District of Delaware, the Debtors shall use their good faith efforts to cause the bank to execute a Uniform Depository agreement in a form prescribed by the Office of the United States Trustee within thirty (30) days of the date of entry of this Order.

15. The Debtors shall maintain accurate and detailed records of all transfers, including but not limited to intercompany transfers between the Debtors, so that all transactions

5

#42983170 v3

may be readily ascertained, traced, recorded properly and distinguished between prepetition and post-petition transactions.

16. Nothing in this Order shall be deemed: (a) an admission as to the validity of any prepetition claim against a Debtor entity; (b) a waiver of the Debtors' right to dispute any prepetition claim on any grounds; (c) a promise or requirement to pay any prepetition claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Order or the Motion; (e) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law; or (g) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) asserted in connection with the Motion are valid, and the Debtors expressly reserve their rights to contest the extent, validity, or perfection or seek avoidance of all such liens.

17. The Debtors shall calculate quarterly fees under 28 U.S.C. section 1930(a)(6) based on the disbursements of each Debtor, regardless of who pays those disbursements.

18. The requirement to establish separate accounts for cash collateral and/or tax payments is hereby waived.

19. The requirements set forth in Bankruptcy Rule 6003(b) are satisfied by the contents of the Motion or are otherwise deemed waived.

20. Notice of the Motion satisfies the requirements set forth in Bankruptcy Rule 6004(a).

21. Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014 or otherwise, this Interim Order shall be immediately effective and enforceable upon its entry.

#42983170 v3

22. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Interim Order in accordance with the Motion.

23. The Court retains jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Interim Order.

Dated: March 16, 2017
Wilmington, Delaware

THE HONORABLE BRENDAN L. SHANNON
CHIEF UNITED STATES BANKRUPTCY JUDGE

#42983170 v3