# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Bostwick Laboratories, Inc., *et al.*,[1] | Case No. 17-10570 (BLS) |
| Debtors. | (Joint Administration Requested) |
| | Related Docket No. 10 |

## INTERIM ORDER AUTHORIZING THE DEBTORS TO PAY CERTAIN TAXES

Upon the Motion[2] filed by the above-referenced debtors and debtors in possession (collectively, the "<u>Debtors</u>") for entry of an interim order (the "<u>Interim Order</u>") authorizing the Debtors to remit and pay prepetition Taxes, all as more fully set forth in the Motion; and the First Day Declaration; and the Court having jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and that the Court may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that proper and adequate notice of the Motion and hearing thereon has been given and that no other or further notice is necessary; and the Court having found that good and sufficient cause exists for the granting of the relief requested in the Motion after having given due deliberation upon the Motion and all of the

---

[1] The Debtors are the following entities (last four digits of EIN in parentheses): (i) Bostwick Laboratories, Inc., a Delaware corporation (3169); and (ii) Bostwick Laboratories Holdings, Inc., a Delaware corporation (1042). The mailing address for the Debtors is 100 Charles Lindbergh Blvd., Uniondale, NY 11553.

[2] Capitalized terms used but not otherwise defined herein shall have the meaning set forth in the Motion.

proceedings had before the Court in connection with the Motion, it is HEREBY ORDERED THAT:

1. The Motion is **GRANTED** on an interim basis as set forth herein.

2. Any objections to the Motion that have not been withdrawn or otherwise resolved are hereby OVERRULED as to the interim relief granted herein.

3. The Final Hearing on the Motion shall be held on April 13, 2017 at 9:00 a.m./~~p.m.~~ prevailing Eastern Time. Any objections or responses to entry of the proposed Final Order shall be filed with the United States Bankruptcy Court for the District of Delaware, 824 Market Street, Third Floor, Wilmington, DE 19801 on or before 4:00 p.m., prevailing Eastern Time, seven days before the Final Hearing and served on the following parties: (a) the Debtors, 100 Charles Lindbergh Blvd., Uniondale, NY 11553, Attn: James P. Carroll; (b) proposed counsel for the Debtors, Pepper Hamilton LLP, Hercules Plaza, Suite 5100, 1313 N. Market Street, Wilmington, DE 19801, Attn: David B. Stratton; (c) the office of the United States Trustee for the District of Delaware, Caleb Boggs Federal Building, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801; and (d) counsel to any statutory committee appointed in these chapter 11 cases. In the event no objections to entry of the Final Order are timely received, the Court may enter the Final Order without need for the Final Hearing.

4. The Debtors are authorized, but not directed, to remit or pay to the Authorities the Taxes that accrued prior to the Petition Date and that will become payable in the ordinary course of business, at such time when the Taxes are payable, in an aggregate interim amount not to exceed $13,000.

2

#42983155 v2

5. The banks and financial institutions on which electronic payment requests were made in payment of the prepetition obligations approved herein are authorized and directed to receive, process, honor, and pay all such electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular electronic payment request as being approved by this Interim Order.

6. Nothing in this Interim Order shall be deemed: (a) an admission as to the validity of any prepetition claim against a Debtor entity; (b) a waiver of the Debtors' right to dispute any prepetition claim on any grounds; (c) a promise or requirement to pay any prepetition claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Interim Order or the Motion; (e) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law; or (g) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) asserted in connection with the Motion are valid, and the Debtors expressly reserve their rights to contest the extent, validity, or perfection or seek avoidance of all such liens.

7. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Interim Order in accordance with the Motion.

8. The requirements set forth in Bankruptcy Rule 6003(b) are satisfied by the contents of the Motion or are otherwise deemed waived.

9. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

3

#42983155 v2

10. Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014 or otherwise, this Order shall be immediately effective and enforceable upon its entry.

11. The Court retains jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Interim Order.

Dated: March 16, 2017.
Wilmington, Delaware

THE HONORABLE BRENDAN L. SHANNON
CHIEF UNITED STATES BANKRUPTCY JUDGE

#42983155 v2