# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>Bostwick Laboratories, Inc., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 17-10570 (BLS)<br><br>(Joint Administration Requested)<br><br>Objection Deadline: April 4, 2017 at 4:00 p.m. (ET)<br>Hearing Date: April 13, 2017 at 9:00 a.m. (ET) |

## DEBTORS' MOTION FOR ENTRY OF AN ORDER EXTENDING THE TIME TO FILE SCHEDULES OF ASSETS AND LIABILITIES, CURRENT INCOME AND EXPENDITURES, EXECUTORY CONTRACTS AND UNEXPIRED LEASES, AND STATEMENTS OF FINANCIAL AFFAIRS

The above-captioned debtors and debtors in possession (collectively, the "Debtors") file this *Motion for Entry of an Order Extending the Time to File Schedules of Assets and Liabilities, Current Income and Expenditures, Executory Contracts and Unexpired Leases, and Statements of Financial Affairs* (the "Motion"). In support hereof, the Debtors respectfully submit the following:

### JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012. This Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue is proper in the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The Debtors confirm their consent pursuant to Rule 9013-1(f) of the *Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware* (the "Local Rules") to the entry of a final order by the Court in connection

---

[1] The Debtors are the following entities (last four digits of EIN in parentheses): (i) Bostwick Laboratories, Inc., a Delaware corporation (3169); and (ii) Bostwick Laboratories Holdings, Inc., a Delaware corporation (1042). The mailing address for the Debtors is 100 Charles Lindbergh Blvd., Uniondale, NY 11553.

#42980580 v2

with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3. The bases for the relief requested herein are sections 105(a) and 521 of title 11 of the United States Code (the "Bankruptcy Code"), rule 1007(c) of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), and Local Rule 1007-1(b).

## BACKGROUND

4. On March 15, 2017 (the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, thereby commencing the above-captioned bankruptcy cases.

5. The Debtors operate an independent, full-service anatomic pathology laboratory and are a specialty provider of diagnostic testing services for urologists and gynecologists in the U.S. The Debtors operate a reference laboratory offering a comprehensive suite of anatomic pathology and molecular testing services to independent physicians nationally.

6. The Debtors continue to operate their business and manage their property as debtors-in-possession pursuant to Bankruptcy Code sections 1107(a) and 1108.

7. No trustee, examiner, creditors' committee, or other official committee has been appointed in these chapter 11 cases.

8. Additional information regarding the Debtors and these cases, including the Debtors' business, organizational structure, financial condition, and the reasons for and objectives of these cases, is set forth in the *Declaration of Tammy Hunt in Support of Chapter 11 Petitions and First Day Pleadings* (the "First Day Declaration") (Docket No 3), which is incorporated herein by reference.

## RELIEF REQUESTED

9. By this motion, the Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"), extending the time by which the Debtors must file their schedules of assets and liabilities and statements of financial affairs (collectively, the "Schedules and Statements") to 15 days after the current deadline imposed by Local Bankruptcy Rule 1007-1(b), without prejudice to the Debtors' right to request additional time should it become necessary.

## BASIS FOR RELIEF

10. Under Bankruptcy Code section 521 and Bankruptcy Rule 1007(b), the Debtors are required to file their Schedules and Statements. *See* Fed. R. Bankr. P. 1007(b). Bankruptcy Rule 1007(c) provides that the Debtors must file the Schedules and Statements within fourteen (14) days after the Petition Date. *See* 11 U.S.C. § 521; Fed. R. Bankr. P. 1007(c).

11. Local Bankruptcy Rule 1007-1(b) automatically extends this deadline for filing the Schedules and Statements to the date that is thirty (30) days after the Petition Date, not including the Petition Date, if (i) the debtor's bankruptcy petition is accompanied by a list of all the debtor's creditors and their addresses, in accordance with Local Bankruptcy Rule 1007-2; and (ii) if the total number of creditors in the debtor's case (or the debtors' jointly administered cases) exceeds 200. *See* Del. Bankr. L.R. 1007-1(b); *see also* Fed. R. Bankr. P. 9006(a).

12. The Debtors have filed a creditor matrix (Docket No. 17) listing the Debtors' creditors and their addresses in accordance with Local Bankruptcy Rule 1007-2, which, on a consolidated basis, includes more than 200 creditors. Accordingly, by operation of Local Bankruptcy Rule 1007-1(b), the deadline for the Debtors to file their Schedules and Statements is automatically extended to thirty (30) days from the Petition Date.

13. This Court has authority to grant the Debtors' requested additional extension under Bankruptcy Rule 1007(c) and Local Bankruptcy Rule 1007-1(b). Bankruptcy Rule 1007(c) provides that "any extension of time to file schedules, statements, and other documents . . . may be granted only on motion for cause shown . . . ." Fed. R. Bankr. P. 1007(c). Similarly, Local Bankruptcy Rule 1007-1(b) provides that such an extension "shall be granted, for cause, only upon filing of a motion by the debtor . . . ." Del. Bankr. L.R. 1007-1(b).

14. The Debtors seek an extension of the deadline to file their Schedules and Statements imposed by Bankruptcy Rule 1007(c). Given the substantial burdens already imposed on the Debtors' management by the commencement of these chapter 11 cases, the competing demands upon the Debtors' employees, the time and attention the Debtors must devote to the chapter 11 process, including the competitive sale process to maximize value, and the size and complexity of the Debtors' operations, the Debtors believe they may be unable to complete their Schedules and Statements by the current deadline imposed by the Bankruptcy Rules.

15. Accordingly, the Debtors submit that "cause" exists to extend the current deadline imposed by Local Bankruptcy Rule 1007-1(b) for an additional 15 days. The requested extension will enhance the accuracy of the Debtors' Schedules and Statements and avoid the necessity of substantial subsequent amendments.

16. Courts in this district have routinely granted the same or similar relief as requested in this Motion to chapter 11 debtors. *See, e.g., In re Dendreon Corp.*, Case No. 14-12515 (LSS) (Bankr. D. Del. Nov. 10, 2014); *In re Exide Techs.*, Case No. 13-11482 (KJC) (Bankr. D. Del. June 10, 2013); *In re Synagro Techs., Inc.*, Case No. 13-11041 (BLS) (Bankr. D. Del. Apr. 24, 2013).

**NOTICE**

17.     Notice of this Motion shall be given to: (a) the Office of the United States Trustee for the District of Delaware; (b) the Debtors' consolidated top twenty (20) largest unsecured creditors, as identified in their chapter 11 petitions; (c) the DIP Lender; and (d) all parties requesting notices in these cases pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested in this Motion, the Debtors submit that no further notice is necessary.

**NO PRIOR REQUEST**

18.     No prior motion for the relief requested herein has been made to the Court or any other court.

**CONCLUSION**

WHEREFORE, the Debtors respectfully request that the Court enter the Order granting the relief requested herein and such other and further relief to which the Debtors may be justly entitled.

| | |
|---|---|
| Dated: March 21, 2017<br>Wilmington, Delaware | Respectfully submitted,<br><br>PEPPER HAMILTON LLP<br><br><br>/s/ Evelyn J. Meltzer<br>David B. Stratton (DE No. 960)<br>Evelyn J. Meltzer (DE No. 4581)<br>John H. Schanne, II (DE No. 5260)<br>Hercules Plaza, Suite 5100<br>1313 N. Market Street<br>P.O. Box 1709<br>Wilmington, DE  19899-1709<br>Telephone:  (302) 777-6500<br>Facsimile:  (302) 421-8390<br><br>*Proposed Counsel for the Debtors* |