# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>Bostwick Laboratories, Inc., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 17-10570 (BLS)<br><br>(Jointly Administered)<br><br>Objection Deadline: April 4, 2017 at 4:00 p.m. (ET)<br>Hearing Date: April 13, 2017 at 9:00 a.m. (ET) |

## MOTION OF THE DEBTORS FOR AN
## ORDER ESTABLISHING PROCEDURES FOR INTERIM
## COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS

The above captioned debtors and debtors-in-possession (collectively, the "Debtors") file this *Motion of the Debtors for an Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* (the "Motion"). In support hereof, the Debtors respectfully submit the following:

### JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012. This Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue is proper in the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The Debtors confirm their consent pursuant to Rule 9013-1(f) of the *Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware* (the "Local Rules") to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the

---

[1] The Debtors are the following entities (last four digits of EIN in parentheses): (i) Bostwick Laboratories, Inc., a Delaware corporation (3169); and (ii) Bostwick Laboratories Holdings, Inc., a Delaware corporation (1042). The mailing address for the Debtors is 100 Charles Lindbergh Blvd., Uniondale, NY 11553.

#42980422 v2

parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3. The bases for the relief requested herein are sections 105(a) and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Rule 2016-2.

## BACKGROUND

4. On March 15, 2017 (the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, thereby commencing the above-captioned bankruptcy cases.

5. The Debtors operate an independent, full-service anatomic pathology laboratory and are a specialty provider of diagnostic testing services for urologists and gynecologists in the U.S. The Debtors operate a reference laboratory offering a comprehensive suite of anatomic pathology and molecular testing services to independent physicians nationally.

6. The Debtors continue to operate their business and manage their property as debtors-in-possession pursuant to Bankruptcy Code sections 1107(a) and 1108.

7. No trustee, examiner, creditors' committee, or other official committee has been appointed in these chapter 11 cases.

8. Additional information regarding the Debtors and these cases, including the Debtors' business, organizational structure, financial condition, and the reasons for and objectives of these cases, is set forth in the *Declaration of Tammy Hunt in Support of Chapter 11 Petitions and First Day Pleadings* (the "First Day Declaration") (Docket No. 3), which is incorporated herein by reference.

## RELIEF REQUESTED

9.      By this Motion, the Debtors request the entry of an order, substantially in the form attached hereto as **Exhibit A** authorizing and establishing procedures for the compensation and reimbursement of professionals whose retentions are approved by this Court pursuant to Bankruptcy Code sections 327 or 1103 (collectively, the "Professionals") on a monthly basis, on terms comparable to the procedures established in other large chapter 11 cases. Such an order will streamline the professional compensation process and enable the Court and all other parties to monitor more effectively the professional fees incurred in these Bankruptcy Cases.

10.     Specifically, the Debtors propose that, except as otherwise provided in an order of the Court authorizing the retention of a particular Professional or in connection with the retention of ordinary course professionals, the Professionals be permitted to seek interim payment of compensation and reimbursement of expenses in accordance with the following procedures (collectively, the "Compensation Procedures"):

  a.    No earlier than the fifth (5th) day of the month following the month for which compensation is sought, each Professional seeking monthly compensation will file with the Court a statement of its fees and expenses (including the relevant time entry and description and expense detail) for an identified calendar month (a "Monthly Fee Application"), and serve such Monthly Fee Application on the following parties (collectively, the "Notice Parties"): (i) Bostwick Laboratories Inc., 100 Charles Lindbergh Blvd., Uniondale, NY 11553, Attn: James P. Carroll; (ii) Debtors' counsel, Pepper Hamilton LLP, Hercules Plaza, Suite 5100, 1313 N. Market Street, Wilmington, DE 19801, Attn: David B. Stratton; (iii) the Office of the United States Trustee, 844 King Street, Suite 2207, J. Caleb Boggs Federal Building, Lockbox

35, Wilmington, Delaware 19801 (Attn: Jane Leamy, Esq.); (iv) counsel for the debtor-in-possession lender (the "DIP Lender"), Baker, Donelson, Bearman, Caldwell & Berkowitz, PC, 165 Madison Avenue, Suite 2000, Memphis, Tennessee 38103, Attn: E. Franklin Childress, Jr., Esq. and Morris, Nichols, Arsht & Tunnell LLP, 1201 North Market Street, 16th Floor, Wilmington, Delaware 19801 (Attn: Derek C. Abbott, Esq.); and (v) counsel to any committee appointed in the Debtors' chapter 11 cases. Any Professional that fails to file a Monthly Fee Application for a particular month or months may subsequently submit a consolidated Monthly Fee Application for a particular month or months. All Monthly Fee Applications shall comply with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and applicable Third Circuit law.

