# <u>EXHIBIT A</u>

## Proposed Order

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| In re: <br><br> Bostwick Laboratories, Inc., *et al.*,[1] <br><br> Debtors. | Chapter 11 <br><br> Case No. 17-10570 (BLS) <br><br> (Jointly Administered) <br><br> **Related Docket No.: ___** |
|---|---|

**ORDER ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS**

Upon the motion ("Motion") of the above-captioned debtors and debtors-in-possession (the "Debtors"), for entry of an Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals, the Court having reviewed the Motion and having heard the statements of counsel and evidence adduced with respect to the Motion at a hearing before the Court (the "Hearing"); the Court finding that (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (ii) venue is proper in this district pursuant to 28 U.S.C. § 1409, (iii) this is a core proceeding pursuant to 28 U.S.C. § 157(b) and (iv) notice of the Motion and the Hearing was sufficient under the circumstances; after due deliberation the Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates and their creditors; and good and sufficient cause having been shown;

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED as set forth herein.

2. Except as otherwise provided in an order of the Court authorizing the retention of a particular professional, the professionals specifically retained pursuant to an order

---

[1] The Debtors are the following entities (last four digits of EIN in parentheses): (i) Bostwick Laboratories, Inc., a Delaware corporation (3169); and (ii) Bostwick Laboratories Holdings, Inc., a Delaware corporation (1042). The mailing address for the Debtors is 100 Charles Lindbergh Blvd., Uniondale, NY 11553.

of the Court in these cases (collectively, the "Professionals") may seek interim payment of compensation and reimbursement of expenses in accordance with the following procedures (collectively, the "Compensation Procedures"):

a. No earlier than the fifth (5th) day of the month following the month for which compensation is sought, each Professional seeking monthly compensation will file with the Court a statement of its fees and expenses (including the relevant time entry and description and expense detail) for an identified calendar month (a "Monthly Fee Application"), and serve such Monthly Fee Application on the following parties (collectively, the "Notice Parties"): (i) Bostwick Laboratories Inc., 100 Charles Lindbergh Blvd., Uniondale, NY 11553, Attn: James P. Carroll; (ii) Debtors' counsel, Pepper Hamilton LLP, Hercules Plaza, Suite 5100, 1313 N. Market Street, Wilmington, DE 19801, Attn: David B. Stratton; (iii) the Office of the United States Trustee, 844 King Street, Suite 2207, J. Caleb Boggs Federal Building, Lockbox 35, Wilmington, Delaware 19801 (Attn: Jane Leamy, Esq.); (iv) counsel for the debtor-in-possession lender (the "DIP Lender"), Baker, Donelson, Bearman, Caldwell & Berkowitz, PC, 165 Madison Avenue, Suite 2000, Memphis, Tennessee 38103, Attn: E. Franklin Childress, Jr., Esq. and Morris, Nichols, Arsht & Tunnell LLP, 1201 North Market Street, 16th Floor, Wilmington, Delaware 19801 (Attn: Derek C. Abbott, Esq.); and (v) counsel to any committee appointed in the Debtors' chapter 11 cases. Any Professional that fails to file a Monthly Fee Application for a particular month or months may subsequently submit a consolidated Monthly Fee Application for a particular month or months. All Monthly Fee Applications shall comply with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and applicable Third Circuit law.

b. Each of the Notice Parties will have fourteen (14) days (or the next business day if such day is not a business day) from the date of service of a Monthly Fee Application (the "Review Period") to review the Monthly Fee Application. If no objections to a Monthly Fee Application are made in accordance with the procedures described in subparagraph (c) below during the Review Period, at the expiration of the Review Period, the Professional shall file a certificate of no objection. Upon filing of the certificate of no objection, the Debtors will promptly pay each Professional an amount equal to the lesser of: (i) 80 percent of the fees and 100 percent of the expenses requested in the Professional's Monthly Fee Application (the "Maximum Interim Payment"); or (ii) the aggregate amount of fees and expenses not subject to an objection pursuant to subparagraph (c) below (the "Actual Interim Payment").

c. If a party in interest objects to the compensation or reimbursement of expenses sought in a Monthly Fee Application, such party must: (i) prepare a written statement setting forth the precise nature of the objection and the amount of objectionable fees and expenses at issue (an "Objection"); and (ii) serve and file the Objection on the Professional that submitted the Monthly Fee Application and the other Notice Parties so that the Objection is received by these parties by the end of the Review Period. Thereafter, the objecting party and the affected Professional may attempt to resolve the Objection on a consensual basis. If the parties are unable to reach a resolution of the Objection within fourteen (14) days after service of the Objection, the affected Professional may either: (i) file the Objection with the Court, together with a request for payment of the difference between the Maximum Interim Payment and the Actual Interim Payment made to the affected Professional (the "Incremental Amount"); or (ii) forgo payment of the Incremental Amount until the next interim or final fee application

hearing, at which time the Court will consider and dispose of the Objection if requested by the Professional.

