**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>Bostwick Laboratories, Inc., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 17- 10570 (BLS)<br><br>(Jointly Administered)<br><br>Hearing Date: April 13, 2017 at 9:00 am (EDT)<br>Objection Deadline: April 4, 2017 at 4:00 pm (EDT) |

**DEBTORS' APPLICATION PURSUANT TO 11 U.S.C. §§ 327(a), 330 AND 331 AND
RULES 2014 AND 2016 OF THE FEDERAL RULES OF BANKRUPTCY
PROCEDURE AND LOCAL BANKRUPTCY RULE 2014-1 FOR AN ORDER
AUTHORIZING THE EMPLOYMENT AND RETENTION OF
DONLIN, RECANO & COMPANY, INC., *NUNC PRO TUNC*, AS
ADMINISTRATIVE AGENT FOR THE DEBTORS**

The above-captioned debtors and debtors-in-possession (the "Debtors") hereby submit this application (the "Section 327 Application"), for entry of an order under sections 327(a), 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2014-1 of the Local Bankruptcy Rules for the District of Delaware (the "Local Rules") authorizing the employment and retention of Donlin, Recano & Company, Inc. ("Donlin Recano") as Administrative Agent for the Debtors in these chapter 11 cases (the "Administrative Agent") *nunc pro tunc* to the Petition Date (as defined below). In support of the Section 327 Application, the Debtors submit the Affidavit of Roland Tomforde In Support of Debtors' Application Pursuant to 11 U.S.C. §§ 327(a), 330 And 331, Rules 2014 and 2016 of Bankruptcy Rules and Local Rule 2014-1 authorizing the employment and retention of Donlin, Recano & Company, Inc. as Administrative Agent for the Debtors (the "Tomforde Affidavit"), a copy of which is

---

[1] The Debtors are the following entities (last four digits of EIN in parentheses): (i) Bostwick Laboratories, Inc., a Delaware corporation (3169); and (ii) Bostwick Laboratories Holdings, Inc., a Delaware corporation (1042). The mailing address for the Debtors is 100 Charles Lindbergh Blvd., Uniondale, NY 11553.

attached hereto as Exhibit B. In further support of the Section 327 Application, the Debtors, by and through their undersigned counsel, respectfully represent:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction to consider this Section 327 Application pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding under 28 U.S.C. § 157(b). Venue of these cases and this Section 327 Application in this District is proper under 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested herein are Bankruptcy Code sections 327(a), 330, 331, Bankruptcy Rules 2014 and 2016 and Local Rule 2014-1.

**BACKGROUND**

2. On March 15, 2017 (the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, thereby commencing the above-captioned bankruptcy cases (the "Chapter 11 Cases").

3. The Debtors operate an independent, full-service anatomic pathology laboratory and are a specialty provider of diagnostic testing services for urologists and gynecologists in the U.S. The Debtors operate a reference laboratory offering a comprehensive suite of anatomic pathology and molecular testing services to independent physicians nationally.

4. The Debtors continue to operate their business and manage their property as debtors-in-possession pursuant to Bankruptcy Code sections 1107(a) and 1108.

5. No trustee, examiner, creditors' committee, or other official committee has been appointed in these Chapter 11 Cases.

6. Additional information regarding the Debtors and these cases, including the Debtors' business, organizational structure, financial condition, and the reasons for and objectives of these cases, is set forth in the *Declaration of Tammy Hunt in Support of Chapter 11*

*Petitions and First Day Pleadings* (the "First Day Declaration") (Docket No. 3), which is incorporated herein by reference.

**RELIEF REQUESTED**

7. By this Section 327 Application, the Debtors seek entry of an order authorizing them to employ and retain Donlin Recano as Administrative Agent for the Debtors pursuant to the terms and conditions of the Voting and Consulting Services Agreement (the "Services Agreement"), a copy of which is attached hereto as Exhibit A.

8. In addition to this Section 327 Application, the Debtors have filed an application under 28 U.S.C. § 156(c) for authorization to retain Donlin Recano to serve as the claims and noticing agent in these cases (the "Section 156(c) Application"). The Section 156(c) Application was approved by order of this Court (the "Section 156(c) Order") (DI 45).

9. Given that the administration of these cases will require Donlin Recano to perform duties outside the scope of 28 U.S.C. § 156 (c), the Debtors supplement the Section 156 (c) Application with this Section 327 Application.

