**<u>EXHIBIT C</u>**

**PROPOSED FORM OF ORDER**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Bostwick Laboratories, Inc., *et al.*,[4] | Case No. 17- 10570 (BLS) |
| Debtors. | (Jointly Administered) |
| | **Related Docket No. ___** |

### ORDER PURSUANT TO 11 U.S.C. §§ 327(a), 330 AND 331 AND, RULES 2014 AND 2016 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE, AND LOCAL BANKRUPTCY RULE 2014-1 AUTHORIZING THE EMPLOYMENT AND RETENTION OF DONLIN, RECANO & COMPANY, INC., *NUNC PRO TUNC* TO THE <u>PETITION DATE, AS ADMINISTRATIVE AGENT FOR THE DEBTORS</u>

Upon consideration of the application (the "<u>Section 327 Application</u>")[5] of the Debtors for entry of an order (the "<u>Order</u>") under sections 327(a), 330, and 331 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>") and Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>") and Local Bankruptcy Rule 2014-1 of the Local Bankruptcy Rules for the District of Delaware (the "<u>Local Rules</u>") authorizing the retention and employment of Donlin, Recano & Company, Inc. ("<u>Donlin Recano</u>") as administrative agent in the Debtors' chapter 11 cases pursuant to the terms set forth in the Services Agreement and all as described more fully in the Section 327 Application; and upon the Affidavit of Roland Tomforde in Support of the Section 327 Application (the "<u>Tomforde Affidavit</u>"), and the Debtors having estimated that the size and complexity of these cases warrants the retention of an agent to assist with certain administrative duties; and the Court being satisfied that Donlin Recano has the

---

[4] The Debtors are the following entities (last four digits of EIN in parentheses): (i) Bostwick Laboratories, Inc., a Delaware corporation (3169); and (ii) Bostwick Laboratories Holdings, Inc., a Delaware corporation (1042). The mailing address for the Debtors is 100 Charles Lindbergh Blvd., Uniondale, NY 11553.

[5] Capitalized terms used, but not otherwise defined, herein shall have those meanings ascribed to them in the Section 327 Application.

capability and experience to provide such services and the Court being satisfied, based upon the representations made in the Section 327 Application and in the Tomforde Affidavit, that Donlin Recano is a "disinterested person" as such term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, and, as required by section 327(a) of the Bankruptcy Code, neither represents nor holds an interest adverse to the Debtors and their estates; and this Court having determined that the relief requested in the Section 327 Application is in the best interests of the Debtors, their estates, their creditors and other parties-in-interest; and it appearing that proper and adequate notice of the Section 327 Application has been given and that no other or further notice is necessary; and after due deliberation thereon; and good and sufficient cause appearing therefore, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT:**

1.   The Section 327 Application is GRANTED as set forth in this Order.

2.   The Debtors are authorized to employ and retain Donlin Recano as their administrative agent as of the Petition Date, *nunc pro tunc* to the Petition Date, on the terms set forth in the Section 327 Application, the Services Agreement and this Order.  Donlin Recano is authorized to provide the administrative services described in the Section 327 Application.

3.   The terms of the Services Agreement, including without limitation, the fee provisions, are reasonable terms and conditions of employment and are approved.

4.   With respect to services to be provided as Administrative Agent for the Debtors, Donlin Recano shall apply to the Court for allowances of compensation and reimbursement of out-of-pocket expenses incurred in these cases after the filing of the petitions in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the United States Trustee Fee Guidelines, and any orders entered in these cases governing

professional compensation and reimbursement for services rendered and charges and disbursements incurred.

5.     The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

6.     Donlin Recano is authorized and empowered to take all actions necessary to comply with all duties set forth in the Section 327 Application and this Order.

7.     The Debtors shall indemnify Donlin Recano under the terms of the Services Agreement, provided that Donlin Recano shall not be entitled to indemnification, contribution or reimbursement pursuant to the Services Agreement for services other than the services provided under the Services Agreement, unless such services and the indemnification, contribution or reimbursement therefore are approved by the Court.

8.     Notwithstanding anything to the contrary in the Services Agreement, the Debtors shall have no obligation to indemnify Donlin Recano, or provide contribution or reimbursement to Donlin Recano, for any claim or expense that is either: (i) judicially determined (the determination having become final) to have arisen from Donlin Recano's gross negligence, willful misconduct, or fraud; (ii) for a contractual dispute in which the Debtors allege the breach of Donlin Recano's contractual obligations if the Court determines that indemnification, contribution or reimbursement would not be permissible pursuant to *In re United Artists Theatre Co., et al*., 315 F.3d 217 (3d Cir. 2003), or (iii) settled prior to a judicial determination under (i) or (ii), but determined by this Court, after notice and a hearing, to be a claim or expense for which Donlin Recano should not receive indemnity, contribution or reimbursement under the terms of the Services Agreement as modified by this Order.

9.     If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in

- 3 -

these cases (that order having become a final order no longer subject to appeal), or (ii) the entry of an order closing these chapter 11 cases, Donlin Recano believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution and/or reimbursement obligations under the Services Agreement (as modified by this Order), including without limitation the advancement of defense costs, Donlin Recano must file an application therefore in this Court, and the Debtors may not pay any such amounts to Donlin Recano before the entry of an order by this Court approving the payment.  This paragraph is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by Donlin Recano for indemnification, contribution or reimbursement, and not a provision limiting the duration of the Debtors' obligation to indemnify Donlin Recano.  All parties in interest shall retain the right to object to any demand by Donlin Recano for indemnification, contribution or reimbursement.

10.    In the event of an inconsistency between the Section 327 Application, the Services Agreement, and this Order, this Order shall govern.

11.    Notwithstanding the possible applicability of Bankruptcy Rules 6004, 7062, or 9014, or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

12.    This Court shall retain jurisdiction with respect to all matters relating to the interpretation or implementation of this Order.

Dated:  April __, 2017
        Wilmington, Delaware

_____
THE HONORABLE BRENDAN L. SHANNON
CHIEF UNITED STATES BANKRUPTCY JUDGE