# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>Bostwick Laboratories, Inc., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 17- 10570 (BLS)<br><br>(Jointly Administered)<br><br>Hearing Date: April 13, 2017 at 9:00 (EDT)<br>Objection Deadline: April 4, 2017 at 4:00 pm (EDT) |

**APPLICATION OF DEBTORS FOR ENTRY OF AN ORDER PURSUANT TO 11 U.S.C. § 327(A) AUTHORIZING THE EMPLOYMENT AND RETENTION OF PEPPER HAMILTON LLP AS COUNSEL TO THE DEBTORS, *NUNC PRO TUNC* TO THE PETITION DATE**

The above-captioned debtors and debtors in possession (the "Debtors") file this application (the "Application") for the entry of an order authorizing the employment and retention of Pepper Hamilton LLP ("Pepper Hamilton") as counsel to the Debtors *nunc pro tunc* to March 15, 2017. In support of this Application, the Debtors rely on the Declaration of David B. Stratton, a partner of Pepper Hamilton (the "Stratton Declaration"), attached hereto as **Exhibit A,** and the Declaration of Tammy Hunt of Bostwick Laboratories, Inc., attached hereto as **Exhibit B**. In further support of this Application, the Debtors respectfully state as follows:

## JURISDICTION

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012. This Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue is proper in the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[1] The Debtors are the following entities (last four digits of EIN in parentheses): (i) Bostwick Laboratories, Inc., a Delaware corporation (3169); and (ii) Bostwick Laboratories Holdings, Inc., a Delaware corporation (1042). The mailing address for the Debtors is 100 Charles Lindbergh Blvd., Uniondale, NY 11553.

2. The Debtors confirm their consent pursuant to Rule 9013-1(f) of the *Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware* (the "Local Rules") to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3. The bases for the relief requested herein are sections 327(a) and 330 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), and Local Rules 2014-1 and 2016-2.

## BACKGROUND

4. On March 15, 2017 (the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, thereby commencing the above-captioned bankruptcy cases.

5. The Debtors operate an independent, full-service anatomic pathology laboratory and are a specialty provider of diagnostic testing services for urologists and gynecologists in the U.S. The Debtors operate a reference laboratory offering a comprehensive suite of anatomic pathology and molecular testing services to independent physicians nationally.

6. The Debtors continue to operate their business and manage their property as debtors-in-possession pursuant to Bankruptcy Code sections 1107(a) and 1108.

7. No trustee, examiner, creditors' committee, or other official committee has been appointed in these chapter 11 cases.

8. Additional information regarding the Debtors and these cases, including the Debtors' business, organizational structure, financial condition, and the reasons for and objectives of these cases, is set forth in the *Declaration of Tammy Hunt in Support of Chapter 11 Petitions and First Day Pleadings* (the "First Day Declaration") (Docket No. 3), which is incorporated herein by reference.

## RELIEF REQUESTED

9. By this Application, the Debtors seek the entry of an order, substantially in the form attached hereto as **Exhibit C** (the "Order"), authorizing the employment and retention of Pepper Hamilton as their counsel *nunc pro tunc* to the Petition Date.

## RETENTION OF PEPPER HAMILTON

### Necessity For Employment

10. The Debtors seek to retain Pepper Hamilton as their counsel because of Pepper Hamilton's extensive experience and knowledge in the field of debtors' and creditors' rights and business reorganizations under chapter 11 of the Bankruptcy Code and because of its expertise, experience, and knowledge in practicing before this Court. Prior to and since the Petition Date, Pepper Hamilton has become familiar with the Debtors' businesses and affairs as well as many of the potential legal issues that may arise in these bankruptcy cases. Accordingly, the Debtors believe that Pepper Hamilton is both well-qualified and uniquely able to represent them in these chapter 11 cases in an efficient and timely manner.

### Billing and Staffing Disclosures

11. The primary Pepper Hamilton attorneys and paraprofessionals staffed on these cases, subject to modification depending upon further development, are as set forth below:

| Name | Title | Hourly Rate |
|---|---|---|
| David M. Stratton | Partner | $835 |
| Evelyn J. Meltzer | Partner | $555 |
| John H. Schanne, II | Associate | $475 |
| Susan M. Henry | Paralegal | $275 |
| Rebecca S. Hudson | Paralegal | $240 |

**Services To Be Rendered**

12. The professional services that Pepper Hamilton will render to the Debtors include, but shall not be limited to, the following:

    (a)    advising the Debtors of their rights, powers, and duties as debtors and debtors in possession under chapter 11 of the Bankruptcy Code;

    (b)    taking action to protect and preserve the Debtors' estates, including the prosecution of actions on the Debtors' behalf, the defense of actions commenced against the Debtors in these chapter 11 cases, the negotiation of disputes in which the Debtors are involved, and the preparation of objections to claims filed against the Debtors;

    (c)    assisting in preparing on behalf of the Debtors, motions, applications, answers, orders, reports, and papers in connection with the administration of the Debtors' estates, coordinating service of the same and prosecuting the same;

    (d)    prosecuting on behalf of the Debtors the proposed sale and any proposed plan and seeking approval of all transactions contemplated therein and in any amendments thereto; and

    (e)    performing other necessary or desirable legal services in connection with these chapter 11 cases.

