# EXHIBIT C

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Bostwick Laboratories, Inc., *et al.*,[1] | Case No. 17- 10570 (BLS) |
| Debtors. | (Jointly Administered) |
| | Related Docket No. ___ |

## ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF PEPPER HAMILTON LLP AS COUNSEL TO THE DEBTORS, *NUNC PRO TUNC* TO THE PETITION DATE

Upon the application (the "Application")[2] of the above-captioned debtors and debtors-in-possession (the "Debtors") for the entry of an order authorizing the employment and retention of Pepper Hamilton LLP ("Pepper Hamilton") as counsel to the Debtors, *nunc pro tunc* to the Petition Date; and upon the Declaration of David B. Stratton, a partner of Pepper Hamilton (the "Stratton Declaration") and the Declaration of Tammy Hunt, Chief Financial Officer of Bostwick Laboratories Inc. (the "Hunt Declaration"), and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and it appearing that this proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and it appearing that venue of this proceeding is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court being satisfied that, except as set forth in the Stratton Declaration, Pepper Hamilton and its professionals (a) are not creditors, equity security holders or insiders of the Debtors, (b) are not and were not, within two (2) years before the Petition Date, directors, officers or employees of the Debtors, (c) do not hold or represent any interest materially adverse to the interest of the Debtors' estates and (d) are not

---

[1] The Debtors are the following entities (last four digits of EIN in parentheses): (i) Bostwick Laboratories, Inc., a Delaware corporation (3169); and (ii) Bostwick Laboratories Holdings, Inc., a Delaware corporation (1042). The mailing address for the Debtors is 100 Charles Lindbergh Blvd., Uniondale, NY 11553.

[2] Terms not defined herein shall have the meanings ascribed to them in the Application.

related to any judge of this Court, the U.S. Trustee for this District or any employee of the U.S. Trustee in this District; and, accordingly, that Pepper Hamilton and its professionals are "disinterested persons" within the meaning of section 101(14), as modified by section 1107(b) of the Bankruptcy Code; and Pepper Hamilton's representation of the Debtors being permissible under section 327(a) of the Bankruptcy Code; and it appearing that the relief requested is in the best interests of the Debtors' estates, their creditors, and other parties-in-interest; and it appearing that notice of the Application and opportunity for a hearing thereon was appropriate under the particular circumstances and that no other or further notice need be given; and after due deliberation and sufficient cause appearing therefor,

    IT IS HEREBY ORDERED THAT:

1. The Application is GRANTED as set forth herein.

2. The Debtors are authorized to retain Pepper Hamilton as their bankruptcy counsel *nunc pro tunc* to the Petition Date pursuant to section 327(a) of the Bankruptcy Code and in accordance with the terms and conditions set forth in the Application; *provided, however,* that nothing in the Application shall supersede any provisions of the Bankruptcy Code during the pendency of the Debtors' chapter 11 cases; *provided further, however,* that to the extent any of the Application, the Stratton Declaration, or any later declarations is inconsistent with this Order, the terms of this Order shall govern.

3. Pepper Hamilton shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtors' chapter 11 cases in compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, the Local Bankruptcy Rules, any case-specific fee protocols approved

#42990227 v2

by the Court after notice and a hearing pursuant to any other applicable procedures and orders of the Court.

4. The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

5. Notwithstanding any Bankruptcy Rule to the contrary, this Order shall be immediately effective and enforceable upon its entry.

6. The Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _____, 2017      _____
                                                           The Honorable Brendan L. Shannon
                                                           Chief United States Bankruptcy Judge