# **EXHIBIT A**

**(PROPOSED ORDER)**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>Bostwick Laboratories, Inc., et al.,[1]<br>Debtors. | Chapter 11<br><br>Case No. 17-10570 (BLS)<br><br>(Jointly Administered)<br><br>**Related Docket No.:**__ |

**ORDER AUTHORIZING DEBTORS (I) TO RETAIN CARROLL SERVICES, LLC AND (II) DESIGNATE JAMES PATRICK CARROLL AS INDEPENDENT DIRECTOR AND CHIEF RESTRUCTURING OFFICER TO THE DEBTORS,**
***NUNC PRO TUNC* TO THE PETITION DATE**

Upon the application (the "Application")[2] of the Debtors for entry of an order, under Bankruptcy Code sections 105(a) and 363 and Bankruptcy Rule 2016, (i) authorizing the engagement and retention of Carroll Services LLC ("Carroll Services") and (ii) designating James Patrick Carroll ("Mr. Carroll") to serve as Independent Director and Chief Restructuring Officer (the "CRO") *nunc pro tunc* to March 15, 2017, pursuant to the terms set forth in the engagement letter (the "Engagement Letter") dated March 4, 2017, by and between Carroll Services and the Debtors, all as more fully set forth in the Application; and the Court having reviewed the Application and the Carroll Declaration; and the Court having determined that the relief requested in the Application is in the best interests of the Debtors, their estates, their creditors and other parties-in-interest; and it appearing that notice of the Application was good and sufficient under the particular circumstances and that no other or further notice need be

---

[1] The Debtors are the following entities (last four digits of EIN in parentheses): (i) Bostwick Laboratories, Inc., a Delaware corporation (3169); and (ii) Bostwick Laboratories Holdings, Inc., a Delaware corporation (1042). The mailing address for the Debtors is 100 Charles Lindbergh Blvd., Uniondale, NY 11553.
[2] Capitalized terms used herein and not otherwise defined shall have the meanings ascribed to them in the Application.

-1-

given; and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefore, it is hereby

**ORDERED, ADJUDGED AND DECREED THAT:**

1. The Application is GRANTED as set forth herein.

2. The Debtors are authorized to (i) employ and retain Carroll Services and (ii) designate Mr. Carroll to serve as Independent Director and CRO *nunc pro tunc* to March 15, 2017, pursuant to the terms set forth in the Engagement Letter, subject to the terms outlines herein, which apply notwithstanding anything in the Engagement Letter or the Application to the contrary.

3. Carroll Services shall be compensated for its services and reimbursed for any related expenses in accordance with the rates and disbursement policies set forth in the Application, the Carroll Declaration, the Engagement Letter and any other applicable orders of this Court.

4. Carroll Services is not required to submit fee applications pursuant to sections 330 and 331 of the Bankruptcy Code but will instead submit monthly invoices to the Debtors, and the Debtors are hereby authorized to pay, in the ordinary course, all reasonable amounts invoiced by Carroll Services for fees and expenses.

5. Carroll Services will file with the Court, and provide reports of compensation earned and expenses incurred on a quarterly basis ("Compensation Reports") to the U.S. Trustee and counsel to any statutory committee appointed in these chapter 11 cases (the "Notice Parties"). Carroll Services will submit Compensation Reports within 30 days of the end of each three-month quarterly period. Such reports shall summarize the services provided and identify the compensation earned and expenses incurred by Carroll Services. The Notice Parties

-2-
#43225220 v1

shall have 14 days after the date each Compensation Report is served upon them to object. Such compensation and expenses will be subject to Court review in the event an objection is filed. Carroll Services will file its first Compensation Report by July 30, 2017 for the period covering the Petition Date through June 30, 2017.

6. Carroll Services is authorized to apply the Retainer to satisfy any unbilled or other remaining prepetition fees and expenses Carroll Services becomes aware of during its ordinary course billing review and reconciliation. The remaining balance of the Retainer held by Carroll Services shall be treated as an evergreen retainer and be held by Carroll Services as security throughout these chapter 11 cases until Carroll Services' fees and expenses are fully paid.

7. The terms of the Engagement Letter, as modified by the Application and this Order, are reasonable terms and conditions of employment and are thereby approved.

8. The Debtors shall be bound by the indemnification provision of the Engagement Letter and will indemnify and hold harmless Carroll Services pursuant to the terms of the Engagement Letter.

9. Carroll Services shall use its reasonable efforts to avoid any unnecessary duplication of services provided by any other retained professionals in these chapter 11 cases.

10. To the extent that there may be any inconsistency between the terms of this Application, the Carroll Declaration or the Engagement Letter and this Order, the terms of this Order shall govern.

11. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

12. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

13. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation or enforcement of this Order.

Dated: April __, 2017
       Wilmington, Delaware

                              THE HONORABLE BRENDAN L. SHANNON
                              CHIEF UNITED STATES BANKRUPTCY JUDGE