# EXHIBIT A

**(Proposed Order)**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>Bostwick Laboratories, Inc., et al.,[1]<br>Debtors. | Chapter 11<br><br>Case No. 17-10570 (BLS)<br><br>(Jointly Administered)<br><br>**Related Docket No.:**__ |

**ORDER (I) AUTHORIZING THE RETENTION AND EMPLOYMENT OF
LEERINK PARTNERS LLC TO SERVE AS THE DEBTORS' INVESTMENT BANKER
*NUNC PRO TUNC* AS OF THE PETITION DATE AND (II) WAIVING
CERTAIN REPORTING REQUIREMENTS PURSUANT TO LOCAL RULE 2016-2(H)**

Upon the application (the "Application") filed by the Debtors[2] for an order authorizing the retention and employment of Leerink Partners LLC ("Leerink") as investment banker pursuant to sections 327(a) and 328(a) of the Bankruptcy Code; and the Court having reviewed the Application and the Danesis Declaration; the Court having found that (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (ii) venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409, (iii) this is a core proceeding pursuant to 28 U.S.C. § 157(b), (iv) the terms and conditions of Leerink's employment, including the compensation structure set forth in the Engagement Letter as modified by the Application, are reasonable as required by section 328(a) of the Bankruptcy Code and (v) notice of the Application was sufficient under the circumstances; after due deliberation the Court having

---

[1] The Debtors are the following entities (last four digits of EIN in parentheses): (i) Bostwick Laboratories, Inc., a Delaware corporation (3169); and (ii) Bostwick Laboratories Holdings, Inc., a Delaware corporation (1042). The mailing address for the Debtors is 100 Charles Lindbergh Blvd., Uniondale, NY 11553.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Application or the Danesis Declaration.

determined that the relief requested in the Application is in the best interests of the Debtors, their estates and their creditors; and good and sufficient cause having been shown;

IT IS HEREBY ORDERED THAT:

1. The Application is granted as set forth herein, *nunc pro tunc* to the Petition Date.

2. The Debtors are authorized, pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Rule 2014-1, to employ and retain Leerink as their investment banker in accordance with the terms and conditions set forth in the Engagement Letter as modified by the Application.

3. Leerink's compensation as set forth in the Engagement Letter, as modified by the Application, is approved pursuant to section 328(a) of the Bankruptcy Code and Leerink shall be compensated and reimbursed pursuant to section 328(a) of the Bankruptcy Code in accordance with the terms of the Engagement Letter, as modified by the Application, subject to the procedures set forth in the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules and any other applicable orders of this Court.

4. Leerink's compensation shall be subject to the standard of review provided in Bankruptcy Code section 328(a) and not subject to any other standard of review under Bankruptcy Code section 330.

5. Notwithstanding anything to the contrary herein, the U.S. Trustee retains all rights to object to Leerink's interim and final fee applications (including expense reimbursement and any request for counsel fees) based on the reasonableness standard in Bankruptcy Code section 330, not Bankruptcy Code section 328(a).

#43224974 v1

6. Notwithstanding anything to the contrary in the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, orders of this Court, or any guidelines regarding submission and approval of fee applications, in light of services provided by Leerink and the Fee Structure, Leerink and its professionals shall be excused from keeping time in one-tenth of an hour increments, as set forth in Local Rule 2016-2(h) and the U.S. Trustee's Fee Guidelines in connection with the services to be rendered pursuant to the Engagement Letter and shall instead submit time records in half-hour (0.5) increments.

7. Leerink is granted a waiver of the information requirements relating to compensation requests set forth in Local Bankruptcy Rule 2016-2(d) to the extent requested in the Application.

8. The indemnification, contribution and reimbursement provisions included in the Indemnity Provision annexed to the Engagement Letter are approved, subject during the pendency of these chapter 11 cases to the following modifications:

    a. subject to the provisions of subparagraphs (b) and (c) below, the Debtors are authorized to indemnify the indemnified persons in accordance with the Engagement Letter for any claim arising from, related to, or in connection with their performance of the services described in the Engagement Letter; provided, however, that the indemnified persons shall not be indemnified for any claim arising from services other than the services provided under the Engagement Letter, unless such services and the indemnification, contribution, or reimbursement therefor are approved by this Court;

b. notwithstanding anything to the contrary in the Engagement Letter, the Debtors shall have no obligation to indemnify any person or provide contribution or reimbursement to any person for any claim or expense that is either (i) judicially determined (the determination having become final) to have arisen primarily from that person's gross negligence or willful misconduct, or (ii) for a contractual dispute in which the Debtors allege breach of Leerink's obligations under the Engagement Letter unless this Court determines that indemnification, contribution or reimbursement would be permissible pursuant to <u>In re United Artists Theatre Co.</u>, 315 F.3d 217 (3d Cir. 2003) or (iii) settled prior to a judicial determination as to sub-clauses (i) or (ii) above, but determined by this Court, after notice and a hearing, to be a claim or expense for which that person should not receive indemnity, contribution, or reimbursement under the terms of the Engagement Letter as modified by this Order; and

c. if, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these cases (that order having become a final order no longer subject to appeal) and (ii) the entry of an order closing these cases, Leerink believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution or reimbursement obligations under the Engagement Letter (as modified by this Order), including,

- 4 -

without limitation, the advancement of defense costs, Leerink must file an application before this Court and the Debtors may not pay any such amounts before the entry of an order by this Court approving the payment; provided, however, that for the avoidance of doubt, this subparagraph (c) is intended only to specify the period of time under which this Court shall have jurisdiction over any request for fees and expenses for indemnification, or reimbursement and not a provision limiting the duration of the Debtors' obligation to indemnify Leerink.

9. To the extent that this Order is inconsistent with the Engagement Letter, the terms of this Order shall govern.

10. The Debtors and Leerink are authorized, empowered and directed to take all actions necessary to effectuate the relief granted pursuant to this Order.

11. The relief granted herein shall be binding upon any chapter 11 trustee appointed in these chapter 11 cases, or upon any chapter 7 trustee appointed in the event of a subsequent conversion of these chapter 11 cases to cases under chapter 7.

12. During the pendency of these chapter 11 cases, the Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation or interpretation of this Order.

Dated: April ___, 2017
Wilmington, Delaware

_____
HONORABLE BRENDAN L. SHANNON
CHIEF UNITED STATES BANKRUPTCY JUDGE

#43224974 v1