# **EXHIBIT C**

**(Danesis Declaration)**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>Bostwick Laboratories, Inc., et al.,[1]<br>Debtors. | Chapter 11<br><br>Case No. 17-10570 (BLS)<br><br>(Jointly Administered) |

## DECLARATION OF JEFF DANESIS IN SUPPORT OF THE APPLICATION OF DEBTORS FOR ENTRY OF AN ORDER (I) AUTHORIZING THE EMPLOYMENT AND RETENTION OF LEERINK PARTNERS LLC AS INVESTMENT BANKER NUNC PRO TUNC TO THE PETITION DATE AND (II) WAIVING CERTAIN TIME-KEEPING REQUIREMENTS OF LOCAL RULE 2016-2

I, Jeff Danesis, declare under penalty of perjury:

1. I am a Director at Leerink Partners, LLC ("Leerink"), and one of the lead restructuring advisors involved in this case. Leerink is the proposed investment banker to the above-captioned debtors and debtors in possession (the "Debtors"). Leerink began working for the Debtors on August 24, 2016. I submit this declaration (this "Declaration") in support of the *Application of Debtors for Entry of Order (I) Authorizing the Employment and Retention of Leerink Partners LLC as Investment Banker, Nunc Pro Tunc to the Petition Date and (II) Waiving Certain Time-Keeping Requirements of Local Rule 2016-2(d)* (the "Application"), filed contemporaneously herewith.[2]

2. Unless otherwise indicated, all facts set forth in this Declaration are based on my personal knowledge, my discussions with the members of the Leerink team, or other interested parties, my review of relevant documents, or my opinion based upon my experience,

---

[1] The Debtors are the following entities (last four digits of EIN in parentheses): (i) Bostwick Laboratories, Inc., a Delaware corporation (3169); and (ii) Bostwick Laboratories Holdings, Inc., a Delaware corporation (1042). The mailing address for the Debtors is 100 Charles Lindbergh Blvd., Uniondale, NY 11553.

[2] Capitalized terms used but not otherwise defined in this Declaration have the meanings used in the Application.

- 2 -

#43224940 v3

knowledge, and information concerning the Debtors' operations and financial affairs. If I were called to testify, I would testify competently to the facts set forth below.

3. To the extent that any information disclosed herein requires subsequent amendment or modification upon Leerink's completion of further analysis or as additional creditor information becomes available to it, one or more supplemental declarations will be submitted to the Court reflecting the same.

### Leerink's Qualifications

4. Leerink is an investment banking firm with extensive experience in the health care industry. Leerink's knowledge, experience and focus enable Leerink to help its clients define and achieve their strategic, capital markets and investment objectives. Since its initial engagement by the Debtors as investment banker on August 24, 2016, Leerink has advised the Debtors in connection with their efforts to explore a potential sale of the Debtors' businesses.

5. Beginning in late August, 2016 and early September, 2016 Leerink began a marketing process aimed at identifying potential strategic buyers. At the outset, Leerink contacted approximately thirty potential buyers, nineteen of which signed confidentiality agreements. In the early stages of the sale process, the field was narrowed to a handful of prospects because of the length of time requested by many prospects to conduct due diligence. Those efforts eventually led to Stalking Horse Asset Purchase Agreement, which contemplates an expedited auction sale process in these chapter 11 cases. Since that time, Leerink has continued to work to maximize value through the sale process and has continued its efforts to locate bidders for the Debtors' assets.

6. As a result of the prepetition work performed on behalf of the Debtors, Leerink has acquired significant insight into and institutional knowledge of the Debtors and their

- 3 -

#43224940 v3

businesses and their assets and is intimately familiar with the Debtors' financial affairs, debt structure, operations and related matters. In providing the prepetition services to the Debtors, Leerink has s gained familiarity with the Debtors' assets and major issues that will be involved in the sale process contemplated in these chapter 11 cases. Accordingly, Leerink has developed relevant experience and expertise regarding the Debtors that (i) make Leerink a natural selection as the Debtors' investment banker and (ii) will assist Leerink in providing effective and efficient services in these chapter 11 cases.

