## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Bostwick Laboratories, Inc., *et al.*,[1] | Case No. 17-10570 (BLS) |
| Debtors. | (Jointly Administered) |
| | **Related Docket Nos: 449 and 511** |

### FINDINGS OF FACT, CONCLUSIONS OF LAW, AND
### ORDER CONFIRMING DEBTORS' COMBINED PLAN AND DISCLOSURE
### STATEMENT FOR BOSTWICK LABORATORIES, INC. AND BOSTWICK
### LABORATORIES HOLDINGS, INC.

The above-captioned debtors and debtors in possession (collectively, the "Debtors"),

having filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code,

11 U.S.C. §§ 101-1532 (the "Bankruptcy Code") on March 15, 2017 (the "Chapter 11 Cases");[2]

and the Debtors having proposed the Combined Plan (the "Plan") and Disclosure Statement (the

"Disclosure Statement") for Bostwick Laboratories, Inc. and Bostwick Laboratories Holdings,

Inc. [Docket No. 449] (as amended, supplemented or otherwise modified, collectively the

"Combined Plan and Disclosure Statement");and the Debtors having filed on August 25, 2017,

the *Notice of Filing of Amended Causes of Action List as Exhibit A to Combined Plan and*

*Disclosure Statement for Bostwick Laboratories, Inc. and Bostwick Laboratories Holdings, Inc.*

[Docket No. 511]; and on August 1, 2017, the Bankruptcy Court having entered the Order (A)

Approving Combined Plan and Disclosure Statement on a Preliminary Basis, (B) Scheduling

Combined Hearing on Approval and Confirmation of Combined Plan and Disclosure Statement,

---

[1]    The Debtors are the following entities (last four digits of EIN in parentheses): (i) Bostwick Laboratories, Inc., a Delaware corporation (3169); and (ii) Bostwick Laboratories Holdings, Inc., a Delaware corporation (1042). The mailing address for the Debtors is 100 Charles Lindbergh Blvd., Uniondale, NY 11553.

[2]    Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Combined Plan and Disclosure Statement.

(C) Establishing Procedures for Solicitation and Tabulation of Votes on Combined Plan and Disclosure Statement, and (D) Approving Related Matters [Docket No. 446] (the "Interim Approval and Procedures Order"), approving, among other things, the Disclosure Statement on an interim basis and procedures for the solicitation and tabulation of votes to accept or reject the Plan; and the Bankruptcy Court having established, in the Interim Approval and Procedures Order, September 15, 2017 at 10:00 a.m. (prevailing Eastern Time) as the date and time for the hearing to consider: (i) final approval of the Disclosure Statement as providing adequate information pursuant to section 1125 of the Bankruptcy Code; and (ii) confirmation of the Plan pursuant to section 1129 of the Bankruptcy Code (the "Confirmation Hearing"); and the Affidavit of Service of Vote Solicitation Packages, executed by John Burlacu of Donlin, Recano and Company, Inc. ("Donlin") [Docket No. 464] (the "Affidavit of Service"), with respect to the mailing of the notice of the Confirmation Hearing and the other solicitation materials in accordance with the Interim Approval and Procedures Order, having been filed with the Bankruptcy Court; and notice of the Confirmation Hearing having been filed on the docket in the Chapter 11 Cases [Docket No. 452] and having been posted on the website dedicated to the Chapter 11 Cases, https://www.donlinrecano.com/Clients/bl/Index; and a certification of publication of the Confirmation Hearing and related objection deadline having been filed with the Bankruptcy Court [Docket No. 465] (the "Certificate of Publication") with respect to the publication of the notice of the Confirmation Hearing in the national edition of USA TODAY in accordance with the Interim Approval and Procedures Order; and the deadline for voting to accept or reject the Plan having passed; and the Debtors having filed the *Declaration of Jung W. Song on Behalf of Donlin, Recano & Company, Inc. Regarding Voting and Tabulation of Ballots Accepting and Rejecting Debtors' Combined Plan and Disclosure Statement for Bostwick*

-2-

*Laboratories, Inc. and Bostwick Laboratories Holdings, Inc.* [Docket No. 524] (the "Voting Declaration"); and the deadline for filing objections to final approval of the Disclosure Statement and confirmation of the Plan having passed and no objections having been filed; and the Bankruptcy Court having reviewed the Combined Plan and Disclosure Statement, the Interim Approval and Procedures Order, the Affidavit of Service, the Certificate of Publication, the Voting Declaration and all other papers before the Bankruptcy Court in connection with the confirmation of the Plan; and the Bankruptcy Court having considered the Declaration of James Carroll, Chief Restructuring Officer, In Support of Debtors' Combined Plan and Disclosure Statement For Bostwick Laboratories, Inc. and Bostwick Laboratories Holdings, Inc. [Docket No. 537] (the "Carroll Declaration"); and any testimony presented and evidence admitted at the Confirmation Hearing; and the Bankruptcy Court having taken judicial notice of the papers and pleadings on file in the Chapter 11 Cases; and the Bankruptcy Court finding that (i) notice of the Confirmation Hearing and the opportunity of all parties in interest to object to confirmation of the Plan were adequate and appropriate, in accordance with Rules 2002(b) and 3017(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rules 2002-1 and 3017-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") and the Interim Approval and Procedures Order, as to all parties to be affected by the Plan and the transactions contemplated thereby and (ii) the legal and factual bases for confirmation, including as set forth in the Carroll Declaration, and this Confirmation Order, establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, the Bankruptcy Court hereby makes the following Findings of Fact, Conclusions of Law and Order:

## FINDINGS OF FACT AND CONCLUSIONS OF LAW[3]

A.    <u>Jurisdiction, Venue, Core Proceeding (28 U.S.C. §§ 175(b)(2) and 1334(a))</u>.  The

Bankruptcy Court has jurisdiction over the Chapter 11 Cases pursuant to 28 U.S.C. §§ 157 and

1334 and the Amended Standing Order of Reference from the United States District Court for

the District of Delaware, dated as of February 29, 2012.  Confirmation of the Plan is a core

proceeding pursuant to 28 U.S.C. § 157(b) and the Bankruptcy Court has jurisdiction to enter a

final order with respect thereto.  Venue was proper as of the Petition Date and is proper before

the Bankruptcy Court pursuant to 28 U.S.C. §§ 1408 and 1409.

B.    <u>Burden of Proof</u>.  The Debtors have the burden of proving the elements of 11

U.S.C. § 1129(a) and (b) by a preponderance of the evidence and, as set forth herein, the Debtors

have met that burden.

