# Exhibit A

## Proposed Form of Order

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: <br><br> Bostwick Laboratories, Inc., *et al.*,[1] <br><br> Post-Effective Date Debtors. | Chapter 11 <br><br> Case No. 17-10570 (BLS) <br><br> (Jointly Administered) <br><br> Re: Docket No. _____ |

## ORDER GRANTING PLAN ADMINISTRATOR'S FOURTH OMNIBUS (SUBSTANTIVE) OBJECTION TO CERTAIN REDUCE AND ALLOW CLAIMS AND NO LIABILITY CLAIMS

Upon consideration of the *Plan Administrator's Fourth Omnibus (Substantive) Objection to Certain Reduce and Allow Claims and No Liability Claims* (the "Objection");[2] and this Court having jurisdiction to consider the Objection pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order; and this Court having found that venue of these Chapter 11 Cases and the Objection in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having determined that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having determined that the relief requested in the Objection is in the best interests of the Debtors, their estates, their creditors and other parties in interest; and this Court having determined that notice of the Objection was good and sufficient upon the particular circumstances and that no other or further notice need be given; and upon the record herein; and after due deliberation thereon and good and sufficient cause appearing therefor; it is hereby:

ORDERED, ADJUDGED, AND DECREED THAT:

1. The Objection is GRANTED.

---

[1] The Post-Effective Date Debtors are the following entities (last four digits of EIN in parentheses): (i) Bostwick Laboratories, Inc., a Delaware corporation (3169); and (ii) Bostwick Laboratories Holdings, Inc., a Delaware corporation (1042). The current mailing address for the Post-Effective Date Debtors is James P. Carroll as the Plan Administrator, c/o Carroll Services LLC, 4450 Bonita Beach Road, Suite 9, Bonita Springs, FL 34134.

[2] All capitalized terms not defined herein shall have the meanings ascribed to them in the Objection.

2. Each of the Reduce and Allow Claims listed on <u>Exhibit 1</u> attached hereto is reduced and allowed in the amounts as set forth under the heading labeled "Modified Claim Amount," and the No Liability Claims identified on <u>Exhibit 2</u> attached hereto under the heading "Claim Number," are disallowed and expunged in full.

3. Pursuant to Local Rule 3007-1(e), nothing in this Order shall be construed to prejudice the rights of the Debtors, or any other party in interest to object to any Remaining Claim on any other ground, including objection to classification or amount asserted.

4. The objection to each Claim addressed in the Objection constitutes a separate contested matter as contemplated by Bankruptcy Rule 9014. This Order shall be deemed a separate order with respect to each claim. Any stay of this Order pending appeal by any of the claimants subject to this Order shall only apply to the contested matter that involves such claimant and shall not act to stay the applicability and/or finality of this Order with respect to the other contested matters covered hereby.

5. The Court shall retain jurisdiction over all affected parties to determine any matters, claims, or rights arising from or related to the implementation and interpretation of this Order.

Dated: _____, 2018
Wilmington, Delaware

_____
HONORABLE BRENDAN LINEHAN SHANNON
UNITED STATES BANKRUPTCY JUDGE

# Exhibit 1

## Reduce and Allow Claims

| Name of Claimant | Claim Number | Claim Amount | Modified Claim Amount | Reason for Modification |
|---|---|---|---|---|
| Laboratory Corporation of America | 28 | $14,133.34 | $13,775.00 | Upon information and belief and pursuant to Debtors' books and records, claim number 28 should be reduced to $13,775.00. |
| Staples | 23 | $32,146.03 | $26,998.38 | Upon information and belief and pursuant to Debtors' books and records, claim number 23 should be reduced to $26,998.38 because there was a payment of $5,147.65 by Bostwick Laboratories, Inc. on April 7, 2017. |
| Stony Brook Pathologists, UFPC | 64 | $14,350.00 | $10,511.29 | Upon information and belief and pursuant to Debtors' books and records, claim number 64 should be reduced to $10,511.29 because there was a payment of $3,838.71 by Bostwick Laboratories, Inc. on April 20, 2017. |

## Exhibit 2

## No Liability Claims

| Name of Claimant | Claim Number | Claim Amount/Type of Claim | Reason for Disallowance |
|---|---|---|---|
| Cardinal Health 200, LLC | 73.01 | $3,236.65 (Secured Claim) | Upon information and belief and pursuant to Debtors' books and records, claim number 73.01 is not enforceable against the Debtors or their property under any agreement or applicable law. |
| Cardinal Health 200, LLC | 73.02 | $12,438.12 (General Unsecured Claim) | Upon information and belief and pursuant to Debtors' books and records, claim number 73.02 is not enforceable against the Debtors or their property under any agreement or applicable law. |
| Cornerstone OnDemand Inc. | 57 | $11,000.00 (General Unsecured Claim) | Upon information and belief and pursuant to Debtors' books and records, claim number 57 is not enforceable against the Debtors or their property under any agreement or applicable law. Further, the invoice attached to claim number 57 is dated June 27, 2017, which is after the sale of the substantially all of the Debtors' assets and therefore, if valid, constitutes a liability of the Debtors' purchaser, Poplar Healthcare, PLLC. Further, to the extent that the Claimant is asserting an obligation by the Debtors' estates, the claim arose after the Petition Date. Cornerstone OnDemand Inc. failed to file this claim as an Administrative Expense Claim (as defined in |

| Hewlett Packard Financial Services | 136 | $15,030.21 (General Unsecured Claim) | the Plan) by the Administrative Expense Bar Date (as defined in the Plan).[1] Therefore, the Debtors are not liable for any amount owed and due to Cornerstone OnDemand Inc. |
| | | | Upon information and belief and pursuant to Debtors' books and records, claim number 136 is not enforceable against the Debtors or their property under any agreement or applicable law. |

-2-

---

[1] *See* Dkt. No. 449.