## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>Bostwick Laboratories, Inc., *et al.*,[1]<br><br>Post-Effective Date Debtors. | Chapter 11<br><br>Case No. 17-10570 (BLS)<br><br>Jointly Administered<br><br>**Response Deadline:  September 28, 2018 at 4:00 p.m.**<br>**Hearing Date: October 25, 2018 at 11:00 a.m.** |

## MOTION OF PLAN ADMINISTRATOR FOR ENTRY OF AN
## ORDER EXTENDING THE CLAIMS OBJECTION DEADLINE

James P. Carroll, solely in his capacity as the plan administrator ("Plan Administrator")

for the above-captioned, post-effective date debtors ("Debtors"), hereby files this motion (the

"Motion") seeking entry of an order extending by 180 days, or such longer period as may be

established by the Court, the time that the Plan Administrator may object to claims in this

chapter 11 case, without prejudice to the rights of the Plan Administrator to seek further

extensions of such deadline.  In support of this Motion, the Plan Administrator respectfully

represents as follows:

### JURISDICTION AND VENUE

1.      This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157

and 1334, and Article XVII of the Plan (defined below).  This is a core proceeding pursuant to 28

U.S.C. § 157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The predicates for the relief requested herein are section 105 of chapter 11 of title

11 of the United States Code (the "Bankruptcy Code"), Rule 9006 of the Federal Rules of

---

[1] The Post-Effective Date Debtors are the following entities (last four digits of EIN in parentheses): (i) Bostwick Laboratories, Inc., a Delaware corporation (3169); and (ii) Bostwick Laboratories Holdings, Inc., a Delaware corporation (1042).  The current mailing address for the Post-Effective Date Debtors is James P. Carroll as the Plan Administrator, c/o Carroll Services LLC, 4450 Bonita Beach Road, Suite 9, Bonita Springs, FL 34134.

Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), Rule 9006-2 of the Local Rules of Bankruptcy

Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the

"<u>Local Rules</u>"), and Article XI.E of the Plan.

      3.      Pursuant to Local Rule 9013-1(f), the Plan Administrator consents to the entry of

a final judgment or order with respect to the Motion if it is determined that the Court, absent

consent of the parties, cannot enter final orders or judgments consistent with Article III of the

United States Constitution.

<strong><u>PROCEDURAL BACKGROUND</u></strong>

      4.      On March 15, 2017 (the "<u>Petition Date</u>"), the Debtors each filed a voluntary petition

for relief under chapter 11 of the Bankruptcy Code (the "<u>Chapter 11 Cases</u>").  The factual

background regarding the Debtors, including their business operations, their capital and debt

structures, and the events leading to the filing of the Chapter 11 Cases, is set forth in detail in the

*Declaration of Tammy Hunt in Support of Chapter 11 Petitions and First Day Pleadings*,[2] fully

incorporated herein by reference.

      5.      On March 23, 2017, the United States Trustee for the District of Delaware appointed

an Official Committee of Unsecured Creditors.[3]  No trustee or examiner was requested or appointed

in the Chapter 11 Cases.

      6.      On July 11, 2017 the Debtors initiated a process to confirm a chapter 11 plan (as

amended, the "<u>Plan</u>").[4]  The Court entered an order on (i) August 1, 2017 approving the Debtors'

combined disclosure statement and Plan for solicitation purposes,[5] and (ii) September 15, 2017

---

[2] Dkt. No. 3.

[3] Dkt. No. 84.

[4] Dkt. Nos. 383, 384, 449 and 547-1.

[5] Dkt. No. 446.

confirming the Plan.[6]  The effective date of the Plan occurred on October 2, 2017 (the "Plan Effective Date").[7]

7.      The Plan Administrator was appointed under Article X of the Plan to, among other things, reconcile and object to proofs of claim as necessary, complete the liquidation and distribution of the Debtors' assets to creditors holding allowed claims against the Debtors, and otherwise wind up the affairs of each of the Debtors.[8]

8.      The Plan provides that the Plan Administrator has the authority to object to and reconcile claims subject to a "Claims Objection Deadline" defined as the first business day that is 180 days after the Plan Effective Date.[9]  The Plan further provides that the Claims Objection Deadline may be extended by the Court on notice and motion by the Plan Administrator.[10]

9.      On March 16, 2018, the Plan Administrator filed his *Motion of Plan Administrator for Entry of an Order Extending the Claims Objections Deadline* seeking entry of an order extending the Claims Objection Deadline under the Plan by 180 days from March 29, 2018 through and including September 25, 2018, or such longer period as may be established by the Court (the "First Extension Motion").

10.      On April 5, 2018, the Court granted the First Extension Motion resulting in a new Claims Objection Deadline of September 25, 2018 (the "First Extension Order").[11]

---

[6] Dkt. No. 547.

[7] Dkt. No. 560.

[8] Plan, at Art. X.