    b. Each of the Notice Parties will have fourteen (14) days (or the next business day if such day is not a business day) from the date of service of a Monthly Fee Application (the "Review Period") to review the Monthly Fee Application. If no objections to a Monthly Fee Application are made in accordance with the procedures described in subparagraph (c) below during the Review Period, at the expiration of the Review Period, the Professional shall file a certificate of no objection. Upon filing of the certificate of no objection, the Debtors will promptly pay each Professional an amount equal to the lesser of: (i) 80 percent of the fees and 100 percent of the expenses requested in the Professional's Monthly Fee Application (the "Maximum Interim Payment"); or (ii) the aggregate amount of fees and expenses not subject to an objection pursuant to subparagraph (c) below (the "Actual Interim Payment").

    c. If a party in interest objects to the compensation or reimbursement of expenses sought in a Monthly Fee Application, such party must: (i) prepare a written statement setting forth the precise nature of the objection and the amount of objectionable fees

and expenses at issue (an "Objection"); and (ii) serve and file the Objection on the Professional that submitted the Monthly Fee Application and the other Notice Parties so that the Objection is received by these parties by the end of the Review Period.  Thereafter, the objecting party and the affected Professional may attempt to resolve the Objection on a consensual basis.  If the parties are unable to reach a resolution of the Objection within fourteen (14) days after service of the Objection, the affected Professional may either: (i) file the Objection with the Court, together with a request for payment of the difference between the Maximum Interim Payment and the Actual Interim Payment made to the affected Professional (the "Incremental Amount") or (ii) forgo payment of the Incremental Amount until the next interim or final fee application hearing, at which time the Court will consider and dispose of the Objection if requested by the Professional.

    d. Commencing with the period beginning on the Petition Date and ending on June 30, 2017, and at three month intervals thereafter (the "Interim Fee Period"), each of the Professionals will file with the Court and serve on the Notice Parties an application pursuant to section 331 of the Bankruptcy Code (an "Interim Fee Application") for interim Court approval and allowance of the compensation and reimbursement of expenses sought by the Professional in its Monthly Fee Applications, including any holdbacks, filed during the Interim Fee Period.  Interim Fee Applications must be filed within forty five (45) days after the end of the Interim Fee Period (the "Interim Application Filing Date") for which the application seeks allowance of fees and reimbursement of expenses.  An Interim Fee Application must identify: (i) the Monthly Fee Applications that are subject of the request, (ii) the amount of fees and expenses requested, (iii) the amount of fees and expenses paid to date or subject to an Objection, (iv) the deadline for parties to file objections (the "Additional Objections") to the Interim Fee

Application, (v) circumstances that are not apparent from the activity description or that the applicant wishes to bring to the Court's attention (i.e., special employment terms, billing policies, expense policies, voluntary reductions, reasons for use of multiple professionals or reason for substantial time billed to a specific activity), and (vi) a certification that the professional seeking compensation has reviewed the Local Rules.

      e. Any Professional that fails to file an Interim Fee Application when due will be ineligible to receive further monthly payments of fees or expenses under the Compensation Procedures until such time as an Interim Fee Application is submitted. There will be no other penalties for failing to submit an Interim Fee Application in a timely manner. Any Objections or Additional Objections to the Interim Fee Application shall be filed and served upon the affected Professional and the Notice Parties so as to be received on or before the fourteenth (14th) day (or the next business day if such day is not a business day) following the date of service of the Interim Fee Application. If no Objections are pending and no Additional Objections are timely filed, the Court may grant an Interim Fee Application without a hearing.

      f. All Interim Fee Applications that require a hearing will be scheduled for a hearing with the Court at the next omnibus hearing in these cases that is at least thirty (30) days after the end of the applicable Interim Fee Period, or at such other time as the Court deems appropriate.

      g. The pendency of an Objection to payment of compensation or reimbursement of expenses will not disqualify a Professional from the future payment of compensation or reimbursement of expenses under the Compensation Procedures.

      h. Neither (i) the payment of or the failure to pay, in whole or in part, interim compensation and reimbursement of expenses under the Compensation Procedures nor

(ii) the filing of, or failure to file, an Objection to any Monthly Fee Application or Interim Fee Application will bind any party in interest or the Court with respect to the allowance of applications for compensation and reimbursement of expenses of Professionals (including any Interim Fee Applications).

    i.  Professionals shall file final applications for compensation and reimbursement of expenses ("<u>Final Fee Application</u>") by such deadlines as may be established in a confirmed plan or other order of this Court. All final applications shall comply with the Bankruptcy Code, Bankruptcy Rules, the Local Rules, and orders of this Court.

    j.  All Monthly Fee Applications, Interim Fee Applications, and Final Fee Applications shall comply with the Bankruptcy Code, Bankruptcy Rules, the Local Rules and orders of this Court.