d. Commencing with the period beginning on the Petition Date and ending on June 30, 2017, and at three month intervals thereafter (the "Interim Fee Period"), each of the Professionals will file with the Court and serve on the Notice Parties an application pursuant to section 331 of the Bankruptcy Code (an "Interim Fee Application") for interim Court approval and allowance of the compensation and reimbursement of expenses sought by the Professional in its Monthly Fee Applications, including any holdbacks, filed during the Interim Fee Period. Interim Fee Applications must be filed within forty five (45) days after the end of the Interim Fee Period (the "Interim Application Filing Date") for which the application seeks allowance of fees and reimbursement of expenses. An Interim Fee Application must identify: (i) the Monthly Fee Applications that are subject of the request, (ii) the amount of fees and expenses requested, (iii) the amount of fees and expenses paid to date or subject to an Objection, (iv) the deadline for parties to file objections (the "Additional Objections") to the Interim Fee Application, (v) circumstances that are not apparent from the activity description or that the applicant wishes to bring to the Court's attention (i.e., special employment terms, billing policies, expense policies, voluntary reductions, reasons for use of multiple professionals or reason for substantial time billed to a specific activity), and (vi) a certification that the professional seeking compensation has reviewed the Local Rules.

e. Any Professional that fails to file an Interim Fee Application when due will be ineligible to receive further monthly payments of fees or expenses under the Compensation Procedures until such time as an Interim Fee Application is submitted. There will be no other penalties for failing to submit an Interim Fee Application in a timely manner. Any

Objections or Additional Objections to the Interim Fee Application shall be filed and served upon the affected Professional and the Notice Parties so as to be received on or before the fourteenth (14th) day (or the next business day if such day is not a business day) following the date of service of the Interim Fee Application. If no Objections are pending and no Additional Objections are timely filed, the Court may grant an Interim Fee Application without a hearing.

f. All Interim Fee Applications that require a hearing will be scheduled for a hearing with the Court at the next omnibus hearing in these cases that is at least thirty (30) days after the end of the applicable Interim Fee Period, or at such other time as the Court deems appropriate.

g. The pendency of an Objection to payment of compensation or reimbursement of expenses will not disqualify a Professional from the future payment of compensation or reimbursement of expenses under the Compensation Procedures.

h. Neither (i) the payment of or the failure to pay, in whole or in part, interim compensation and reimbursement of expenses under the Compensation Procedures nor (ii) the filing of, or failure to file, an Objection to any Monthly Fee Application or Interim Fee Application will bind any party in interest or the Court with respect to the allowance of applications for compensation and reimbursement of expenses of Professionals (including any Interim Fee Applications).

i. Professionals shall file final applications for compensation and reimbursement of expenses ("Final Fee Application") by such deadlines as may be established in a confirmed plan or other order of this Court. All final applications shall comply with the Bankruptcy Code, Bankruptcy Rules, the Local Rules, and orders of this Court.

j. All Monthly Fee Applications, Interim Fee Applications, and Final Fee Applications shall comply with the Bankruptcy Code, Bankruptcy Rules, the Local Rules and orders of this Court.

3. Each member of any official creditors' committee is permitted to submit statements of expenses (excluding third-party counsel expenses of individual committee members) and supporting vouchers to the committee's counsel, which counsel shall collect and submit the committee members' requests for reimbursement in accordance with the Compensation Procedures. Approval of these Compensation Procedures, however, shall not authorize payment of such expenses to the extent that such authorization does not exist under the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, applicable Third Circuit law or the practices of this Court.

4. The notice on Monthly, Interim and Final Fee Applications is limited to: (a) the Notice Parties; and (b) all parties that have filed a notice of appearance with the Clerk of this Court, pursuant to Bankruptcy Rule 2002, and requested such notice. Additionally, the notice shall be limited as follows: (a) the Notice Parties are entitled to receive Interim and Final Fee applications and the Hearing Notice; and (b) all other parties entitled to notice are only entitled to receive the Hearing Notice. No other or further notice is required.

5. The Professionals shall be required to serve the Interim Fee Applications and the Final Fee Applications only on the Notice Parties, and all other parties that have filed a request for special notice with the Clerk of this Court pursuant to Bankruptcy Rule 2002 shall be entitled to receive only notice of hearings on the Interim Fee Applications and Final Fee Application.

6. In each Interim Fee Application and Final Fee Application, all attorneys (collectively, the "Attorneys") who have been or are hereafter retained pursuant to sections 327, 363, or 1103 of the Bankruptcy Code, shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtors' chapter 11 cases in compliance with section 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, Local Bankruptcy Rules, and any other applicable procedures and orders of the Court.

7. All notices given in accordance with the Compensation Procedures set forth herein shall be deemed sufficient and adequate notice in full compliance with the applicable provisions of the Bankruptcy Code, Bankruptcy Rules and Local Rules.

8. The Debtors shall include all payments made to Professionals in accordance with the Compensation Procedures in its monthly operating reports, identifying the amount paid to each of the Professionals.

9. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion, and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

10. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

11. The Court retains exclusive jurisdiction with respect to all matters arising from or elated to the implementation of this Order.

Dated: April __, 2017
Wilmington, Delaware

______________________________________
THE HONORABLE BRENDAN L. SHANNON
CHIEF UNITED STATES BANKRUPTCY JUDGE