10. 11 U.S.C. § 327(a) provides that a debtor, subject to Court approval:

> . . . [M]ay employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the [debtor] in carrying out the [debtor]'s duties under this title.

11 U.S.C. § 327(a).

11. Bankruptcy Rule 2014(a) requires that an application for retention include:

> . . . [S]pecific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm's] connections with the debtor, creditors, any other party in

interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

Fed. R. Bankr. P. 2014.

## **SERVICES TO BE RENDERED**

12. The Debtors seek to retain Donlin Recano to provide, among other things, the following bankruptcy administrative services, if and to the extent requested:

(a) Assist with, among other things, solicitation, balloting and tabulation and calculation of votes, as well as preparing any appropriate reports, as required in furtherance of confirmation of plan(s) of reorganization (the "Balloting Services");

(b) Generating an official ballot certification and testifying, if necessary, in support of the ballot tabulation results;

(c) In connection with the Balloting Services, handle requests for documents from parties in interest, including, if applicable, brokerage firms and bank back-offices and institutional holders;

(d) Gather data in conjunction with the preparation, and assist with the preparation, of the Debtors' schedules of assets and liabilities;

(e) Managing and coordinating any distributions pursuant to a confirmed plan of reorganization or otherwise; and

(f) Provide such other processing, solicitation, balloting and other administrative services described in the Services Agreement, but not included in the Section 156(c) Application, as may be requested from time to time by the Debtors, the Court or the Clerk.

13. Donlin Recano's vast experience in bankruptcy administrative services and in facilitating the solicitation of plan votes has led the Debtors to seek to retain Donlin Recano as Administrative Agent to assist the Debtors in performing certain administrative functions,

including plan-related solicitation services such as vote tabulation, noticing, consultation, and if necessary, distribution of voting documents to the creditors entitled to vote on the plan.

## QUALIFICATIONS

14. The Debtors believe that Donlin Recano is well-qualified to serve in the capacity as Administrative Agent and that Donlin Recano's retention is in the best interests of the Debtors' estates, creditors, and other parties-in-interest. The Debtors chose Donlin Recano based on both its experience and the competitiveness of its fees. Donlin Recano has provided identical or substantially similar services in other Chapter 11 Cases filed in this District and elsewhere, including, among others: See e.g.., *In re: Emerald Oil, Inc., et al.*, Case No. 16-10704 (KG) (Bankr. D. Del. 2016); *In re: Roadhouse Holding Inc., et al.*, Case No. 16-11819 (BLS) (Bankr. D. Del. 2016); *In re: Solutions Liquidation LLC, et al.,* Case No. 16-10627 (CSS) (Bankr. D. Del. 2016); *In re: Newbury Common Associates, LLC, et al.*, Case No. 15-12507 (LSS) (Bankr. D. Del. 2015); *In re: Boomerang Tube, LLC, et al.*, Case No. 15-11247 (MFW) (Bankr. D. Del. 2015); *In re: Seal 123, Inc. et al.*, Case No. 15-10081(CSS) (Bankr. D. Del. 2015); *In re: Egenix, Inc.*, Case No. 14-12818 (BLS) (Bankr. D. Del. 2014); *In re: Longview Power, LLC, et al.,* Case No. 13-12211 (BLS) (Bankr. D. Del. 2013); *In re: Rural/Metro Corporation et al.,* Case No. 13-11952 (KJC) (Bankr. D. Del. 2013); *In re: Handy Hardware Wholesale, Inc.*, Case No. 13-10060 (MFW) (Bankr. D. Del. 2013); *In re: Prommis Holdings, LLC., et al*., Case No. 13-10551 (BLS) (Bankr. D. Del. 2013); *In re: Saab Cars North America, Inc.*, Case No. 12-10344 (CSS) (Bankr. D. Del. 2012); *In re: Wolverine Tube, Inc., et al*, Case No. 10-13522 (PJW) (Bankr. D. Del. 2010); *In re: The Penn Traffic Company, et al,* Case No. 09-14078 (PJW) (Bankr. D. Del. 2009); *In re: Butler Services International, Inc., .et al.*, Case No. 09-11914 (KJC) (Bankr. D. Del. 2009); *In re: Lillian Vernon Corporation, et al*, Case No.

08-10323 (BLS) (Bankr. D. Del. 2008); *In re: Hancock Fabrics, Inc., et al*, Case No. 07-10353 (BLS) (Bankr. D. Del. 2007); *In re: Freedom Rings, LLC*, Case No. 05-14268 (CSS) (Bankr. D. Del. 2005).