13. Pepper Hamilton has agreed to act on behalf of, and to render such services to, the Debtors.

## DISINTERESTEDNESS OF PEPPER HAMILTON

14. To the best of the Debtors' knowledge, except as set forth in the Stratton Declaration, Pepper Hamilton, its partners, counsel and associates (a) are not creditors, equity security holders or insiders of the Debtors, (b) are not and were not, within two years before the Petition Date, directors, officers or employees of the Debtors, (c) do not hold or represent any interest materially adverse to the interest of the Debtors' estates and (d) are not related to any judge of this Court, the U.S. Trustee or any employee of the U.S. Trustee in this District, except that (i) Edward C. Toole, Jr., an attorney at Pepper Hamilton, is the husband of The Honorable Mary F. Walrath; Mr. Toole is not involved in this engagement; and (ii) U.S. Trustee trial attorneys Linda Casey and Hannah McCollum were formerly associates at Pepper Hamilton.

15. Except as otherwise disclosed herein and in the Stratton Declaration submitted concurrently herewith, Pepper Hamilton has not represented the Debtors, their creditors, equity security holders, or any other parties in interest, or their respective attorneys, in any matter relating to the Debtors or their estates.

16. Accordingly, the Debtors believes that Pepper Hamilton, its partners, counsel and associates are "disinterested persons" within the meaning of section 101(14), as modified by section 1107(b) of the Bankruptcy Code, and that Pepper Hamilton's representation of the Debtors is permissible under sections 327(a) and 328(a) of the Bankruptcy Code and is in the best interests of parties-in-interest.

17. Pepper Hamilton is conducting a continuing inquiry into any matters that would affect its disinterested status. In the event additional disclosure is necessary, Pepper Hamilton will file a supplemental verified statement setting forth any facts and circumstances relevant thereto.

#42990117 v5

## PREPETITION SERVICES RENDERED

18. Other than in connection with the filing of these chapter 11 proceedings, within one year of the Petition Date, Pepper Hamilton did not receive any payments from the Debtors on account of services rendered by Pepper Hamilton.

19. Pepper Hamilton was first contacted about representing the Debtors on January 23, 2017 and first began to work on the matter on February 1, 2017. On February 10, 2017, Pepper Hamilton received a $50,000 retainer from the Debtors. Between February 10, 2017 and the Petition Date, Pepper Hamilton received an additional $206,596.55 in retainer and advances against legal fees and expense. Pepper Hamilton applied this amount to its pre-petition statements for services rendered and disbursements incurred in the amount of $241,221.05. Pepper Hamilton continues to hold a net retainer and advance of $15,375.50, which will be held as retainer in these chapter 11 cases for application toward, and payment of, post-petition fees and expenses incurred by Pepper Hamilton and approved by the Court.

| Date | | Invoice Amount | Receipt/Debit Amount | Balance of Retainer |
|---|---|---|---|---|
| 2/10/2017 | Retainer Received | | $50,000.00 | $50,000.00 |
| 2/15/2017 | Billed to client: Inv 11023861 | $21,986.00 | | $50,000.00 |
| 2/22/2017 | Billed to client: Inv 11025086 | $16,893.00 | | $50,000.00 |
| 2/22/2017 | Retainer Received | | $21,986.00 | $71,986.00 |
| 2/22/2017 | Retainer Received | | $16,893.00 | $88,879.00 |
| 2/28/2017 | Payment from retainer | | ($38,879.00) | $50,000.00 |
| 2/28/2017 | Billed to client: Inv 11025822 | $43,869.50 | | $50,000.00 |
| 3/3/2017 | Payment from retainer | | ($43,869.50) | $6,130.50 |
| 3/3/2017 | Retainer Received | | $43,869.50 | $50,000.00 |
| 3/8/2017 | Billed to client: Inv 11026912 | $60,064.50 | | $50,000.00 |
| 3/10/2017 | Retainer Received | | $60,064.50 | $110,064.50 |
| 3/13/2017 | Payment from retainer | | ($60,064.50) | $50,000.00 |
| 3/13/2017 | Billed to client: Inv 11027739 | $63,783.55 | | $50,000.00 |
| 3/13/2017 | Retainer Received | | $63,783.55 | $113,783.55 |
| 3/15/2017 | Payment from retainer | | ($63,783.55) | $50,000.00 |
| 3/15/2017 | Billed to client: Inv 11028052 | $34,624.50 | | $50,000.00 |
| 3/15/2017 | Payment from retainer | | ($34,624.50) | $15,375.50 |
| | | | $15,375.50 | |
| | Total Retainer Received: | $256,596.55 | | |
| | Total Billed: | $241,221.05 | | |

| | Total Paid from Retainer | -$241,221.05 | |
| | Balance of Retainer | $15,375.50 | |