### Services to be Provided

7. Subject to further order of the Court, and consistent with the terms of the Engagement Agreement as modified by the Application, Leerink's services prior to and during these chapter 11 cases will include acting as the Debtors' exclusive investment banker with respect to a Sale.

8. To perform these services in a cost-effective manner, Leerink will endeavor to coordinate all of its services to the Debtors with the other professionals retained in the chapter 11 cases so as to minimize (and, wherever possible, avoid) any unnecessary duplication of services.

### Professional Compensation

9. In consideration of the services to be provided by Leerink, and as in the Engagement Agreement as modified by the Application, the Debtors and Leerink have agreed that Leerink shall, in respect of its services, be compensated by the Monthly Fee, Transaction Fee and out-of-pocket expenses (collectively, the "Fee Structure").

10. The Fee Structure is consistent with Leerink's typical fee for work of this nature. The fees are set at a level designed to compensate Leerink fairly for the work of its

professionals and assistants and to cover fixed and routine overhead expenses. It is Leerink's policy to charge its clients for all disbursements and expenses incurred in the rendition of services.

11. The Fee Structure is comparable to those generally charged by investment banking firms of similar stature to Leerink and for comparable engagements, both in and out of court, and reflect a balance between a fixed, monthly fee and a contingency amount that is tied to the consummation and closing of certain transactions as contemplated in the Engagement Agreement.

12. The Engagement Agreement and Fee Structure were negotiated at arm's length and in good faith, and I believe that the provisions contained therein are reasonable terms and conditions of Leerink's employment by the Debtors.

13. Other than as set forth above, there is no proposed arrangement between the Debtors and Leerink for compensation to be paid in these cases. Leerink has no agreement with any other entity to share any compensation received, nor will any be made, except as permitted under Bankruptcy Code section 504(b)(1). Leerink is willing to be retained by the Debtors as its investment banker and will make appropriate applications to this Court as set forth in the Application pursuant to the Bankruptcy Code for compensation and reimbursement of out-of-pocket expenses, all in accordance with the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and any orders of this Court.

14. Leerink has requested, pursuant to Bankruptcy Code section 328(a), payment of its fees on a fixed-rate and fixed-percentage basis. It is not the general practice of investment banking firms such as Leerink, to keep detailed time records similar to those customarily kept by attorneys and Leerink does not ordinarily maintain contemporaneous time

records in tenth-hour (0.10) increments or provide or conform to a schedule of hourly rates for its professionals.

15. Leerink's professionals will keep time records in half-hour increments in these chapter 11 cases setting forth, in a summary format, a description of the services rendered by each professional, and the amount of time spent on each date by each such individual in rendering services on behalf of the Debtors..

16. No payments for professional fees were made by the Debtors to Leerink prior to the Petition Date. The Debtors reimbursed Leerink for expenses incurred in the amount of $15,136.97 prior to the Petition Date.

**No Duplication of Efforts**

17. The Debtors have worked with Leerink and their other advisors to ensure that there will be no duplication of efforts and will continue to do so throughout the course of these chapter 11 Cases.

**Leerink's Disinterestedness**

18. In connection with the preparation of this Declaration, Leerink conducted a review of its conflicts check systems of the Debtors' parties in interest. A list of such parties in interest, as provided by counsel to the Debtors, is attached hereto as **Exhibit 1.**

19. To the best of my knowledge, information and belief, except as otherwise disclosed herein, neither I nor Leerink, nor any partner or employee thereof, have any connection with the Debtors or any other parties-in-interest in these chapter 11 cases, except those set forth on **Exhibit 2**.

20. Accordingly, I submit that, to the best of my knowledge, information and belief, both myself and Leering, its partner and employees are "disinterested persons" within the

#43224940 v3

meaning of section 101(14), as modified by section 1107(b) of the Bankruptcy Code, and Pepper Hamilton's representation of the Debtors is permissible under sections 327(a) and 328(a) of the Bankruptcy Code and is in the best interests of parties-in-interest.