C.    <u>Judicial Notice</u>.  The Bankruptcy Court takes judicial notice of the docket in the

Chapter 11 Cases maintained by the Clerk of Court or its duly-appointed agent, including,

without limitation, all pleadings, notices and other documents filed with, all orders entered by,

and all evidence and arguments made, proffered or adduced at hearings held before the

Bankruptcy Court during the pendency of the Chapter 11 Cases.

D.    <u>Compliance with Fed. R. Bankr. P. 3016</u>.  The Plan is dated and identifies the

entities submitting it, thereby satisfying Bankruptcy Rule 3016(a).  The filing of the Disclosure

Statement with the Bankruptcy Court satisfies Bankruptcy Rule 3016(b).  Further, the Plan and

the Notice of Confirmation Hearing describe in specific and conspicuous language all acts to be

---

[3]    The findings of fact and the conclusions of law stated in this Confirmation Order shall constitute findings
of fact and conclusions of law pursuant to Fed. R. Bankr. P. 7052, made applicable to the proceeding by Fed. R.
Bankr. P. 9014. To the extent any finding of fact shall be determined to be a conclusion of Law, it shall be so
deemed, and to the extent any conclusion of law shall be determined to be a finding of fact, it shall be so deemed.

enjoined and identify the entities that are subject to the injunction, satisfying Bankruptcy Rule 3016(c) to the extent applicable.

E.    <u>Compliance with Fed. R. Bankr. P. 3017</u>. The Debtors have given notice of the Confirmation Hearing as required by Bankruptcy Rule 3017(d), Local Rule 3017-2 and the Interim Approval and Procedures Order.

F.    <u>Transmittal and Mailing of Solicitation Materials; Notices</u>. The solicitation of votes to accept or reject the Plan satisfies Bankruptcy Rule 3018. The Combined Plan and Disclosure Statement was transmitted to all Creditors entitled to vote on the Plan, and sufficient time was prescribed for such Creditors to accept or reject the Plan, thereby satisfying the requirements of Bankruptcy Rule 3018 and Local Rule 3017-2. The solicitation materials used, including the Ballot, and solicitation procedures followed by the Debtors comply with 11 U.S.C. §§ 1125 and 1126 and the Interim Approval and Procedures Order, thereby satisfying the requirements of Bankruptcy Rule 3018 and Local Rule 3018-2.

G.    <u>Adequacy of Solicitation Procedures</u>. All procedures used to distribute the Combined Plan and Disclosure Statement to Creditors entitled to vote on the Plan and to receive and tabulate the Ballots of Holders of Claims in the voting Class, as set forth in the Voting Declaration, were fair and properly conducted in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Interim Approval and Procedures Order, and all other applicable rules, laws and regulations. As described in the Voting Declaration, which certified both the method and results of the voting, the Plan was accepted by Class 4 (General Unsecured Claims), the only Class of Claims entitled to vote on the Plan. The Debtors, therefore, obtained the requisite acceptance both in number and amount for Confirmation of the Plan.

#44768451 v3

H.    <u>Good Faith Solicitation (11 U.S.C. § 1125(e))</u>.  Based upon the record before the Bankruptcy Court in the Chapter 11 Cases, the Debtors, and their respective members, officers, directors, agents, financial advisors, attorneys, and other retained professionals (i) have acted in "good faith" within the meaning of 11 U.S.C. §§ 1125(e) and 1129(a)(3), and in compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Interim Approval and Procedures Order and all other applicable non-bankruptcy laws, rules and regulations governing the adequacy of disclosure in connection with all of their respective activities relating to the Plan and the solicitation of acceptances to the Plan and their participation in the activities described in 11 U.S.C. § 1125; and (ii) shall be deemed to have participated in good faith and in compliance with the applicable provisions of the Bankruptcy Code and are entitled to the protections afforded by 11 U.S.C. § 1125(e) and, to the extent applicable, the releases, exculpation and injunctive provisions set forth in Article XIII of the Plan.

I.    <u>Impaired Class that has Voted to Accept or Reject the Plan</u>.  Class 4 (General Unsecured Claims) is Impaired under and entitled to vote on the Plan.  As evidenced by the Voting Declaration, which certified both the method and results of the voting, Class 4 has voted to accept the Plan pursuant to the requirements of 11 U.S.C. §§ 1124 and 1126.

J.    <u>Classes Deemed to Accept Plan</u>.  Class 1 (Priority Non-Tax Claims), Class 2 (Secured Claims) and Class 3 (Secured Tax Claims) are Unimpaired under the Plan.  Pursuant to 11 U.S.C. § 1126(f), Holders of such Unimpaired Claims are conclusively presumed to have accepted the Plan.

K.    <u>Classes Deemed to Reject the Plan</u>.  Classes 5 (Intercompany Claims) and 6 (Equity Interests) are Impaired and will not receive or retain any property under the Plan.

Pursuant to 11 U.S.C. § 1126(g), Holders of such Impaired Claims are conclusively presumed to have rejected the Plan.

      L.     <u>Release, Exculpation and Injunction</u>.  The release, exculpation and injunction provisions set forth in Article XIII of the Plan: (i) are within the jurisdiction of the Bankruptcy Court under 28 U.S.C. §§ 1334(a), 1334(b) and 1334(d); (ii) are essential to the successful implementation of the Plan pursuant to 11 U.S.C. § 1123(a)(5); (iii) are an integral element of the transactions incorporated into the Plan; (iv) confer material benefits on, and are in the best interests of, the Debtors, the Estates and their Creditors; and (v) are consistent with 11 U.S.C. §§ 105, 1123 and 1129, and other applicable provisions of the Bankruptcy Code.  The record of the Confirmation Hearing and the Chapter 11 Cases is sufficient to support the release, exculpation and injunction provisions contained in the Plan.

**Compliance with Bankruptcy Code Section 1129**

      M.     <u>Plan Compliance with Bankruptcy Code (11 U.S.C. § 1129(a)(1))</u>.  As set forth and demonstrated below, the Plan complies with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and the orders of this Bankruptcy Court with respect to the Plan, thus satisfying the requirements of 11 U.S.C. § 1129(a)(l).

          (i)     <u>Proper Classification (11 U.S.C. §§ 1122 and 1123(a)(1))</u>.  The Plan complies with the requirements of sections 1122 and 1123(a)(1) of the Bankruptcy Code. With the exception of the Administrative Claims and Priority Tax Claims, which need not be classified, the Plan designates six (6) Classes of Claims and Equity Interests in the Debtors. The Plan's classifications conform to the requirements of the Bankruptcy Code and separately classify Claims and Equity Interests based on valid business, factual and legal reasons, and such Classes do not unfairly discriminate among Holders of Claims and Equity Interests.  Article IX of the Plan designates the classifications.