[9] Plan, at Articles XI.E and I.26.

[10] *Id.*

[11] Dkt. No. 646.

11.     On May 10, 2018, the Court granted the *Plan Administrator's First Omnibus (Non-Substantive) Objection to Certain (A) Duplicate and (B) Amended and Superseded Claims* (the "First Omnibus Objection Order").[12]

12.     On May 29, 2018, the Court granted the *Plan Administrator's Second Omnibus (Substantive) Objection to Certain (A) Misclassified Claim, (B) No Liability Claims, (C) Superseded Claims and (D) Reduce and Allow Claims* (the "Second Omnibus Objection Order").[13]

13. On September 11, 2018, the Plan Administrator filed the *Plan Administrator's Third Omnibus (Non-Substantive) Objection to Certain (A) Amended and Superseded Claims and (B) No Liability Claims* (the "Third Omnibus Objection") and the *Plan Administrator's Fourth Omnibus (Substantive) Objection to Certain Reduce and Allow Claims and No Liability Claims* (the "Fourth Omnibus Objection").[14]

## RELIEF REQUESTED

14.     By this Motion, the Plan Administrator seeks an order extending the Claims Objection Deadline by an additional 180 days from September 25, 2018 through and including March 24, 2019, or such longer period as may be established by the Court, without prejudice to the rights of the Plan Administrator to seek further extensions of such Claims Objection Deadline.

---

[12] Dkt. No. 654.

[13] Dkt. No. 661.

[14] Dkt. Nos. 674 & 675.

DOCS_DE:221076.1 10329/001

**BASIS FOR RELIEF**

15.     The Plan authorizes the Plan Administrator, in his discretion, to move to extend

the Claims Objection Deadline.[15]  In addition, Bankruptcy Rule 9006(b)(1) provides that the

Court can extend unexpired time periods, as follows:

> [W]hen an act is required or allowed to be done at or within a specified
> period . . . by order of court, the court for cause shown may at any time in
> its discretion (1) with or without motion or notice order the period
> enlarged if the request therefore is made before expiration of the period
> prescribed or as extended by a previous order . . . .

Fed. R. Bankr. P. 9006(b)(1).

16.     The Plan Administrator's request to further extend the Claims Objection Deadline

is being made before the expiration of the current Claims Objection Deadline and, the Plan

Administrator respectfully asserts that cause exists to extend such deadline.

17.     Although "cause" is not defined in Bankruptcy Rule 9006(b)(1), it has been noted

that "courts should be liberal in granting extensions of time sought before the period to act has

elapsed, as long as the moving party has not been guilty of negligence or bad faith and the

privilege of extensions has not been abused . . . ."  10 COLLIER ON BANKR. P. 9006.06 (16th Ed.

2017).  As discussed below, good and sufficient cause exists to extend the Claims Objection

Deadline.

18.     Since the entry of the First Extension Order, the Plan Administrator and his

counsel have been working diligently to maximize the value of the Debtors' estates and resulting

distributions to the estates' actual creditors by, among other things, reviewing and reconciling

the claims register with the Debtors' books and records, drafting and filing claims objections,

---

[15] *Id.*

DOCS_DE:221076.1 10329/001

settling claims, and analyzing and pursuing, where appropriate, estates' various potential

preference claims and other avoidance actions.  Following is a summary of those efforts to date:

- On May 10, 2018, the Court entered the First Omnibus Objection Order, which resulted in the disallowance and/or expungement, as applicable, of certain claims.[16]

- As of the Plan Effective Date, a combination of alleged administrative and general unsecured claims by the United States of America ("U.S.") in the aggregate amount of $64,865,412.20 remained unresolved.  On May 17, 2018, the Court approved that certain *Stipulation By and Between the Plan Administrator and United States of America* (the "U.S. Government Stipulation").[17]  The terms and conditions of the U.S. Government Stipulation resolved the pending and alleged claims held or believed to be held by the U.S. against the Debtors in the Chapter 11 Cases.  Specifically, the U.S. Government Stipulation provides that U.S. shall have an allowed General Administrative Expense Claim (as defined in the Plan) against the estates in the amount of $60,165.36, with all other U.S. claims against the Debtors deemed to have been withdrawn and not otherwise entitled to any distributions under the Plan.  In addition, the U.S. agreed that it will not file any new or amended proofs of claim against the Debtors on behalf of the Centers for Medicare and Medicaid Services ("CMS") and certain other agencies in connection with a prepetition settlement involving certain *qui tam* cases and an administrative overpayment proceeding with CMS.

- On May 29, 2018, the Court entered the Second Omnibus Objection Order, which resulted in the reclassification, reduction, disallowance and/or expungement, as applicable, of certain claims.[18]

- Pursuant to his authority under the Plan, the Plan Administrator entered into a confidential settlement agreement with claimants to reduce and allow a certain general unsecured non-priority claim and disallow other claims filed by such claimants in their entirety.  Under the terms and conditions of the settlement agreement, certain claims filed in an aggregate amount of $48,313,729.30 were consensually resolved resulting in an allowed general unsecured claim against the estates in the amount of $10,500,000.00.