    11.  The Debtors also request that each member of any official creditors' committee be permitted to submit statements of expenses (excluding third-party counsel expenses of individual committee members) and supporting vouchers to the committee's counsel, which counsel will collect and submit the committee members' requests for reimbursement in accordance with the Compensation Procedures. Approval of these Compensation Procedures, however, will not authorize payment of such expenses to the extent that such authorization does not exist under the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, applicable Third Circuit law or the practices of this Court.

    12.  In addition, the Debtors request that the Court limit the notice of interim and final fee application requests to: (a) the Notice Parties; and (b) all parties that have filed a notice of appearance with the Clerk of this Court, pursuant to Bankruptcy Rule 2002, and requested such notice. The Debtors further request that: (a) the Notice Parties be entitled to

receive interim and final fee applications and any notice of hearing thereon (collectively, the "Hearing Notice"); and (b) all other parties entitled to notice be entitled to receive only the Hearing Notice. Providing notice of interim and final fee application requests in this manner will permit the parties most active in these chapter 11 cases to review professional fees.

**RELIEF REQUESTED**

13. Section 331 of the Bankruptcy Code provides, in relevant part, as follows:

> A trustee, an examiner, a debtor's attorney, or any professional person employed under section 327 or 1103 of this title may apply to the court not more than once every 120 days after an order for relief in a case under this title, or more often if the court permits, for such compensation for services rendered before the date of such an application or reimbursement for expenses incurred before such date as is provided under section 330 of this title. After notice and a hearing, the court may allow and disburse to such applicant such compensation or reimbursement,

11 U.S.C. § 331.

14. Section 331 of the Bankruptcy Code establishes the general rule that professionals may apply to the court for compensation for services and/or reimbursement of expenses only three times per year. However, section 331 of the Bankruptcy Code also expressly allows a court to permit the more frequent filing of such applications. In that vein, "[c]ourts have generally recognized that in large cases it is appropriate to allow payment of professionals more frequently." *In re Mariner Post-Acute Network, Inc.*, 257 B.R. 723, 727 (Bankr. D. Del. 2000).

15. Courts regularly have entered orders approving professional compensation procedures that provide for interim compensation and expense reimbursement on a monthly basis. The Debtors submit that the Compensation Procedures sought herein are appropriate

-8-

considering the factors articulated by the *Mariner* court. Moreover, the proposed Compensation Procedures are consistent with those established in other large chapter 11 cases in this District.

## NOTICE

16. Notice of this Motion shall be given to: (i) the office of the United States Trustee for the District of Delaware; (ii) those creditors holding the 20 largest unsecured claims on a consolidated basis against the Debtors' estates; (iii) the DIP Lender; and (iv) all parties requesting notices in these cases pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested in this Motion, the Debtors submit that no further notice is necessary.

## NO PRIOR REQUEST

17. No prior motion for the relief requested herein has been made to this Court or any other court.

## CONCLUSION

WHEREFORE, the Debtors respectfully request that the Court enter an order substantially in the form attached hereto as **Exhibit A** granting the relief requested herein and such other and further relief to which the Debtors may be justly entitled.

| | |
|---|---|
| Dated: March 21, 2017<br>Wilmington, Delaware | Respectfully submitted,<br><br>PEPPER HAMILTON LLP<br><br>/s/ John H. Schanne, II<br>David B. Stratton (DE No. 960)<br>Evelyn J. Meltzer (DE No. 4581)<br>John H. Schanne, II (DE No. 5260)<br>Hercules Plaza, Suite 5100<br>1313 N. Market Street<br>P.O. Box 1709<br>Wilmington, DE 19899-1709<br>Telephone: (302) 777-6500<br>Facsimile: (302) 421-8390<br><br>*Proposed Counsel for the Debtors* |

#42980422 v2