## COMPENSATION

15. The Debtors propose to compensate Donlin Recano in accordance with the Services Agreement. The Services Agreement sets forth the proposed hourly consulting fee rates, which are subject to adjustment based on Donlin Recano's ordinary billing practices. Consistent with company policy with respect to its other clients, Donlin Recano will charge the Debtors for all services provided and for other charges and disbursements incurred in the rendition of services. These charges and disbursements include (without limitation) costs for photocopying, electronic data management services, including scanning and document imaging, travel, travel-related expenses, meals, messengers, couriers, postage and other fees related to the services.

16. During the course of these cases, Donlin Recano will apply to the Court for allowance of compensation for professional services rendered and reimbursement of expenses incurred in connection with the services rendered in connection with the Services Agreement in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the United States Trustee Fee Guidelines, and any orders entered in these cases governing professional compensation and reimbursement for services rendered and charges and disbursements incurred.

17. The Debtors believe that the rates to be charged by Donlin Recano for its services are competitive and are either at or below the rates charged by its competitors. Prior to the filing

of the Chapter 11 Cases, the Debtors paid Donlin Recano a retainer of $15,000 in connection with retention under the Section 156 (c) Application.

## DISINTERESTEDNESS

18. The Debtors understand that except as otherwise set forth in the accompanying Tomforde Affidavit and other than in connection with this case, Donlin Recano and its employees, (a) do not have any connection with any of the Debtors, their affiliates, their creditors, or any other party in interest, or their respective attorneys and accountants, the United States Trustee for the District of Delaware or any person employed in the office of the same, or any judge in the Bankruptcy Court for the District of Delaware or any person employed in the offices of the same with respect to any matter for which it will be employed; (b) are "disinterested persons", as that term is defined in section 101(14) of the Bankruptcy Code; and (c) do not hold or represent any interest adverse to the estates.

19. In the Tomforde Affidavit, Donlin Recano represents, among other things that:

(a) it will not consider itself employed by the United States government and shall not seek any compensation from the United States government in its capacity as the administrative agent in these cases;

(b) by accepting employment in these cases, Donlin Recano waives any right to receive compensation from the United States government in connection with these Chapter 11 Cases;

(c) it is not an agent of the United States and is not acting on behalf of the United States in these cases;

(d) it will not misrepresent any fact to the public; and

(e) it will not employ any past or present employees of the Debtors in connection with its work as Administrative Agent in these Chapter 11 Cases.

20. Donlin Recano will conduct an ongoing review of its files to ensure that no

conflict or other disqualifying circumstances exist or arise. If any new facts are discovered, Donlin Recano will supplement its disclosure to the Court.

21. For the foregoing reasons, the Debtors believe that the retention of Donlin Recano is in their best interest and the best interests of their estates, creditors, and other parties-in-interest, and therefore, the Debtors desire to retain and to employ Donlin Recano as their Administrative Agent upon the terms set forth herein and in the Services Agreement.

## **NOTICE**

22. Notice of this Section 327 Application shall be given to: (a) the Office of the United States Trustee for the District of Delaware; (b) the Debtors' consolidated top twenty (20) largest unsecured creditors, as identified in their chapter 11 petitions; (c) the DIP Lender; and (d) all parties requesting notices in these cases pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested, the Debtors submit that no other or further notice is necessary.

## **NO PRIOR REQUEST**

23. No prior motion or application for the relief requested herein has been made to this or any other court.

#43203839 v2

## CONCLUSION

WHEREFORE, the Debtors respectfully request the entry of an order, substantially in the form of <u>Exhibit C</u>, authorizing Donlin Recano to act as Administrative Agent to the Debtors *nunc pro tunc* to the Petition Date, and granting the relief requested herein and such other and further relief as the Court deems just and proper.

Dated: March 21, 2017  
Wilmington, Delaware

Respectfully submitted,

PEPPER HAMILTON LLP

/s/ John H. Schanne, II  
David B. Stratton (DE No. 960)  
Evelyn J. Meltzer (DE No. 4581)  
John H. Schanne, II (DE No. 5260)  
Hercules Plaza, Suite 5100  
1313 N. Market Street  
P.O. Box 1709  
Wilmington, DE  19899-1709  
Telephone:  (302) 777-6500  
Facsimile:  (302) 421-8390

*Proposed Counsel for the Debtors*