## PROFESSIONAL COMPENSATION

20. Pursuant to section 328(a) of the Bankruptcy Code, the Debtors may retain Pepper Hamilton on any reasonable terms and conditions. The Debtors submit that the most reasonable terms and conditions are those charged by Pepper Hamilton to the Debtors and other clients on an hourly basis in a competitive market for legal services. Therefore, the Debtors and Pepper Hamilton have agreed that Pepper Hamilton shall be paid its customary hourly rates for services that are in effect from time to time, as set forth in the Stratton Declaration, and shall be reimbursed according to Pepper Hamilton's customary reimbursement policies and in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules and the Local Bankruptcy Rules, for all services performed and expenses incurred after the Petition Date.

21. Pepper Hamilton categorizes its billings by subject matter, in compliance with the U.S. Trustee Guidelines. Pepper Hamilton agrees to charge, and the Debtors have agreed to pay, subject to this Court's approval under sections 330 and 331 of the Bankruptcy Code, Bankruptcy Rule 2016 and the Local Bankruptcy Rules, Pepper Hamilton's hourly rates, as of the Petition Date, which are adjusted from time to time, and currently range from $415 to $1,100[2] for partners and counsel, $175 to $620 for associates and $40 to $340 for paraprofessionals. Pepper Hamilton is customarily reimbursed for all expenses it incurs in connection with its representation of a client in a given matter. Such expenses include, without limitation, travel costs, telecommunications, express mail, messenger service, photocopying costs, document processing, computerized research charges, court fees and transcript costs.

---

[2] This range of rates is for all Pepper Hamilton partners. The range of current standard hourly rates for those partners whom Pepper Hamilton presently expects to work on this engagement is $555 to $835.

-7-

22. The Debtors understand that, from time to time, it may be necessary for professionals and paraprofessionals employed by Pepper Hamilton, other than those set forth above, to provide services to the Debtors. The Debtors further understand that the hourly rates set forth above are subject to periodic adjustments to reflect economic and other conditions, which adjustments typically occur on January 1 of each year, but may also occur during the calendar year.

23. Pepper Hamilton acknowledges that all amounts paid to Pepper Hamilton during these chapter 11 cases are subject to final allowance by this Court. Pepper Hamilton therefore intends to apply to this Court for allowance of compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, Bankruptcy Rules, the Local Bankruptcy Rules, and any orders relevant thereto for all services performed and expenses incurred after the Petition Date.

24. No arrangement is proposed between the Debtors and Pepper Hamilton for compensation to be paid in these cases other than as set forth above and in the Stratton Declaration.

**BASIS FOR RELIEF**

25. Section 327(a) of the Bankruptcy Code provides that a debtor, subject to court approval:

> [M]ay employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estates, and that are disinterested persons, to represent or assist the [debtor] in carrying out the [debtor]'s duties under this title.

11 U.S.C § 327(a).

Moreover, Bankruptcy Rule 2014 requires that an application for retention include:

> [S]pecific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm's] connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee.

Fed. R. Bankr. P. 2014.

26. The terms of this engagement were negotiated by the Debtors and Pepper Hamilton at arm's-length and in good faith. The Debtors and Pepper Hamilton respectfully submit that the terms of Pepper Hamilton's retention are customary and reasonable for counsel engagements, both out-of-court and in comparable chapter 11 cases, and in the best interests of the Debtors' estates, creditors and all parties-in-interest.

## NOTICE

27. Notice of this Application shall be given to: (a) the Office of the United States Trustee for the District of Delaware; (b) the Debtors' consolidated top twenty (20) largest unsecured creditors, as identified in their chapter 11 petitions; (c) the DIP Lender; and (d) all parties requesting notices in these cases pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested, the Debtors submit that no other or further notice is necessary.

## NO PRIOR REQUEST

28. No prior motion or application for the relief requested herein has been made to this or any other court.

WHEREFORE, the Debtors respectfully request that the Court enter the Order (i) approving the Debtors' employment and retention of Pepper Hamilton as counsel pursuant to 11 U.S.C. §§ 327(a) and 328(a) and Fed. R. Bankr. P. 2014(a) *nunc pro* tunc to the Petition Date and (ii) granting such further relief as this Court deems just and proper.

Dated: March 21, 2017
       Wilmington, Delaware

Respectfully submitted,

BOSTWICK LABORATORIES INC.

By: *Tammy Hunt* (signature)
    Tammy Hunt
    Chief Financial Officer

#42990117 v5