21. I am not related or connected to and, to the best of my knowledge, no other professional of Leerink who will work on this engagement is related or connected to, any United States Bankruptcy Judge for the District of Delaware, any of the District Judges for the District of Delaware who handle bankruptcy cases, or any employee in the Office of the United States Trustee for Region 3.

22. If any new relevant facts or relationships are discovered or arise during the pendency of these chapter 11 cases, Leerink will use reasonable efforts to identify such further developments and will promptly file a supplemental affidavit as required by Bankruptcy Rule 2014.

I declare under penalty of perjury under the laws of the United States of America that, to the best of my knowledge and after reasonable inquiry, the foregoing is true and correct.

Dated: March 23, 2017

Jeff Danesis
Leerink Partners LLC

# EXHIBIT 1

## (SEARCHED PARTIES)

| Party Name | Relationship to Debtor |
|---|---|
| Abbott Molecular | Top 20 |
| ARGONAUT INSURANCE CO | Insurance Companies & Brokers |
| AT&T | Utility Providers |
| Bank of America | Cash Management Banks |
| Biocare Medical | Top 20 |
| Bostwick Laboratories Group Holdings, LP | Non-Debtor Affiliates |
| Bostwick Laboratories Holdings, Inc. | Debtors |
| Bostwick Laboratories, Inc. | Debtors |
| Bostwick, David G. | Current & Former D&O |
| Bostwick, Dr. David G. | Non-Debtor Affiliates |
| Capital One | Secured Creditor |
| Carroll Services LLC | Chapter 11 Professionals |
| Carroll, James | Current & Former D&O |
| CENTURYLINK | Utility Providers |
| CIGNA | Cash Management Banks |
| COMCAST | Utility Providers |
| COMMISSIONER OF TAXATION AND FINANCE | Top 20 |
| COX COMMUNICATION | Utility Providers |
| DDI Capital | Secured Creditors |
| DDI Leasing, Inc | Secured Creditors |
| Diffley, Gerard | Current & Former D&O |
| Donlin, Recano & Company, Inc. | Chapter 11 Professionals |
| EVAN WEINER ENTERPRISES | Utility Providers |
| Expense Reduction Analysts, | Top 20 |
| Farley, Gordon | Current & Former D&O |
| Federal Express | Top 20 |
| FEDERAL INSURANCE CO | Insurance Companies & Brokers |
| FLORIDA DEPT OF TAXATION/REVENUE | Taxing Authorities |
| FRONTIER | Utility Providers |
| GE Healthcare Financial Services | Secured Creditors |
| General Data Company, Inc | Top 20 |
| HANOVER INSURANCE COMPANY | Insurance Companies & Brokers |
| Healthcare Financial Solutions, LLC | Secured Creditors |
| HEAVEN III, LLC | Landlords |
| Highwoods Realty Limited | Top 20 |
| Highwoods Realty Limited | Landlords |
| HIGHWOODS REALTY LIMITED | Utility Providers |
| Hoffen, Howard | Current & Former D&O |
| Hunt, Tammy | Current & Former D&O |
| Husain, Fazle | Current & Former |