#44768451 v3

(ii)    <u>Unimpaired Classes Specified (11 U.S.C. § 1123(a)(2))</u>.    The Plan complies with the requirements of section 1123(a)(2) of the Bankruptcy Code.  Article IX of the Plan specifies that Class 1 (Priority Non-Tax Claims), Class 2 (Secured Claims) and Class 3 (Secured Tax Claims) are Unimpaired under the Plan, thereby satisfying 11 U.S.C. § 1123(a)(2).

(iii)    <u>Specified Treatment of Impaired Classes (11 U.S.C. § 1123(a)(3))</u>.    The Plan complies with the requirements of section 1123(a)(3) of the Bankruptcy Code. Article IX of the Plan specifies that Class 4 (General Unsecured Claims), Class 5 (Intercompany Claims) and Class 6 (Equity Interests) are Impaired, and specifies the treatment of Claims and Equity Interests in these Classes, thereby satisfying 11 U.S.C. § 1123(a)(3).

(iv)    <u>No Discrimination (11 U.S.C. § 1123(a)(4))</u>.  The Plan complies with the requirements of section 1123(a)(4) of the Bankruptcy Code.  As reflected in the treatment set forth in Article IX of the Plan, the Plan provides for the same treatment by the Debtors for each Claim or Equity Interest in each respective Class unless the Holder of a Claim has agreed to a less favorable treatment, thereby satisfying 11 U.S.C. § 1123(a)(4).

(v)    <u>Implementation of Plan (11 U.S.C. § 1123(a)(5))</u>.  The Plan complies with the requirements of section 1123(a)(5) of the Bankruptcy Code.  The Plan provides adequate and proper means for the implementation of the Plan by, without limitation, (i) the appointment of a Plan Administrator and Oversight Committee; and (ii) the procedures for making distributions to Holders of Allowed Claims, thereby satisfying 11 U.S.C. § 1123(a)(5).

#44768451 v3

(vi)    <u>Non-Voting Equity Securities (11 U.S.C. § 1123(a)(6))</u>.   The Plan is a liquidating plan that provides for the disposal and conveyance of the Debtors' remaining assets and for the distribution of the proceeds thereof to the Holders of Allowed Claims in accordance with the terms thereof.   Accordingly, the Debtors will not issue any securities.  Therefore, 11 U.S.C. § 1123(a)(6) is not applicable.

(vii)    <u>Designation of Officers, Directors or Trustee (11 U.S.C. § 1123(a)(7))</u>. Article X.A of the Plan provides that on the Effective Date, the Plan Administrator shall be appointed and thereafter shall serve as the sole officer and director of each Post-Effective Date Debtor.  Article X.A is consistent with the interests of Holders of Allowed General Unsecured Claims and with public policy, thus satisfying the requirements of 11 U.S.C. § 1123(a)(7).

(viii)    <u>Discretionary Plan Provisions (11 U.S.C. § 1123(b))</u>.   The Plan's provisions are appropriate and consistent with the applicable provisions of the Bankruptcy Code.

N.    <u>Debtors' Compliance with Bankruptcy Code (11 U.S.C. § 1129(a)(2))</u>.   As discussed above and except as otherwise provided for or permitted by order of the Bankruptcy Court, the Debtors have complied with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and the Interim Approval and Procedures Order with respect to the solicitation of acceptances or rejections of the Plan, thus satisfying the requirements of 11 U.S.C. § 1129(a)(2).

O.    <u>Plan Proposed in Good Faith (11 U.S.C. § 1129(a)(3))</u>.   The Debtors have proposed the Combined Plan and Disclosure Statement, including all documents necessary to effectuate the Plan, in good faith and not by any means forbidden by law, as evidenced by,

among other things, the totality of the circumstances surrounding the formulation of the Plan and the record in these Chapter 11 Cases, thus satisfying the requirements of 11 U.S.C. § 1129(a)(3).

P.      Payments for Services or Costs and Expenses (11 U.S.C. § 1129(a)(4)).    All payments made or to be made by the Debtors or the Post-Effective Date Debtors under the Plan or by any Person or Entity acquiring property under the Plan, for services or for costs and expenses in, or in connection with, the Chapter 11 Cases, or in connection with the Plan and incident to the Chapter 11 Cases, have been approved by, or are subject to the approval of, the Bankruptcy Court as reasonable, thus satisfying the requirements of 11 U.S.C. § 1129(a)(4).

Q.      Directors, Officers and Insiders (11 U.S.C. § 1129(a)(5)).    On the Effective Date, the Plan Administrator shall be appointed and thereafter shall serve as the sole officer and director of each Post-Effective Date Debtor.    As set forth in Article I.B.(76), the Debtors have properly and adequately disclosed the identity of the Plan Administrator.

R.      No Rate Changes (11 U.S.C. § 1129(a)(6)).    There is no regulatory commission having jurisdiction after confirmation of the Plan over the rates of the Debtors and no rate change is provided for in the Plan requiring approval of any such commission.    Thus, 11 U.S.C. § 1129(a)(6) is not applicable to the Chapter 11 Cases.

S.      Best Interests of Creditors (11 U.S.C. § 1129(a)(7)).    Section 1129(a)(7) of the Bankruptcy Code requires that each Holder of a Claim or Equity Interest in an Impaired Class accept the Plan, or receive or retain under the Plan property having a value, as of the Effective Date of the Plan, that is not less than the amount that such Holder would receive on account of such Claim or Equity Interest if the Debtors were liquidated under chapter 7 of the Bankruptcy Code.    The Combined Plan and Disclosure Statement, including, but not limited to the liquidation analysis in Article V thereof, and the other evidence proffered or adduced at, or

otherwise submitted in connection with, the Confirmation Hearing (i) are persuasive and credible, (ii) have not been controverted by other evidence or challenged in any pending objection to Confirmation of the Plan, and (iii) establish that each Holder of an Impaired Claim or Equity Interest, as the case may be, in such Impaired Classes has either accepted the Plan, or will receive or retain under the Plan, on account of such Claim, property having a value, as of the Effective Date of the Plan, that is not less than the amount that such Holder would receive or retain if the Debtors were liquidated under chapter 7 of the Bankruptcy Code on such date, thus satisfying the requirements of 11 U.S.C. § 1129(a)(7).