- Similarly, the Plan Administrator entered into a settlement agreement with certain claimants where each of the claimants waived all rights, if any, to distributions or other recovery from the Debtors and their estates under the Plan or in the Chapter 11 Cases in exchange for obtaining coverage from certain insurance policies with

---

[16] Dkt. No. 654.

[17] Dkt. No. 658; *see* Dkt. No. 657.

[18] Dkt. No. 661.

respect to any actual or potential claims that may be asserted against such claimants.

- On July 20, 2018, the Court approved that certain *Stipulation By and Between the Plan Administrator, 100 Kings Point Road Associates Inc. and CLB 100, LLC with Respect to Proof of Claim No. 69* (the "Winbrook Stipulation"). [19] 100 Kings Point Road Associates Inc. and CLB 100, LLC (collectively, "Winbrook Management") served as the Debtors' former landlord of commercial office space located in Uniondale, New York. On June 22, 2017, Winbrook Management filed a proof of claim that was recorded on the Debtors' claim register as proof of claim number 69 for outstanding rent in the amount of $65,736.35 (the "Winbrook Claim"). As part of the ongoing claims reconciliation process, the Plan Administrator confirmed with Winbrook Management that the Winbrook Claim was satisfied pursuant to a third-party guarantee and that no outstanding claim remained against the Debtors' estates. As a result, pursuant to the Winbrook Stipulation, the Winbrook Claim was disallowed in its entirety.

- Since the entry of the First Extension Order, the Plan Administrator has reviewed and analyzed the estates' potential claims against various parties who may have received transfers subject to avoidance under section 547 of the Bankruptcy Code. As of the date of this Motion, the Plan Administer has sent demand letters to twelve transferees and has obtained a settlement from one of the transferees.

- On September 11, 2018, the Plan Administrator filed the Third Omnibus Objection and the Fourth Omnibus Objection, each seeking to reduce, disallow and/or expunge, as applicable, certain claims.

19.     The Plan Administrator has made significant progress in reconciling over $48 million in proofs of claim filed against the Debtors' estates. However, as outlined above, the Plan Administrator's primary task of maximizing value for the estates' creditors is not yet complete. The Plan Administrator believes the progress to date, and the actively continuing and further work undertaken or to be undertaken on behalf of the estates, warrants a further extension of the Claims Objection Deadline. The claims reconciliation process, due diligence surrounding potential preference and other avoidance actions, and the identification of other meaningful estate assets, are all well underway. The Plan Administrator believes that curtailing this process

---

[19] Dkt. No. 669; *see* Dkt. No. 668.

through the premature filing of claim objections, or stopping short all together, only serves to diminish recoveries flowing to creditors holding allowed claims.

20.     Finally, the requested extension of not less than 180 days (a) is reasonable, especially given that this Motion represents only the second such request by the Plan Administrator, (b) is consistent with extensions granted in other chapter 11 cases in this jurisdiction, and (c) will reduce the estates' administrative burn by permitting the Plan Administrator to pursue consensual resolutions of disputed claims and, when appropriate, file those objections and other actions that serve to maximize all possible value for the Debtors' estates and creditors.

## **NOTICE**

21.     Notice of this Motion has been provided pursuant to the post-confirmation service list, as follows: (i) the Office of the United States J. Caleb Boggs Federal Building, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801, Attn: Jane M. Leamy (jane.m.leamy@usdoj.gov); (ii) Plan Administrator, c/o Carroll Services LLC, 4450 Bonita Beach Road, Suite 9, Bonita Springs, FL 34134, Attn: James P. Carroll; and (iii) Pennsylvania-Department of Revenue, Office of the Attorney General, 21 S. 12th Street, 3rd Floor, Philadelphia, PA 19107, Attn: Christopher R. Momjian.

-8-

WHEREFORE, the Plan Administrator respectfully requests that the Court (a) enter an order granting the relief requested herein, substantially in the form attached hereto as Exhibit A; and (b) grant such other and further relief to the Debtors as the Court may deem just and proper.

Dated:  September 14, 2018
        Wilmington, Delaware

**PACHULSKI STANG ZIEHL & JONES LLP**

*/s/ Colin R. Robinson*

Colin R. Robinson (DE Bar No. 5524)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
Email: crobinson@pszjlaw.com

- and -

**SHEPPARD, MULLIN, RICHTER
& HAMPTON LLP**
Malani J. Cademartori (admitted *pro hac vice*)
30 Rockefeller Plaza
New York, New York  10112
Telephone: (212) 653-8700
Facsimile: (212) 653-8701
Email: mcademartori@sheppardmullin.com

*Attorneys for the Plan Administrator*