#43224940 v3

| | | | |
|---|---|---|---|
| | D&O | NATIONAL GRID | Utility Providers |
| IRONSHORE INDEMNITY INC | Insurance Companies & Brokers | NEW YORK DEPT OF TAXATION/REVENUE | Taxing Authorities |
| King, Wesley | Current & Former D&O | OHIO DEPT OF TAXATION/REVENUE | Taxing Authorities |
| Lab Logistics, LLC | Top 20 | OK TEX Partners, LTD | Landlords |
| Leerink Partners LLC | Chapter 11 Professionals | ORLANDO WASTE PAPER COMPANY | Utility Providers |
| Leica Biosystems | Secured Creditors | OUC - THE RELIABLE ONE | Utility Providers |
| Leica Biosystems Imaging, | Top 20 | Parsons, Michael | Current & Former D&O |
| LEVEL 3 COMMUNICATIONS LLC | Utility Providers | Pepper Hamilton LLP | Chapter 11 Professionals |
| LLOYDS OF LONDON | Insurance Companies & Brokers | Phillips, Robert | Current & Former D&O |
| LLOYDS OF LONDON PRO PRAXIS | Insurance Companies & Brokers | Pipinic, Vedran | Current & Former D&O |
| MCP (SILO) II AIF, L.P. | Secured Creditors | Poplar Healthcare Management, LLC | DIP Lender/Stalking Horse Bidder |
| Metalmark Capital Holdings LLC | Secured Creditors | PSEGLI | Utility Providers |
| Metalmark Capital LLC | Secured Creditors | Richardson, John | Current & Former D&O |
| Metalmark Capital Partners Cayman II, L.P. | Secured Creditors | RLI INSURANCE CO | Insurance Companies & Brokers |
| Metalmark Capital Partners II Co-Investment, L.P. | Secured Creditors | Roche Diagnostics | Top 20 |
| Metalmark Capital Partners II Executive Fund, L.P. | Secured Creditors | Ropes & Gray LLP | Top 20 |
| Metalmark Capital Partners II GP, L.P. | Non-Debtor Affiliates | RSUI INDEMNITY CO | Insurance Companies & Brokers |
| Metalmark Capital Partners II, L.P. | Secured Creditors | Ruskin, Moscou, Faltischek | Top 20 |
| Metalmark Capital Partners TE II, L.P. | Secured Creditors | SHI International Corp | Secured Creditors |
| | | Sienna Cancer Diagnostics | Top 20 |

| | |
|---|---|
| Sower, Brent | Current & Former D&O |
| SPECTRUM BUSINESS SOLUTION | Utility Providers |
| Stefanelli, Martin | Current & Former D&O |
| STERICYCLE INC | Utility Providers |
| The Bostwick Group, LLC | Non-Debtor Affiliates |
| Theodore Affue M.D., Inc | Landlords |
| Therapak Corporation | Top 20 |
| TOLL FREE FOWARDINGCOM | Utility Providers |
| TOWN OF HEMPSTEAD | Utility Providers |
| TRAVELERS CASUALTY AND SURETY CO OF AMERICA | Insurance Companies & Brokers |
| TRIUMVIRATE ENVIRONMENTAL | Utility Providers |
| United Healthcare | Top 20 |
| United Healthcare | Cash Management Banks |
| United Parcel Service | Top 20 |
| US Department of Justice | Secured Creditors |
| US Department of Justice | Top 20 |
| USI INSURANCE SVC | Insurance Companies & Brokers |
| VERIZON | Utility Providers |
| VIRGINIA DEPT OF TAXATION/REVENUE | Taxing Authorities |
| VWR International, Inc. | Top 20 |
| Wagner, Shawn | Current & Former |

| | |
|---|---|
| | D&O |
| WASHINGTON DEPT OF TAXATION/REVENUE | Taxing Authorities |
| WINBROOK MANAGEMENT LLC | Top 20 |
| WINBROOK MANAGEMENT LLC | Landlords |
| WINDSTREAM | Utility Providers |
| WINTERS BROS HAULING | Utility Providers |
| Xifin, Inc. | Top 20 |

# EXHIBIT 2

## (DISCLOSURES)

| Name | Relationship to Debtor | Relationship to Pepper Hamilton |
|---|---|---|
| Bostwick Laboratories, Inc. Bostwick, Dr. David G. | Debtors | Mr. Danesis assisted in advising the company on strategic alternatives while at previous banking firm. No transaction occurred. |
| Metalmark Capital Holdings LLC | Secured Creditors | Mr. Danesis assisted in advising Metalmark on initial acquisition of Bostwick while at previous banking firm. At Leerink, Mr. Danesis continues to discuss opportunities with Metalmark, but has not advised on any deals with Metalmark since joining Leerink. |
| Poplar Healthcare Management, LLC | DIP Lender/Stalking Horse Bidder | Mr. Danesis assisted in advising the company on a limited matter while at previous banking firm, which did not result in a transaction. Leerink has not performed any work for the company. |
| Ropes & Gray LLP | Top 20 | Ropes & Gray has represented Leerink Partners and various employees in litigation and regulatory inquiries in addition to acting as underwriters' counsel in banking deals |