T.    Acceptance or Rejection by Certain Classes (11 U.S.C. § 1129(a)(8)).  Section 1129(a)(8) of the Bankruptcy Code requires that for each Class of Claims or Equity Interests under the Plan, such Class has either accepted the Plan or is not Impaired under the Plan.  Class 1 (Priority Non-Tax Claims), Class 2 (Secured Claims) and Class 3 (Secured Tax Claims) are Unimpaired under the Plan and are conclusively presumed to have accepted the Plan without solicitation of acceptances or rejections pursuant to 11 U.S.C. § 1126(f).  Class 4 (General Unsecured Claims) is Impaired and has voted to accept the Plan.  Because Holders of Claims in Class 5 (Intercompany Claims) and Interests in Class 6 (Equity Interests) neither receive nor retain any property under the Plan, they are deemed to have rejected the Plan under section 1126(g) of the Bankruptcy Code, and the requirements of section 1129(a)(8) of the Bankruptcy Code have not been met, thereby requiring the application of section 1129(b) of the Bankruptcy Code.  The Plan satisfies the requirements of 11 U.S.C. § 1129(b) with respect to Classes 5 and 6.

U.    Treatment of Administrative Claims, Priority Tax Claims, and other Priority Claims (11 U.S.C. § 1129(a)(9)).  The treatment of Administrative Claims, Priority Tax Claims

and other Priority Claims is set forth in Article VIII of the Plan, thus satisfying the requirements of 11 U.S.C. § 1129(a)(9).

V.    Acceptance by at Least one Impaired Class (11 U.S.C. § 1129(a)(10)).  As set forth in the Voting Declaration, the only Class entitled to vote has voted to accept the Plan by the requisite majorities in accordance with 11 U.S.C. § 1126(c).  Holders of Claims in Impaired Class 4 (General Unsecured Claims) have voted to accept the Plan by at least two-thirds in amount and one-half in number, determined without inclusion of any acceptance of the Plan by any Insider, thus satisfying the requirement of 11 U.S.C. § 1129(a)(10) that at least one Class of Claims against the Debtors that is impaired under the Plan has accepted the Plan.

W.    Feasibility (11 U.S.C. § 1129(a)(11)).  The Plan provides that on the Effective Date, the assets of the Post-Effective Date Debtors shall include, without limitation, all Cash on hand, the Causes of Action (including those net recoveries realized from the prosecution or settlement of Causes of Action), the Retained Assets, all tax refunds, all rights of setoff and recoupment and other defenses that the Post-Effective Date Debtors and the Estates may have with respect to any Claim and all Insurance Policies and the proceeds related to such Insurance Policies.  On the Effective Date, the Plan Administrator shall be appointed and thereafter shall serve as the sole officer and director of each Post-Effective Date Debtor. The Plan Administrator shall be responsible for, among other things, (i) subject to the provisions regarding the disposition of Insider Litigation Claims, prosecuting, defending and/or settling Causes of Action; (ii) resolving all Disputed Claims; (iii) prosecuting any objections to Claims that the Plan Administrator deems appropriate and resolving such objections; (iv) making Distributions to Holders of Allowed Claims as provided for in the Plan; and (v) exercising such other powers as necessary or prudent to carry out the provisions of the Plan.  The Combined Plan and Disclosure

-12-

Statement, the Carroll Declaration and the evidence proffered or adduced at, or otherwise submitted in connection with, the Confirmation Hearing with respect to feasibility (i) are persuasive and credible; (ii) have not been controverted by other evidence or challenged in any pending objection to Confirmation of the Plan; and (iii) establish that the Plan is feasible and that confirmation of the Plan is not likely to be followed by the need for further liquidation or financial reorganization of the Debtors, thus satisfying the requirements of 11 U.S.C. § 1129(a)(11).

X.      Payment of Statutory Fees (11 U.S.C. § 1129(a)(12)). The Debtors have paid, or will pay, prior to the Effective Date, all amounts due under 28 U.S.C. § 1930, thus satisfying the requirements of 11 U.S.C. § 1129(a)(12). The Post-Effective Date Debtors shall pay, from and after the Effective Date, statutory fees due to the U.S. Trustee in accordance with 28 U.S.C. § 1930 until the closing the Chapter 11 Cases. In addition, the Post-Effective Date Debtors shall file post-confirmation quarterly reports or any pre-confirmation monthly operating reports not filed as of the Effective Date in conformance with the United States Trustee guidelines.

Y.      Miscellaneous Provisions (11 U.S.C. § 1129(a)(13)-(16)). Sections 1129(a)(13)-(16) of the Bankruptcy Code are inapplicable as the Debtors (i) do not provide "retiree benefits"[4] as such term is defined in section 1144 of the Bankruptcy Code (11 U.S.C. § 1129(a)(13)); (ii) have no domestic support obligations (11 U.S.C §1129(a)(14)); (iii) are not individuals (11 U.S.C §1129)(a)(15)); and (iv) are a for-profit business (11 U.S.C § 1129(a)(16)).

---

[4]      As defined in section 1114 of the Bankruptcy Code, "'retiree benefits' means payments to any entity or person for the purpose of providing or reimbursing payments for retired employees and their spouses and dependents, for medical, surgical, or hospital care benefits, or benefits in the event of sickness, accident, disability, or death under any plan, fund, or program (through the purchase of insurance or otherwise) maintained or established in whole or in part by the debtor prior to filing a petition commencing a case" under the Bankruptcy Code.

#44768451 v3

Z.    <u>No Unfair Discrimination as to Rejecting Classes; Fair and Equitable (11 U.S.C. §</u>

<u>1129(b))</u>. Holders of Claims and Equity Interests in Classes 5 and 6 will receive no Distributions

under the Plan and, accordingly, are deemed to reject the Plan pursuant to 1126(g) of the

Bankruptcy Code.    The Debtors presented uncontroverted evidence that the Plan does not

discriminate unfairly and is fair and equitable with respect to the treatment of Claims and Equity

Interests in Classes 5 and 6 because, as required by section 1129(b)(2)(C) of the Bankruptcy

Code, there are no Holders of Claims or Equity Interests junior to the Holders of Claims and

Equity Interests in Classes 5 and 6 that will receive or retain under the Plan any property on

account of such junior Claims or Equity Interests.   Thus, the Plan satisfies section 1129(b) of the

Bankruptcy Code and may be confirmed notwithstanding its failure to satisfy section 1129(a)(8)

of the Bankruptcy Code. The Plan shall be binding upon the members of Class 5 and Class 6

upon Confirmation and the occurrence of the Effective Date.

AA.    <u>Confirmation of Only One Plan (11 U.S.C. § 1129(c))</u>.   The Plan, including

previous versions thereof, is the only Plan that has been filed in these Chapter 11 Cases.   The

Plan has been found to satisfy the requirements of subsections (a) and (b) of section 1129 of the

Bankruptcy Code. Accordingly, the requirements of 11 U.S.C. § 1129(c) have been satisfied.

BB.    <u>Principal Purpose of the Plan (11 U.S.C. §1129(d))</u>. The principal purpose of the

Plan is neither the avoidance of taxes nor the avoidance of the application of section 5 of the

Securities Act of 1933, and no governmental unit has objected to the confirmation of the Plan on

those grounds. The Plan, therefore, satisfies the requirements of 11 U.S.C. § 1129(d).

CC.    <u>No Objection to Disposition of Contracts and Leases</u>.   No party to an Executory

Contract or Unexpired Lease to be rejected by the Debtors pursuant to the Plan has objected to

the rejection thereof.   Each rejection of an Executory Contract or Unexpired Lease under the

#44768451 v3

Plan shall be legal, valid and binding upon the Debtors, the Post-Effective Date Debtors and all non-Debtor parties to such Executory Contracts or Unexpired Leases, all to the same extent as if the rejection had been effectuated by motion.

DD.    <u>Retention and Preservation of Causes of Action</u>.  It is in the best interests of the Debtors' Estates and the Creditors that Causes of Action be retained by the Estates.  Subject to the provisions regarding the disposition of Insider Litigation Claims, the Plan Administrator may settle or abandon Causes of Action without the need for Bankruptcy Court approval.

EE.    <u>Engagement in Business</u>.  Because the Debtors will not engage in business following consummation of the Plan, 11 U.S.C. § 1141(d)(3) is not applicable.

FF.    <u>Satisfaction of Confirmation Requirements</u>.  Based upon the foregoing, all other pleadings, documents, exhibits, statements, declarations and affidavits filed in connection with Confirmation of the Plan, and all evidence and arguments made, proffered or adduced at the Confirmation Hearing, the Plan satisfies the requirements for confirmation set forth in Bankruptcy Code section 1129.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1.    <u>Adequacy of the Disclosure Statement</u>.  The Disclosure Statement is hereby approved on a final basis as containing adequate information within the meaning of 11 U.S.C. § 1125 and contains sufficient information of a kind necessary to satisfy the disclosure requirements of any applicable non-bankruptcy laws, rules and regulations.

2.    <u>Confirmation of the Plan</u>.  The Plan, the provisions and terms and conditions thereof including the amended Causes of Action List, are hereby approved and confirmed as having satisfied all of the requirements of chapter 11 of the Bankruptcy Code.  A copy of the

#44768451 v3

Combined Plan and Disclosure Statement, dated August 1, 2017, is attached hereto as **Exhibit 1**.[5]

3.    Incorporation of Terms and Provisions of Plan.  The terms and provisions of the Plan are incorporated by reference into and are an integral part of this Confirmation Order.  Each term and provision of the Plan is valid, binding and enforceable as though fully set forth herein. The provisions of the Plan and this Confirmation Order, including the findings of fact and conclusions of law set forth herein, are non-severable and mutually dependent.  The failure specifically to include or reference any particular term or provision of the Plan in this Confirmation Order shall not diminish or impair the effectiveness of such term and provision, it being the intent of the Bankruptcy Court that the Plan be confirmed in its entirety.

4.    Overruling of Objections.  Any formal or informal objections or responses, and statements and comments, in opposition to or inconsistent with the Plan, to the extent not already withdrawn, waived or settled, and all reservations of rights included therein, shall be, and are hereby overruled in their entirety.   All withdrawn objections are deemed withdrawn with prejudice.

5.    Binding Effect.  Pursuant to section 1141 of the Bankruptcy Code, effective on the Effective Date, and except as expressly provided in this Confirmation Order, the Plan and its provisions shall be binding upon and inure to the benefit of the Debtors, the Post-Effective Date Debtors, the Plan Administrator, all present and former Holders of Claims and Equity Interests, whether or not such Holders shall receive or retain any property or interest in property under the

---

[5]    The amended Causes of Action List [Docket No. 511] is attached as Exhibit 1 to the Combined Plan and Disclosure Statement rather than the Causes of Action List originally filed on August 1, 2017 with the Combined Plan and Disclosure Statement.

#44768451 v3

Plan, and their respective successors and assigns, and all other parties in interest in the Chapter 11 Cases.

6.    Notice.  Good and sufficient notice of the Confirmation Hearing and the deadline for filing and serving objections to the (i) final approval of the Disclosure Statement; and (ii) Confirmation of the Plan has been provided, which notice is hereby approved.

7.    Plan Classification Controlling.  Unless otherwise set forth herein, the terms of the Plan shall solely govern the classification of Claims and Equity Interests for purpose of the distributions to be made thereunder.  The classification set forth on the Ballot in connection with voting on the Plan: (i) was set forth on the Ballot solely for purposes of voting to accept or reject the Plan; (ii) does not necessarily represent, and in no event shall be deemed to modify or otherwise affect, the actual classification of such Claims under the Plan for distribution purposes; (iii) may not be relied upon by any Creditor as representing the actual classification of such claims under the Plan for distribution purposes; and (iv) shall not be binding on the Debtors, the Post-Effective Date Debtors or the Plan Administrator for purposes other than voting.

8.    Revised Definition of Released Parties.  The definition of Released Parties, as set forth in Article I.B.(90) of the Plan, is revised and replaced in its entirety as follows:

> **"Released Parties"** means, collectively, (i) the Debtors and their Estates, (ii) current or former employees of the Debtors, (iii) the Committee and its members and (iv) the Debtors' bankruptcy attorneys and/or restructuring advisors consisting of Pepper Hamilton LLP and its partners, associates and employees, Carroll Services LLC and James Patrick Carroll, Leerink Partners LLC and Donlin, Recano & Co., Inc. The definition of Released Parties (a) shall not include the current or former officers or directors of the Debtors including, without limitation, Dr. David G. Bostwick or anyone, whether or not a Released Party, currently or previously associated with, affiliated with or employed by Metalmark; or (b) with respect to the Debtors' current or former employees shall not extend to any legal, equitable or statutory defenses held by the Debtors or the Debtors' Estates to any claims asserted by such

-17-

current or former employees against the Debtors or the Debtors' Estates including, without limitation, rights of set-off.

9.      Exculpation.    The exculpation provisions of Article XIII.A of the Plan are approved, are incorporated by reference into and are an integral part of this Confirmation Order. Such provisions shall be effective in accordance with their terms.

10.      Release.    The release provisions of Article XIII.B of the Plan are approved, are incorporated by reference into and are an integral part of this Confirmation Order.    Such provisions shall be effective in accordance with their terms.

11.      Injunction.    The injunction provisions of Articles XIII.C of the Plan are approved, are incorporated by reference into and are an integral part of this Confirmation Order.    Such provisions shall be effective in accordance with their terms.

12.      Plan Implementation Authorization.    All implementing actions required or contemplated by the Plan, including the appointment of the Plan Administrator and Oversight Committee, are hereby authorized and approved in all respects in accordance with the Plan.    The Plan Administrator is authorized to take any action as may be necessary or appropriate to effectuate and further evidence the terms and conditions of the Plan, whether or not specifically referred to in the Plan or any exhibit thereto, without further order of the Bankruptcy Court or further action by the Debtors, the Post-Effective Date Debtors or any other person.

13.      Governmental Approvals Not Required.    This Confirmation Order shall constitute all the approvals and consents required, if any, by the laws, rules or regulations of any state or any other governmental authority with respect to the implementation or consummation of the Plan and any documents, instruments or agreements, and any amendments or modifications thereto, and any other acts referred to in or contemplated by the Plan, the Disclosure Statement and any documents, instruments or agreements, and any amendments or modifications thereto.

#44768451 v3

14.    <u>Dissolution of the Committee</u>.  Upon the occurrence of the Effective Date, the Committee shall dissolve automatically, whereupon its members, professionals and agents shall be released from any duties and responsibilities in these Chapter 11 Cases and under the Bankruptcy Code (except with respect to (i) obligations arising under confidentiality agreements, which shall remain in full force and effect; (ii) applications for payment of fees and reimbursement of expenses of professionals; and (iii) any pending motions or motions for other actions seeking enforcement of implementation of the provisions of the Combined Plan and Disclosure Statement).

15.    <u>Dissolution of the Debtors</u>.  The Plan Administrator shall take all actions necessary to effect the dissolution of the Debtors, without the need for any further Bankruptcy Court action or approval.

16.    <u>Exemption from Certain Transfer Taxes</u>.  Pursuant to section 1146(a) of the Bankruptcy Code, any transfers of property pursuant to the Combined Plan and Disclosure Statement shall not be subject to any document recording tax, stamp tax, conveyance fee, intangibles or similar tax, mortgage tax, real estate transfer tax, mortgage recording tax or other similar tax or governmental assessment, and this Confirmation Order shall and hereby does direct the appropriate state or local governmental officials or agents to forego the collection of any such tax or governmental assessment and to accept for filing and recordation instruments or other documents without the payment of any such tax or governmental assessment.  For the avoidance of doubt, no pre-confirmation transfers or sales qualify for an exemption pursuant to section 1146(a) of the Bankruptcy Code.

17.    <u>Applicable Non-Bankruptcy Law</u>. Pursuant to 11 U.S.C. §§ 1123(a) and 1142(a), the provisions of this Confirmation Order, the Plan, or any other amendments or modifications

#44768451 v3

thereto shall apply and be enforceable notwithstanding any otherwise applicable non-bankruptcy law.

18. <u>Approval of Rejection of Executory Contracts and Unexpired Leases</u>. Except as otherwise provided in the Plan, an order of this Bankruptcy Court, or in any contract, instrument, release or other agreement or document entered into in connection with the Plan, each of the Executory Contracts and Unexpired Leases to which the Debtors are a party shall be deemed automatically rejected by the Debtors as of the Effective Date pursuant to this Confirmation Order, unless such contract or lease (i) previously has been assumed or rejected by the Debtors; (ii) expired or terminated pursuant to its own terms; or (iii) is a subject of a motion to assume or reject pending before the Bankruptcy Court as of the Confirmation Date <u>provided, however,</u> that nothing contained in the Plan shall constitute an admission by the Debtors that any such contract is an Executory Contract or Unexpired Lease or that the Debtors or the Post-Effective Date Debtors or their successor and assigns have any liability thereunder. For the avoidance of doubt, no interest of the Debtors or their Estates in any policy of insurance is rejected.

19. <u>Claims Based on Rejection of Executory Contracts and Unexpired Leases</u>. Claims created by the rejection of Executory Contracts and Unexpired Leases pursuant to Article XIV of the Plan must be filed with Donlin Recano & Company, Inc., the Debtors' claims agent, by no later than thirty (35) days after entry of this Confirmation Order. Except as expressly provided in the Plan or this Confirmation Order, any Claims arising from the rejection of an Executory Contract or unexpired lease pursuant to Article XIV of the Plan for which Proofs of Claim are not timely filed within that time period will be forever barred from assertion against the Debtors or their Estates. Unless otherwise ordered by the Bankruptcy Court, all Claims

-20-

arising from the rejection of Executory Contracts and Unexpired Leases shall be treated as General Unsecured Claims under the Plan.

20.     <u>The Plan Administrator</u>.  On the Effective Date, the Plan Administrator shall be appointed and thereafter shall serve in accordance with the terms of the Combined Plan and Disclosure Statement.  The designation of James Patrick Carroll of Carroll Services LLC as the Plan Administrator is approved.  The Plan Administrator shall have all of the rights, powers, duties and protections afforded the Plan Administrator under the Combined Plan and Disclosure Statement.

21.     <u>The Liquidating Trust Committee</u>.  The appointment of (i) Leica Biosystems Division of Leica Microsystems, Inc. and (ii) CLB 100, LLC to the Oversight Committee is hereby approved. Each member of the Oversight Committee shall have all rights, powers, duties and protections afforded the Oversight Committee and its members under the Combined Plan and Disclosure Statement.

22.     <u>Retention and Preservation of Causes of Action</u>.  Pursuant to the Plan, the Causes of Action, the list of which is filed as Docket No. 511 and annexed to the Combined Plan and Disclosure Statement as Exhibit A, shall be and are hereby preserved and retained.  The Plan Administrator on behalf of the Post-Effective Date Debtors shall have the right to prosecute any and all Causes of Action against any Entity, except as otherwise expressly provided in the Combined Plan and Disclosure Statement.  Unless any Causes of Action against an Entity are expressly waived, relinquished, exculpated, released, compromised or settled in the Plan or a Bankruptcy Court order, the Post-Effective Date Debtors expressly reserve all Causes of Action for later adjudication, and, therefore, no preclusion doctrine shall apply to such Causes of Action upon, after or as a consequence of the Confirmation or consummation of the Plan.

#44768451 v3

23.  Ratification of Distribution Record Date.  To facilitate the distribution process, the Bankruptcy Court hereby confirms that the Distribution Record Date applicable to Holders of Allowed Claims means the record date for the purpose of determining Holders of Allowed Claims entitled to receive Distributions under the Plan on account of Allowed Claims, which date shall be the date of the Confirmation Hearing or such other date as designated in an Order of the Bankruptcy Court.

24.  Effect of Conflict Between Plan and Confirmation Order.  The provisions of the Plan and of this Confirmation Order shall be construed in a manner consistent with each other so as to effect the purposes of each; provided, however, that if there is determined to be any inconsistency between any Plan provision and any provision of this Confirmation Order that cannot be so reconciled, then, solely to the extent of such inconsistency, the provisions of this Confirmation Order shall govern and any such provision of this Confirmation Order shall be deemed a modification of the Plan and shall control and take precedence.

25.  Modification.  The Plan may be modified in accordance with Article XVIII.E of the Plan.

26.  Reversal.  If any or all of the provisions of this Confirmation Order are hereafter reversed, modified or vacated by subsequent order of the Bankruptcy Court or any other court, in the absence of a stay of this Confirmation Order, such reversal, modification or vacatur shall not affect the validity of the acts or obligations incurred or undertaken in good faith under or in connection with the Plan prior to the Debtors', the Post-Effective Date Debtors' or Plan Administrator's receipt of written notice of any such order.  Notwithstanding any such reversal, modification or vacatur of this Confirmation Order, in the absence of a stay of this Confirmation Order, any such act or obligation incurred or undertaken in good faith pursuant to, and in reliance

#44768451 v3

on, this Confirmation Order prior to the effective date of such reversal, modification or vacatur shall be governed in all respects by the provisions of this Confirmation Order and the Plan or any amendments or modifications thereto.

27.    <u>Authorization to Consummate Plan</u>.  The Debtors are authorized to consummate the Plan at any time after the entry of this Confirmation Order subject to the satisfaction or waiver (by the required parties) of all other conditions precedent to the Effective Date set forth in the Plan.  The Plan shall only become effective on the Effective Date.

28.    <u>CMS Settlement Language</u>.

a.    <u>Claim Submission Deadline</u>.  Notwithstanding anything contained in the Combined Plan and Disclosure Statement or any other order, the Debtors shall submit to CMS all claims for payment on account of services rendered from and after the Petition Date through the termination of the transition services agreement (a "<u>Medicare Claim</u>") under 42 U.S.C. §§1395-1395lll and 42 C.F.R. Chapter IV and the implementing Medicare policies and procedures thereunder (the "<u>Medicare Statute and Regulations</u>") on or before **September 15, 2017** (the "<u>Claim Submission Deadline</u>").  Any appeal of CMS' denial of a Medicare Claim, whether partially or wholly denied, (a "<u>Denial Claim</u>") also must be initiated by the Claim Submission Deadline.  Any Medicare Claim or Denial Claim submitted by or on behalf of the Debtors after the Claim Submission Deadline is deemed waived and forever barred, and CMS shall have no obligation to process or pay such Medicare Claim.

b.    <u>Post-Petition Overpayments</u>.  Notwithstanding anything contained in the Combined Plan and Disclosure Statement or any other order, any notice of an overpayment determination by CMS related to any alleged post-petition overpayment made by CMS to the Debtors on account of services provided by the Debtors under the Medicare Statute and

-23-

Regulations from and after the Petition Date through termination of the transition services agreement (a "Post-Petition Overpayment") will be provided to the Debtors pursuant to the Medicare Statute and Regulations no later than **December 1, 2017**. Any appeal by the Debtors to CMS of any Post-Petition Overpayment must comply with the deadlines and requirements of the Medicare Statute and Regulations and be initiated no later than **January 15, 2018** or be forever barred. Any such timely appeal by the Debtors to CMS of any Post-Petition Overpayment will be processed, and if found in favor of the Debtors and previously recouped by CMS, the appropriate amount will be repaid to the Debtors in accordance with and governed by the Medicare Statutes and Regulations.

     c. Overpayment Notice.  In addition, CMS will create a separate additional notice in excel format (the "Overpayment Notice") specifying *each* Post-Petition Overpayment that has not been recouped by CMS in the ordinary course of business (a "Non-Recouped Post-Petition Overpayment") and will include (i) the date of service provided by the Debtors under the Medicare Statute and Regulations; (ii) the date CMS made the alleged overpayment to the Debtors (iii) the amount of the alleged overpayment made by CMS to the Debtors and (iv) if applicable, the date CMS provided the Debtors the notice of an overpayment determination. The Overpayment Notice shall also include the total amount asserted by CMS against the Debtors on account of  the Non-Recouped Post-Petition Overpayments (the "Aggregate Post-Petition Overpayment Claim"). The Overpayment Notice shall be emailed to the Plan Administrator, Jim Carroll (jim.carroll@carrollservicesllc.com), counsel for the Debtors, Evelyn J. Meltzer (meltzere@pepperlaw.com) and counsel to Poplar Healthcare, E. Franklin Childress, Jr. (fchildress@bakerdonelson.com) no later than **December 15, 2017**.

#44768451 v3

     d.    <u>CMS's Asserted Administrative Expense Claim</u>.  Solely to the extent of service of the Overpayment Notice in accordance with the paragraph above, the United States shall be deemed to have asserted an Administrative Expense Claim against the Debtors in the amount of the Aggregate Post-Petition Overpayment Claim and the United States need not file any motion, proof of claim or other application with the Bankruptcy Court to assert such claim.

     e.    <u>Funding by Poplar Healthcare</u>.  No later than **January 8, 2018**, Poplar Healthcare shall pay to the Debtors that portion of the Administrative Expense Claim asserted by the United States on account of Non-Recouped Post-Petition Overpayments for the period after May 4, 2017 through the termination of the transition services agreement.

     f.    <u>Appeal of Non-Recouped Post-Petition Overpayment</u>.  To ensure availability of funds to compensate CMS in the event of any unsuccessful appeal(s) related to a Non-Recouped Post-Petition Overpayment, the Debtors shall hold in the Claims Reserve an amount equaling the appealed Non-Recouped Post-Petition Overpayments.

     g.    <u>CMS's Allowed Administrative Expense Claim.</u>  Any Non-Recouped Post-Petition Overpayment that is (i) not timely appealed by the Debtors by January 15, 2018 or (ii) timely appealed by the Debtors by January 15, 2018 but upheld on appeal will be treated by the Debtors as an Allowed Administrative Expense Claim; <u>provided</u>, <u>however</u>, that such claim may be reduced to the extent the United States agrees it has been satisfied by other means.

     h.    <u>Release of Funds from Claims Reserve</u>.  Upon (i) resolution of an appeal of a Non-Recouped Post-Petition Overpayment in favor of the Debtors (the "<u>Successful Appeal Amount</u>") or (ii) agreement of the United States that some or all of its Administrative Expense Claim has been satisfied by other means (the "<u>Satisfied Amount</u>"), the Debtors shall release from the Claims Reserve on a dollar for dollar basis the Successful Appeal Amount or Satisfied

#44768451 v3

Amount.  The Debtors shall remit on a dollar for dollar basis to Poplar Healthcare solely that portion of the Successful Appeal Amount or Satisfied Amount related to the period after May 4, 2017 through the termination of the transition services agreement.

           i.          <u>Final DIP Order</u>.  Except to the extent provided in this Confirmation Order, nothing in the Combined Plan and Disclosure Statement or any other order shall effect the rights and obligations of the Debtors, Poplar Healthcare and CMS under the *Final Order Pursuant to Sections 105, 361, 362, 363(c), 364(c)(1), 364(c)(2), 364(d)(1), 364(e) and 507 of the Bankruptcy Code Authorizing Bostwick Laboratories, Inc. to (A) Obtain Post-Petition Secured Financing From Poplar Healthcare, PLLC; (B) Utilize Cash Collateral and (C) Provide for Adequate Protection* [Docket No. 170].

        29.    <u>Supplemental Administrative Claims Bar Date</u>.  Requests for payment of Administrative Claims (other than Professional Fee Claims) that arose, accrued or otherwise became due and payable at any time on or after May 5, 2017 but on or before the Effective Date (the "<u>Supplemental Administrative Claims Period</u>") must be filed with the Bankruptcy Court and served on the Debtors or Post-Effective Date Debtors, as applicable, no later than thirty (30) day after the Effective Date (the "<u>Supplemental Administrative Claims Bar Date</u>").  Holders of Administrative Claims that arose, accrued or otherwise become due during the Supplemental Administrative Claims Period that do not file requests for the allowance and payment thereof on or before the Supplemental Administrative Claims Bar Date shall forever be barred from asserting such Administrative Claims against the Debtors or the Post-Effective Date Debtors. Unless the Debtors, Post-Effective Date Debtors or any other party in interest objects to an Administrative Claim by the Claims Objection Deadline, such Administrative Claim shall be deemed Allowed in the amount requested.  In the event that the Debtors, Post-Effective Date

#44768451 v3

Debtors or any other party in interest objects to an Administrative Claim, and the Administrative Claim is not otherwise resolved, the Bankruptcy Court shall determine the Allowed amount of such Administrative Claim.

30.    <u>Bar Date for Professional Fee Claims</u>.    All final requests for payment of a Professional Fee Claim (the "<u>Final Fee Applications</u>") must be filed no later than thirty (30) days after the Effective Date; <u>provided,</u> <u>however,</u> that any professional who may receive compensation or reimbursement of expenses pursuant to the OCP Order may continue to receive such compensation and reimbursement of expenses for services rendered before the Effective Date, without further Bankruptcy Court review or approval, pursuant to the OCP Order.

31.    <u>Notice of Entry of the Confirmation Order and the Occurrence of the Effective Date</u>.  Within five (5) Business Days following the occurrence of the Effective Date, the Post-Effective Date Debtors shall serve notice of the entry of this Confirmation Order and the occurrence of the Effective Date (the "<u>Notice of Effective Date</u>"), substantially in the form attached hereto as **Exhibit 2**, which form is hereby approved, on all Creditors and parties in interest in the Chapter 11 Cases.  Notwithstanding the foregoing, no service of the Notice of Effective Date shall be required to be made upon any Person to whom the Debtors mailed a (i) notice of the meeting of Creditors under section 341 of the Bankruptcy Code; (ii) notice of the bar date for filing Proofs of Claim; or (iii) solicitation package or other solicitation-related notice and received any such notice or materials returned by the United States Postal Service marked "undeliverable as addressed," "moved-left no forwarding address," "forwarding order expired" or similar marking or reason, unless the Debtors have been informed in writing by such person of that Person's new address.  Service of the Notice of Effective Date described herein in the time

#44768451 v3

and manner set forth herein shall constitute due, adequate and sufficient notice, and no other or further notice shall be necessary.

32.   Post-Effective Date Notice Pursuant to Bankruptcy Rule 2002.   After the Effective Date, any Entities or Persons that want to continue to receive notice in the Chapter 11 Cases must file a renewed request to receive documents pursuant to Bankruptcy Rule 2002 no later than thirty (30) days after the Effective Date of the Combined Plan and Disclosure Statement; provided, however; that the United States Trustee shall be excused from this requirement and shall remain on the Bankruptcy Rule 2002 service list.  To the extent a renewed request is not timely filed with the Bankruptcy Court, the Post-Effective Date Debtors are authorized to limit notice and not include such Entities or Persons on any post-Effective Date Bankruptcy Rule 2002 service list.

33.   Substantial Consummation.   Substantial consummation of the Plan shall be deemed to occur on the Effective Date.

34.   Final Decree; Dissolution.   Upon the full liquidation, administration, and distribution of assets in accordance with the Plan and the full performance of all other duties and functions of the Plan Administrator, including the dissolution of the Debtors, the Plan Administrator shall request that the Bankruptcy Court enter an order closing the Chapter 11 Cases pursuant to section 350(a) of the Bankruptcy Code.

35.   Continuation of Automatic Stay.   Except as otherwise expressly provided in the Plan, this Confirmation Order, or a separate Order of this Bankruptcy Court, all injunctions or stays provided for in the Chapter 11 Cases under sections 105 or 362 of the Bankruptcy Code, or otherwise, and in existence on the Confirmation Date, shall remain in full force and effect.

#44768451 v3

36.    <u>Retention of Jurisdiction</u>.  Pursuant to sections 105(a) and 1127 of the Bankruptcy Code, this Bankruptcy Court shall retain and have exclusive jurisdiction over any matters arising out of, or related to, the Chapter 11 Cases and the Plan to the fullest extent permitted by law, including, without limitation, (i) all matters set forth in Article XVII of the Plan and (ii) all other matters and for all such other purposes as may be necessary or useful to aid in the consummation and implementation of the Plan.

37.    <u>Final Order</u>.  Notwithstanding Bankruptcy Rules 3020(c), 6004(h), 6006(d) and 7062, or any other applicable Bankruptcy Rule, the Bankruptcy Court finds that there is no reason for delay in the implementation of this Confirmation Order, and, thus this Confirmation Order shall be effective and enforceable immediately upon entry.

Dated: September 15, 2017

The Honorable Brendan Linehan Shannon
Chief United States Bankruptcy Judge

#44768451 v3